# EXHIBIT "2"

# 788321 CASE PLEADING VIEW

P1  CRESCENT CITY SURGICAL CENTRE
D1  HUMANA HEALTH BENEFIT PLAN OF LOUISIANA INC
D2  HUMANA
D3  HUMANA OF LOUISIANA
D4  HUMANA HEALTH PLAN INC
D5  HUMANA INSURANCE COMPANY

| DATE | | LIT | DESCRIPTION |
|------|---|-----|-------------|
| 10/05/2018 | 📄 | P1 | **FILE PETITION:DAMAGES** |
| 10/05/2018 | 📄 | P1 | **CIVIL CASE COVER SHEET - LA RS 13:4688** |
| 11/20/2018 | 📄 | D1 | **FILE ANSWER TO:PETITION FOR DAMAGES AND AFFIRMATIVE DEFENSES / HUMANA HEALTH BENEFIT PLAN OF LOUISIANA, INC., HUMANA HEALTH BENEFIT PLAN, INC., AND HUMANA INSURANCE COMPANY** |
| 01/09/2019 | 📄 | P1 | **FILE PRETRIAL PLEADINGS:MOTION TO SET STATUS CONFERENCE TO SELECT CUT OFF DATES AND TRIAL DATES [E/O 01/10/2019 - TELEPHONE/STATUS CONFERENCE SET FOR 2/6/19 AT 9:30 AM :PG]** |
| 01/28/2019 | 📄 | P1 | **FILE MOTION W/ DATE:EXPEDITED MOTION TO COMPEL WRITTEN DISCOVERY AND CORPORATE DEPOSITION** |
| 01/28/2019 | 📄 | P1 | **FILE EXHIBIT :A/LETTER DATED NOVEMBER 15, 2018** |
| 01/28/2019 | 📄 | P1 | **FILE EXHIBIT :B/LETTER DATE JANUARY 18, 2019** |
| 01/28/2019 | 📄 | P1 | **FILE EXHIBIT :C/PETITION FOR DAMAGES** |
| 01/28/2019 | 📄 | P1 | **FILE EXHIBIT :D/CASE BROCHURE** |
| 01/28/2019 | 📄 | P1 | **FILE EXHIBIT :1/EXECUTIVE SUMMARY** |
| 01/28/2019 | 📄 | P1 | **FILE EXHIBIT :2/CRESCENT CITY SURGICAL CENTRE IS A HOSPITAL** |
| 01/28/2019 | 📄 | P1 | **FILE EXHIBIT :3/APPLICABLE LAW** |
| 01/28/2019 | 📄 | P1 | **FILE EXHIBIT :4/THE FACTS** |
| 01/28/2019 | 📄 | P1 | **FILE EXHIBIT :5/QUANTUM** |
| 01/28/2019 | 📄 | P1 | **FILE EXHIBIT :6/VERDICT FORM** |
| 02/05/2019 | 📄 | D1 | **FILE MOTION W/O DATE:NOTICE OF ENROLLMENT AS ADDITIONAL COUNSEL OF RECORD [E/O 02/05/2019 - GRANTED :CMK]** |
| 02/06/2019 | 📄 | P1 | **FILE PRETRIAL PLEADINGS:EVIDENCE PRESENTATION SYSTEM OVERVIEW** |
| 02/06/2019 | 📄 | P1 | **FILE PRETRIAL PLEADINGS:PRE-TRIAL NOTICE** |
| 02/08/2019 | 📄 | P1 | **FILE MOTION W/O DATE:TO APPOINT SPECIAL PROCESS SERVER [E/O 02/08/2019 - GRANTED :CMK]** |

## 788321 CASE PLEADING VIEW

| 02/13/2019 | 📄 | D1 | **FILE MOTION W/ DATE:FOR PROTECTIVE ORDER [E/O 02/20/2019 - SHOW CAUSE ON 2/28/19 AT 9:30 AM :PG]** |
|---|---|---|---|
| 02/13/2019 | 📄 | D1 | **FILE MEMORANDUM:IN SUPPORT OF MOTION FOR PROTECTIVE ORDER** |
| 02/20/2019 | 📄 | D1 | **FILE OPPOSITION/OBJECTION:TO PLAINTIFF'S EXPEDITED MOTION TO COMPEL WRITTEN DISCOVERY AND CORPORATE DEPOSITION** |
| 02/25/2019 | 📄 | P1 | **FILE ANSWER TO:REPLY TO MOTION FOR PROTECTIVE ORDER/ CRESCENT CITY SURGICAL CENTER** |
| 02/25/2019 | 📄 | P1 | **FILE MEMORANDUM:PLAINTIFFS REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL WRITTEN DISCOVERY AND CORPORATE DEPOSITION** |
| 03/14/2019 | 📄 | P1 | **FILE AND ENTER JUDGMENT :PLAINTIFF'S MOTION TO COMPEL WRITTEN DISCOVERY AND DEFENDANT'S MOTION FOR PROTECTIVE ORDER** |
| 04/17/2019 | 📄 | P1 | **FILE MOTION W/ DATE:FOR CONTEMPT AND REQUEST FOR EXPEDITED HEARING** |
| 04/17/2019 | 📄 | P1 | **FILE EXHIBIT :B/ LETTER DATED 3/20/19** |
| 04/17/2019 | 📄 | P1 | **FILE EXHIBIT :A/ JUDGMENT AND PROTECTIVE ORDER** |

*128 pd 10-5-18 / county clk*

FILED FOR RECORD 10/05/2018 13:10:12
Shelley M. Mautterer, DY CLERK
JEFFERSON PARISH, LA

$35
$730
$112.08
$100.00

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO.: 788-321                                                    DIVISION *E*

CRESCENT CITY SURGICAL CENTRE

VERSUS

HUMANA HEALTH BENEFIT PLAN OF LOUISIANA, INC., (HUMANA, HUMANA OF LOUISIANA), HUMANA HEALTH PLAN, INC., AND HUMANA INSURANCE COMPANY

FILED: _____          DEPUTY CLERK: _____

## PETITION FOR DAMAGES

**NOW INTO COURT,** through undersigned counsel, comes plaintiff, CRESCENT CITY SURGICAL CENTRE (hereinafter referred to as "plaintiff" or "Crescent Hospital"), a limited liability company licensed to do and doing business in the Parish of Jefferson, State of Louisiana, who respectfully represents that:

### I.

Made Defendants herein are:

A.   HUMANA HEALTH BENEFIT PLAN OF LOUISIANA, INC., (HUMANA, HUMANA OF LOUISIANA), a Louisiana corporation licensed to do and doing business in this Parish and State;

B.   HUMANA HEALTH PLAN, INC., a Louisiana corporation licensed to do and doing business in this Parish and State; and

C.   HUMANA INSURANCE COMPANY, a Louisiana corporation licensed to do and doing business in this Parish and State.

### II. NATURE OF ACTION

1.   This case concerns plaintiff Crescent Hospital's state law breach of contract claim against defendants, Humana Health Benefit Plan of Louisiana, Inc., (Humana, Humana of Louisiana), Humana Health Plan, Inc., and Humana Insurance Company, (hereinafter referred to as "Defendants" or "Humana") for their continuing failure to pay plaintiff, Crescent Hospital, an appropriate amount of money for medical services provided by Crescent Hospital, which Humana agreed to pay.

2.    Despite Humana's representations, and the parties' ongoing agreement that Humana would pay the out-of-network provider's charges for medical services, Humana has breached its agreement and systematically reduced its payments to Crescent Hospital.

3.    Crescent Hospital, relying on Humana's statements and representations, provided quality services to Humana's customers, only to receive grossly insufficient payments. Given Humana's statements and representations, Crescent Hospital is entitled to recover an appropriate reasonable amount for medical services rendered to Humana's customers.

4.    Humana has engaged in systematic, sophisticated, and intentional conduct to avoid paying Crescent Hospital what it should pay for services rendered.

5.    Crescent Hospital has been severely injured and financially damaged as a result of Humana's unlawful actions.

6.    Despite repeated efforts by Crescent Hospital to amicably resolve these issues, its entreaties have been to no avail.

## III.  VENUE AND JURISDICTION

7. Venue is proper in this matter pursuant to Louisiana Code of Civil Procedure Arts. 42, 74 and 76.1. The defendants are entities doing substantial business in Louisiana.

## IV.  FACTUAL BACKGROUND

8.    Crescent Hospital provides surgical and related care to patients in the New Orleans area, and has over seventy board-certified physicians on its medical staff.

9.    Crescent Hospital regularly provided medical care to customers of Humana from 2011 through the present, even though the hospital is not within the network of Humana providers.

10.    Numerous Humana customers have chosen to receive their care at Crescent Hospital from its qualified surgeons and medical staff.

11.    Crescent Hospital's care is of the highest quality, and some of the best surgeons seek out opportunities to provide their surgical services there.

12.    Crescent Hospital's charges are fair and reasonable.

13.    Crescent Hospital has had an ongoing, consistent, and systematic business relationship with Humana.

14.    Each and every time before providing services to Humana customers, Crescent Hospital verifies Humana's agreement or offer to pay for services.

15.    Each and every time Crescent Hospital contacts Humana, it verifies that prospective patients are Humana customers that Humana will pay for medical bills for out of network medical services, such as those Crescent Hospital provides, and what percentage of medical bills Humana agrees and offers to pay.

16.    Each and every time, based on Humana's communication, Crescent Hospital provides medical services to Humana customers.

17.    After performing services to patients who are Humana's customers, Crescent Hospital timely provides to Humana a bill for services rendered, including a detailed itemization of services and supplies rendered in the course of such care, along with supporting documentation.

18.    Humana required that Crescent Hospital verify Humana's agreement or offer to pay, and the percentage of the bill Humana would pay by referring to Humana's web portal, Humana.com.

19.    Each and every time, Humana's statements regarding what it agreed or offered to pay and percentage of payment as stated on the web portal and otherwise, constitute affirmative representations regarding payment and its responsibility to Crescent Hospital for payment for services rendered by Crescent Hospital to Humana customers.

20.    With Humana.com, each and every time, Humana communicated to Crescent Hospital before Crescent Hospital provided medical services to Humana customers, the fact that Humana would pay and the percentage of the Crescent Hospital medical bill Humana would pay, and Humana expected Crescent Hospital to rely upon the information contained on Humana.com, and Crescent Hospital relied upon same and provided medical services to Humana customers.

21.    Each and every time after the medical services were performed by Crescent Hospital, Crescent Hospital prepared and sent a bill for services rendered to Humana. Humana consistently and systematically failed to pay what it agreed/offered or a reasonable amount, in violation of Louisiana Law.  Instead, Humana only paid cents on the dollar.

22.    Distilled, Humana has converted money it owed to Crescent Hospital to its own use.

23.    Each and every time Crescent Hospital relied upon and was entitled to rely upon to its detriment, Humana's web portal, and other statements made by Humana, whether oral or otherwise regarding Humana's agreement or offer to pay, and the percentage Humana offered or agreed to pay to Crescent Hospital for medical services rendered by Crescent Hospital to and for Humana customers.

24.    Humana published statements to Crescent Hospital that it will pay out-of-network providers a designated percentage of its medical bill.

25.    Despite Humana's confirmation that they would pay a designated percentage of Crescent Hospital's bill for out of network services, Humana engaged in a systematic, arbitrary and intentional effort to pay Crescent Hospital only cents on the dollar for services it rendered.

26.    Humana has engaged in a systematic and collusive practice aimed at reducing payments to out-of-network providers.

27.    Humana has consistently, systematically, and unreasonably paid Crescent Hospital for medical care, which it offered/agreed to pay Crescent Hospital, cents on the dollar.  This systematic and unlawful effort has resulted in Crescent Hospital's being underpaid by millions of dollars.

28.    Humana has failed to provide Crescent Hospital with any reasonable basis for its inadequate and extreme underpayments, illustrating that its actions are arbitrary, capricious, and with the purpose of financially harming Crescent Hospital.

29.    Crescent Hospital has been substantially damaged as a result of Humana's stream of unlawful activities.

Page 4 of 16

## V.  FIRST CAUSE OF ACTION

### BREACH OF CONTRACT - - FAILURE TO PAY A REASONABLE AMOUNT

30.    Crescent Hospital incorporates the foregoing paragraphs as if fully stated herein.

31.    Crescent Hospital does not claim or seek coverage or benefits on behalf of its patients, and expressly waives same, but instead seeks to enforce independent state law (and not federal law) legal duties that Humana owes directly to Crescent Hospital. Crescent Hospital specifically refuses to plead and expressly waives any rights it may have against Humana under any and all federal laws, either independently or on behalf of its patients. *Omega Hosp., LLC v. La. Health Serv. & Indem. Co.*, No. CIV. A. 13-21, 2013 WL 5236625, at *(E.D. La. Sept. 16, 2013), rev'd in part sub nom. *Omega Hosp., L.L.C. v. La. Health Serv. & Indem. Co.*, 592 F. App'x 268 (5th Cir. 2014); *Crescent City Surgical Centre v. La. Health Serv. & Indem. Co.*, No. 17-10211 (E.D. La. Oct. 11, 2017).

32.    Crescent Hospital is an independent party. Its claims are based on its status as an out-of-network health provider for medical services rendered, which Humana agrees to pay for and does pay (though extremely underpays) Crescent Hospital, and are not based on any assignment of benefits from its patients. Crescent Hospital specifically refuses to plead and expressly waives any rights it may have against Humana under any and all federal laws, either independently or on behalf of its patients.

33.    Crescent Hospital's claims are not based on the "relationship between the insured and insurer," but upon Humana's solicitation and knowing acceptance of Crescent Hospital's services.

34.    Each and every time a contract was formed by the consent of the parties (Crescent Hospital and Humana) established through offer and acceptance.

35.    An enforceable contract requires a meeting of the minds, which there was each and every time.

36.     Once an offer is made, consent to a contract need not be expressed in words but may be implied by actions of the parties, as it was here each and every time from 2011 through the present:

A.     Crescent Hospital and Humana have an ongoing, consistent and systematic business relationship.

B.     More particularly, Humana offered to pay Crescent Hospital for the medical services provided Humana customers. Each and every time the arrangement between the parties to the transactions underlying this lawsuit are routine and familiar, in that the same process of business, contract, billing and extreme underpayment occurs.

C.     Humana communicates to Crescent Hospital, which will be rendering those medical services, the percentage of the Crescent Hospital medical bill it agrees to pay for services rendered to Humana customers. Humana did this over the telephone, and then through Humana.com in response to Crescent Hospital's inquiries.

D.     Humana not only made this information available to Crescent Hospital, it specifically instructed Crescent Hospital to refer to it for information related to what Humana would pay. Specifically, Humana wrote to Crescent Hospital, expressly instructing Crescent Hospital to refer to the Humana.com web portal for any information it sought from Humana relating to monetary payments.

E.     In response to and based upon Humana's representations each and every time regarding what it would pay for medical services, Crescent Hospital agreed to render medical services to Humana's customers. Each and every time before agreeing to treat a prospective patient, Crescent Hospital first confirmed with Humana the percentage of the bill for the medical services to be performed that Humana agreed or offered to pay. Crescent Hospital verified Humana's offer and its

terms through telephone calls, and thereafter, through viewing the offers on Humana's Humana.com website.

F.   Regardless of the means of communication, each and every time Humana communicated to Crescent Hospital that it would pay Crescent Hospital a percentage of its bill. When Crescent Hospital deemed the offer to be acceptable, it accepted the offer by providing the medical services. This resulting performance constitutes an acceptance of Humana's offer and, alone, is sufficient to establish a binding, enforceable contract between the two.

G.   Humana and Crescent Hospital consented to contract through a longstanding business relationship and a consistent course of dealing.

H.   Crescent Hospital has been providing medical services for Humana for years.

I.   In furtherance of this business relationship, Humana, in fact, has in its system a provider identification number specifically for Crescent Hospital, which assists it in processing Crescent Hospital's bills and its resulting payments.

J.   Throughout the course of their dealing, Humana never indicated any desire not to do business with Crescent Hospital. Even after deciding not to engage in telephonic pre-verification of payment, it continued to direct Crescent Hospital to its Humana.com website for such information. Humana never communicated to Crescent Hospital not to treat any Humana customer. Humana has all along availed itself of Crescent Hospital's providing services to its customers. Crescent Hospital, after providing such services, then billed Humana directly for payment. And, in response to such billing, Humana considered and generally made payments to Crescent Hospital for the services (although not close to the full amount due).

Page 7 of 16

K.   Crescent Hospital's rendering of medical services for Humana customers, its billing Humana for payment for same, and Humana's payments in response demonstrate and confirm the parties' contractual undertaking. <u>Omega Hospital, LLC vs. Louisiana Health Service & Indemnity Co.</u>, 191 So.3d 582 (La. 2016).

L.   Each and every time, Humana and Crescent Hospital exchanged offer and acceptance via telephonic and internet verifications.

M.   Each and every time, Crescent Hospital contacts Humana to do work, Humana consents to same and confirms its responsibility for the bill.

N.   Each and every time, Crescent Hospital does the work.

O.   Each and every time, Crescent Hospital prepares and sends a bill.

P.   Finally, in the alternative, and to the extent the Court were to find that the parties did not agree upon a set price that Humana would pay for Crescent Hospital's rendering medical services to its customers would not foreclose a finding of an enforceable contract. The fact that the amount of compensation a party is to receive for services rendered was not agreed upon does not vitiate the contract. Instead, the law will imply in the contract, a provision that the party would be paid a reasonable sum for the services. La. Civ. Code art. 2054.

Q.   In this circumstance, the fact-finder may and will supply a reasonable price for the contract for Humana to pay for medical services rendered by Crescent Hospital.

R.   As a direct result of Humana's breach, Crescent Hospital has suffered damages including La Civil Code Art. 2000, interest damages.

### VI. SECOND CAUSE OF ACTION

### VIOLATION OF LOUISIANA'S UNFAIR TRADE PRACTICES ACT

37.   Crescent Hospital incorporates the foregoing paragraphs as if fully stated herein.

38.    Crescent Hospital does not claim or seek coverage or benefits on behalf of its patients, and expressly waives same, but instead seeks to enforce independent state law (and not federal law) legal duties that Humana owes directly to Crescent Hospital. Crescent Hospital specifically refuses to plead and expressly waives any rights it may have against Humana under any and all federal laws, either independently or on behalf of its patients.

39.    Fraud, deceit, and misrepresentation constitute "deceptive practices" under the Louisiana Unfair Trade Practices Act. ("LUTPA")

40.    Defendants' improper actions and practices described in this Petition constitute the use or employment of an unfair or deceptive method, act, or practice under Louisiana Revised Statute § 51:1401, *et seq.*  Defendants' acts violate public policy and are immoral, unethical, oppressive, unscrupulous, and/or substantially injurious.

41.    As a result of Humana's unfair, pervasive and unlawful practices, Humana has retained and continues to retain monies that it offered or agreed to pay, and which therefore rightfully belong to Crescent Hospital for rendering medical services to Humana customers.

42.    Crescent Hospital has been injured and suffered sizeable losses as a result of the use of Humana's actions, meriting an award of actual damages in an amount to be proven at trial.

43.    Humana's unfair practices are likely to continue absent judicial intervention.

## VII.  THIRD CAUSE OF ACTION

### DETRIMENTAL RELIANCE

44.    Crescent Hospital incorporates the foregoing paragraphs as if full stated herein.

45.    Crescent Hospital does not claim or seek coverage or benefits on behalf of its patients, and expressly waives same, but instead seeks to enforce independent state law (and not federal law) legal duties that Humana owes directly to Crescent Hospital.  Crescent Hospital specifically refuses to plead and expressly waives any rights it may have against Humana under any and all federal laws, either independently or on behalf of its patients.

46.     Humana is liable to Crescent Hospital under the theory of detrimental reliance under Louisiana Civil Code Art. 1967.

47.     Humana communicated to Crescent Hospital via telephone and on Humana.com web portal that it agreed or offered to pay for Crescent Hospital's provision of medical services to Humana's customers, which induced Crescent Hospital to rely on said information to its detriment.

48.     Crescent Hospital reasonably relied, to its detriment, on representations and statements made by Humana as to the existence and extent of Humana's offer or agreement to pay for Crescent Hospital's provision of medical services to Humana customers.

49.     Crescent Hospital was entitled to rely upon Humana's representations and statements when accepting Humana customers as patients, based upon Humana's representations that Humana offered or agreed to pay and would pay for out-of-network medical services rendered by Crescent Hospital.

50.     Crescent Hospital has been damaged as a result of Humana's actions in an amount to be proven at trial.

### VIII.  FOURTH CAUSE OF ACTION

### FRAUD

51.     Crescent Hospital incorporates the foregoing paragraphs as if fully stated herein.

52.     Crescent Hospital does not claim or seek coverage or benefits on behalf of its patients, and expressly waives same, but instead seeks to enforce independent state law (and not federal law) legal duties that Humana owes directly to Crescent Hospital.  Crescent Hospital specifically, refuses to plead and expressly waives any rights it may have against Humana under any and all federal laws, either independently or on behalf of its patients.

53.     Fraud is defined in the Louisiana Civil Code as "a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other."  Fraud may result from silence or inaction.  La.C.C. art. 1953.

54.    Humana made representations to Crescent Hospital by inviting Crescent Hospital to verify the terms of Humana's offer or agreement to pay through viewing Humana's web portal, Humana.com, and by providing information on its Humana.com web portal, and making statements orally and otherwise to Crescent Hospital, which Humana expected Crescent Hospital to rely upon, and which Crescent Hospital did rely upon, regarding Humana's offer or agreement to pay for Crescent Hospital's provision of medical services to Humana customers.

55.    Humana's misrepresentations were of material facts because Crescent Hospital relied, to its detriment, on such misrepresentations and statements made by Humana as to the existence and extent of Humana's offer or agreement to pay for Crescent Hospital's provision of medical services to Humana customers.

56.    Upon information and belief, Humana intended to deceive Crescent Hospital with its misrepresentations and systematic failure to pay Crescent Hospital a reasonable amount, and obtained an unjust advantage by keeping the monies it promised to pay Crescent Hospital for medical services provided by Crescent Hospital to Humana customers.

57.    Crescent Hospital was reasonably entitled to rely upon Humana's representations and statements in accepting Humana customers as patients, based upon Humana's representations it would pay for care rendered by Crescent Hospital.

58.    Crescent Hospital has been damaged as a result of Humana's fraudulent actions including extreme underpayment (Humana keeps Crescent Hospital's money) in an amount to be proven at trial.

## IX.  SIXTH CAUSE OF ACTION

## NEGLIGENT MISREPRESENTATION

59.    Crescent Hospital incorporates the foregoing paragraphs as if fully stated herein.

60.    Crescent Hospital does not claim or seek coverage of benefits on behalf of its patients, and expressly waives same, but instead seeks to enforce independent state law

(and not federal law) legal duties that Humana owes directly to Crescent Hospital. Crescent Hospital specifically refuses to plead and expressly waives any rights it may have against Humana under any and all federal laws, either independently or on behalf of its patients.

61.     Louisiana allows recovery in tort for purely economic loss caused by negligent misrepresentation where privity of contract is absent.

62.     For the cause of action to arise, there must be a legal duty on the part of the defendant to supply correct information to the plaintiff, there must be a breach of that duty, and the breach must have caused plaintiff damage.

63.     In Louisiana, negligent misrepresentation cases are evaluated using the duty-risk analysis. The duty-risk analysis is employed on a case-by-case basis.

64.     Generally, the initial determination in the duty-risk analysis is cause-in-fact.

65.     A plaintiff must prove that the conduct in question was a cause-in-fact of the resulting harm, the defendant owed a duty of care to the plaintiff, the requisite duty was breached by the defendant, and the risk of harm was within the scope of protection afforded by the duty breached.

66.     Under the circumstances described in this Petition, Humana has a legal duty to supply correct information regarding the existence and extent to which it has agreed or offered to pay to Crescent Hospital for the provision of medical services to Humana's customers.

67.     Crescent Hospital relied, to its detriment, on representations and statements made by Humana as to the existence and extent of payment by Humana for Crescent Hospital's provision of medical services to Humana's customers.

68.     Crescent Hospital was entitled to rely upon Humana's representations and statements.

69.     Humana is liable to Crescent Hospital for their negligent misrepresentations pursuant to Louisiana Civil Code Art. 2315 and other Louisiana law.

70.     Crescent Hospital has been injured and damaged as a result of Humana's actions in an amount to be proven at trial.

## X.  THE CLAIMS OF CRESCENT HOSPITAL HEREIN ARE EXCLUSIVELY FOR STATE LAW BREACH OF CONTRACT AND THE STATE LAW CLAIMS THAT FLOW THEREFROM.

71.     This case arises and is brought exclusively under the laws of Louisiana, not the laws of the United States.  Nothing pleaded herein alleges any relief governed by or available pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.,* or the Federal Employees Health Benefits Act ("FEHBA"), 5 U.S.C. § 8901 *et seq.,* or federal common law, or any claims involving a federal officer. To the extent that any such claims may be even implied, Crescent Hospital expressly rejects such implication and expressly states that it does not and will not seek damages for any such claims and expressly waives same. *Omega Hosp., LLC v. La. Health Serv. & Indem. Co.,* No. CIV. A. 13-21, 2013 WL 5236625, at *(E.D. La. Sept. 16, 2013), rev'd in part sub nom. *Omega Hosp., L.L.C. v. La. Health Serv. & Indem. Co.,* 592 F. App'x 268 (5th Cir. 2014); *Crescent City Surgical Centre v. La. Health Serv. & Indem. Co. No.* 17-10211 (E.D. La. Oct. 11, 2017).

72.     Crescent Hospital's claims do not relate to employee welfare benefit plans subject to federal law pursuant to either ERISA, 29 U.S.C. § 1132(a), or FEHBA, 5 U.S.C. § 8901 *et seq.,* and Crescent Hospital expressly waives same.  Further, Crescent Hospital does not challenge the benefits that may be owed to its patients.  Finally, Crescent Hospital specifically does not seek any coverage determination or finding as to what benefits may be owed/not owed under any insurance policy to or on behalf of its patients.   Crescent Hospital specifically, refuses to plead and expressly waives any rights it may have against Humana under any and all federal laws, either independently or on behalf of its patients.

73.     Crescent Hospital does not seek to recover for alleged underpayments of health benefits owed to its patients or for its patients and expressly waives same.  Crescent Hospital does not seek to enforce rights or recover benefits under the terms of any insurance policy.

74.     Crescent Hospital does not seek to recover benefits under ERISA for its patients and expressly and hereby waives same.

75.     Crescent Hospital does not seek to recover benefits from FEHBA-governed health benefits plans for its patients and hereby expressly waives same.  Furthermore, Crescent Hospital does not seek to recover any amounts for Humana's payment misrepresentations that are related to treatment of any patient who may have an FEHBA insurance policy, and hereby expressly waives and disclaims such recovery.

76.     Crescent Hospital does not claim or seek coverage benefits on behalf of its patients, and hereby expressly waives same, but instead seeks to enforce state law legal duties that Humana owes directly to Crescent Hospital.  Crescent Hospital's suit seeks only to enforce its own state law legal rights against Humana.  Federal law does not and cannot preempt Crescent Hospital's state law claims because Crescent Hospital expressly waives any and all federal law claims it may have against Humana.

77.     Moreover, Crescent Hospital's claims do not require a determination of any federal rights and Crescent Hospital hereby expressly waives same.

78.     Crescent Hospital is not, does not, and will not make a claim against Humana either expressly or impliedly under ERISA.  Crescent Hospital is not, and will not make a claim against Humana either expressly or impliedly based upon assignments regarding claims Humana customers may have against Humana and hereby expressly waives same.

79.     Crescent Hospital is not making a claim either expressly or impliedly that Humana customers did not receive their benefits under the terms of their plans or claim that the relationship between Humana's customers and their employers was adversely affected.  Crescent Hospital is not seeking to recover any monies promised on that basis and hereby expressly waives same.

80.     Crescent Hospital's suit is exclusively a direct action to enforce its own legal rights to payment (as opposed to a derivative suit seeking to enforce its patients' rights), and therefore is not a suit under FEHBA.  FEHBA does not preempt Crescent Hospital's direct claim – brought exclusively under Louisiana law and not federal law in regard to Humana's agreements and misrepresentations concerning the extreme underpayments to Crescent Hospital by Humana – for negligent misrepresentation, detrimental reliance, and

breach of contract and LUTPA violations for medical services provided by Crescent Hospital to Humana customers. Crescent Hospital is not claiming monies for the failure of Humana to respect its patients' rights and hereby expressly waives same.

81. Crescent Hospital is not and will not make a claim either expressly or impliedly against a federal officer arising out of his official duties and hereby expressly waives same. In fact, Crescent Hospital expressly waives any claims it may have suggesting that a federal officer did anything wrong, much less injure anyone, including Crescent Hospital, and hereby expressly waives same. Crescent Hospital further denies that any Crescent Hospital patients/Humana customers were federal officers and does not and will not seek any monies from Humana for its failure to pay for same. Further, if any Crescent Hospital patient/Humana customer had a FEHBA health insurance policy, Crescent Hospital hereby expressly eliminates and separates that patient(s) and corresponding medical bill(s) for treatment from this lawsuit and does not seek and will not accept a single cent for the failure of Humana to pay Crescent Hospital same. Crescent Hospital expressly waives same.

## XI.  JURY DEMAND

82. Plaintiff asserts that its damages exceed that necessary for a trial by jury and, therefore, requests a jury trial.

## XII.  PRAYER

WHEREFORE, Plaintiff, Crescent Hospital, prays that Humana be served with a copy of this Petition, and after all legal delays and due proceeding had before a jury, there by judgment in favor of Crescent Hospital and against Humana Health Benefit Plan of Louisiana, Inc., (Humana, Humana of Louisiana), Humana Health Plan, Inc., and Humana Insurance Company, jointly and solidarily, for the amount of damages proved at trial, together with legal interest, all costs of these proceedings, and for all other relief, including, but not limited to attorneys' fees, as are appropriate.

Respectfully submitted,

GIBBY ANDRY, THE ANDRY LAW FIRM, LLC

GILBERT V. ANDRY, IV (LSBA # 20056)
828 Baronne Street
New Orleans, LA 70113
Telephone: (504) 522-1000
Facsimile: (504) 522-8000

**PLEASE SERVE:**

Humana Health Benefit Plan of Louisiana, Inc.
(Humana, Humana of Louisiana)
Through its Registered Agent for Service
Corporation Service Company
320 Somerulos Street
Baton Rouge, LA 70802

Humana Health Plan, Inc.
Through its Registered Agent for Service
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

Humana Insurance Company
Through its Registered Agent for Service
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

*EBR-54996*
*$112.08*

*SOS-54997*
*$100.00*

**LOUISIANA CIVIL CASE REPORTING**
**Civil Case Cover Sheet - LA. R.S. 13:4688 and**
**Part G, §13, Louisiana Supreme Court General Administrative Rules**

This civil case cover sheet shall be completed by counsel for the petitioner, counsel's authorized representative, or by the self-represented litigant (if not represented by counsel) and submitted with the original petition filed with the court. The information should be the best available at the time of filing. This information does not constitute a discovery request, response or supplementation, and is not admissible at trial.

FILED FOR RECORD 10/05/2018 13:10:12
Shelley M. Mauterer, DY CLERK
JEFFERSON PARISH, LA

**Suit Caption:**

Crescent City Surgical Centre          **vs.**    Humana Health Benefit Plan of Louisiana, Inc. (Humana, Humana of Louisiana), Humana Health Plan, Inc., and Humana Insurance Company

**Court:** 24th Judicial District          **Docket Number:** 788-321

**Parish of Filing:** Jefferson          **Filing Date:** 10/5/2018

**Name of Lead Petitioner's Attorney:** Gilbert V. Andry, IV

**Name of Self-Represented Litigant:** _____

**Number of named petitioners:** 1          **Number of named defendants:** 3

**Type of Lawsuit: Please check the categories which most appropriately apply to this suit (no more than 3 categories should be checked):**

- [ ] Auto: Personal Injury
- [ ] Auto: Wrongful Death
- [ ] Asbestos: Property Damage
- [ ] Product Liability
- [ ] Intentional Bodily Injury
- [ ] Intentional Wrongful Death
- [ ] Business Tort
- [ ] Defamation
- [ ] Environmental Tort
- [ ] Intellectual Property
- [ ] Legal Malpractice
- [ ] Other Professional Malpractice
- [ ] Maritime
- [ ] Wrongful Death
- [ ] General Negligence

- [ ] Auto: Property Damage
- [ ] Auto: Uninsured Motorist
- [ ] Asbestos: Personal Injury/Death
- [ ] Premise Liability
- [ ] Intentional Property Damage
- [ ] Unfair Business Practice
- [ ] Fraud
- [ ] Professional Negligence
- [ ] Medical Malpractice
- [ ] Toxic Tort
- [ ] Other Tort (describe below)
- [ ] Redhibition
- [ ] Class action (nature of case)

**Please briefly describe the nature of the litigation in one sentence of additional detail:**

Following the completion of this form by counsel, counsel's representative, or by the self-represented litigant, this document will be submitted to the Office of the Judicial Administrator, Supreme Court of Louisiana, by the Clerk of Court.

Name, address and contact information of person completing form:

Name  Gilbert V. Andry, IV          Signature _____

Address  Gibby Andry, The Andry Law Firm, LLC, 828 Baronne Street, New Orleans, LA  70113

Phone number: 504-522-1000          E-mail address:  gandry@gibbyandrylaw.com

*Received via Mail*
FILED FOR RECORD 11/27/2018 09:23:34
Mary G Brisco, DY CLERK
JEFFERSON PARISH, LA

01800

**24TH JUDICIAL DISTRICT COURT**

**PARISH OF JEFFERSON**

**STATE OF LOUISIANA**

Filed by **Fax**
Date: *November 30 2018*
Time: *10:04 AM*
Deputy Clerk: *Mary Brisco*
(SEE ATTACHED LOG)

**NUMBER: 788-321**

**DIVISION "E"**

**CRESCENT CITY SURGICAL CENTRE**

**VERSUS**

**HUMANA HEALTH BENEFIT PLAN OF LOUISIANA, INC., (HUMANA, HUMANA OF LOUISIANA), HUMANA HEALTH PLAN, INC., AND HUMANA INSURANCE COMPANY**

**FILED:** _____        _____
                                                          **DEPUTY CLERK**

---

**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S PETITION FOR DAMAGES**

---

**NOW INTO COURT,** through undersigned counsel, comes Defendants, Humana Health

Benefit Plan of Louisiana, Inc., Humana Health Benefit Plan, Inc. and Humana Insurance

Company (collectively referred to as "Humana"), who respond to Plaintiff's Petition for

Damages ("Petition") as follows:

1.

The allegations of Paragraph 1 of Plaintiff's Petition are denied.

2.

The allegations of Paragraph 2 of Plaintiff's Petition are denied.

3.

The allegations of Paragraph 3 of Plaintiff's Petition are denied.

4.

The allegations of Paragraph 4 of Plaintiff's Petition are denied.

5.

The allegations of Paragraph 5 of Plaintiff's Petition are denied.

1

6.

The allegations of Paragraph 6 of Plaintiff's Petition are denied.

7.

The allegations of Paragraph 7 of Plaintiff's Petition are denied as written.

8.

The allegations of Paragraph 8 of Plaintiff's Petition are denied for lack of information sufficient to justify a belief therein.

9.

The allegations of Paragraph 9 of Plaintiff's are denied as written.

10.

The allegations of Paragraph 10 of Plaintiff's Petition are denied for lack of information to sufficient to justify a belief therein.

11.

The allegations of Paragraph 11 of Plaintiff's Petition are denied for lack of information sufficient to justify a belief therein.

12.

The allegations of Paragraph 12 of Plaintiff's Petition are denied for lack of sufficient information to justify a belief therein.

13.

The allegations of Paragraph 13 of Plaintiff's Petition are denied as written.

14.

The allegations of Paragraph 14 of Plaintiff's Petition are denied for lack of information to sufficient to justify a belief therein.

2

15.

The allegations of Paragraph 15 of Plaintiff's Petition are denied for lack of information to sufficient to justify a belief therein.

16.

The allegations of Paragraph 16 of Plaintiff's Petition are denied for lack of information to sufficient to justify a belief therein.

17.

The allegations of Paragraph 17 of Plaintiff's Petition are denied for lack of information to sufficient to justify a belief therein.

18.

The allegations of Paragraph 18 of Plaintiff's Petition are denied for lack of information to sufficient to justify a belief therein.

19.

The allegations of Paragraph 19 of Plaintiff's Petition are denied.

20.

The allegations of Paragraph 20 of Plaintiff's Petition are denied.

21.

The allegations of Paragraph 21 of Plaintiff's Petition are denied.

22.

The allegations of Paragraph 22 of Plaintiff's Petition are denied.

23.

The allegations of Paragraph 23 of Plaintiff's Petition are denied as written.

24.

The allegations of Paragraph 24 of Plaintiff's Petition are denied.

25.

The allegations of Paragraph 25 of Plaintiff's Petition are denied.

26.

The allegations of Paragraph 26 of Plaintiff's Petition are denied.

27.

The allegations of Paragraph 27 of Plaintiff's Petition are denied.

28.

The allegations of Paragraph 28 of Plaintiff's Petition are denied.

29.

The allegations of Paragraph 29 of Plaintiff's Petition are denied.

30.

Humana incorporates by references as if fully stated herein its response to Paragraphs 1-
29.

31.

The allegations of Paragraph 31 of Plaintiff's Petition do not require a response from
Humana.  To the extent a response is required, Humana asserts that Plaintiff has no independent
state law claims against Humana.

32.

The allegations of Paragraph 32 of Plaintiff's Petition do not require a response from
Humana.  To the extent a response is required, Humana asserts that Plaintiff has no independent
state law claims against Humana.

4

33.

The allegations of Paragraph 33 of Plaintiff's Petition are denied.

34.

The allegations of Paragraph 34 of Plaintiff's Petition are denied.

35.

The allegations of Paragraph 35 of Plaintiff's Petition are denied.

36.

The allegations of Paragraph 36 and each of its subparts of Plaintiff's Petition are denied.

37.

In response to Paragraph 37 of Plaintiff's Petition, Humana incorporates by reference its responses to Paragraphs 1-36, as if fully stated herein.

38.

The allegations of Paragraph 38 of Plaintiff's Petition do not require a response from Humana. To the extent a response is required, Humana denies that Plaintiff has any independent state law claims against Humana.

39.

The allegations of Paragraph 39 of Plaintiff's Petition do not require a response from Humana. To the extent a response is required, Humana asserts that it did not engage in any act or omission which constitutes deceptive practices under the Louisiana Unfair Trade Practices Act.

40.

The allegations of Paragraph 40 of Plaintiff's Petition are denied.

41.

The allegations of Paragraph 41 of Plaintiff's Petition are denied.

5

42.

The allegations of Paragraph 42 of Plaintiff's Petition are denied.

43.

The allegations of Paragraph 43 of Plaintiff's Petition are denied.

44.

In response to Paragraph 44 of Plaintiff's Petition, Humana incorporates by reference its responses to Paragraphs 1-43, as if fully stated herein.

45.

The allegations of Paragraph 45 of Plaintiff's Petition do not require a response from Humana. To the extent a response is required, Humana denies that Plaintiff has any independent state law claims against Humana.

46.

The allegations of Paragraph 46 of Plaintiff's Petition are denied.

47.

The allegations of Paragraph 47 of Plaintiff's Petition are denied.

48.

The allegations of Paragraph 48 of Plaintiff's Petition are denied.

49.

The allegations of Paragraph 49 of Plaintiff's Petition are denied.

50.

The allegations of Paragraph 50 of Plaintiff's Petition are denied.

51.

In response to Paragraph 51 of Plaintiff's Petition, Humana incorporates by reference its responses to Paragraphs 1-50, as if fully stated herein.

52.

The allegations of Paragraph 52 of Plaintiff's Petition do not require a response from Humana. To the extent a response is required, Humana denies that Plaintiff has any independent state law claims against Humana.

53.

The allegations of Paragraph 53 of Plaintiff's Petition do not require a response from Humana. To the extent a response is required, Humana asserts that it has not committed any act or omission which constitutes fraud under the Louisiana Civil Code.

54.

The allegations of Paragraph 54 of Plaintiff's Petition are denied as written.

55.

The allegations of Paragraph 55 of Plaintiff's Petition are denied.

56.

The allegations of Paragraph 56 of Plaintiff's Petition are denied.

57.

The allegations of Paragraph 57 of Plaintiff's Petition are denied.

58.

The allegations of Paragraph 58 of Plaintiff's Petition are denied.

59.

In response to Paragraph 59 of Plaintiff's Petition, Humana incorporates by reference its responses to Paragraphs 1-58, as if fully stated herein.

60.

The allegations of Paragraph 60 of Plaintiff's Petition do not require a response from Humana. To the extent a response is required, Humana denies that Plaintiff has any independent state law claims against Humana.

7

61.

The allegations of Paragraph 61 of Plaintiff's Petition are denied as written.

62.

The allegations of Paragraph 62 of Plaintiff's Petition do not require a response from Humana. To the extent a response is required, Humana denies that it made any misrepresentations to Plaintiff.

63.

The allegations of Paragraph 63 of Plaintiff's Petition are denied as written.

64.

The allegations of Paragraph 64 of Plaintiff's Petition are denied as written.

65.

The allegations of Paragraph 65 of Plaintiff's Petition are denied as written.

66.

The allegations of Paragraph 66 of Plaintiff's Petition are denied as written. Further responding, Humana asserts that it made no misrepresentations to Plaintiff.

67.

The allegations of Paragraph 67 of Plaintiff's Petition are denied.

68.

The allegations of Paragraph 68 of Plaintiff's Petition are denied as written.

69.

The allegations of Paragraph 69 of Plaintiff's Petition are denied.

70.

The allegations of Paragraph 70 of Plaintiff's Petition are denied.

8

71.

The allegations of Paragraph 71 of Plaintiff's Petition do not require a response from Humana. To the extent a response is required, Humana denies that Plaintiff has any independent state law claims against Humana.

72.

The allegations of Paragraph 72 of Plaintiff's Petition do not require a response from Humana. To the extent a response is required, Humana denies that Plaintiff has any independent state law claims against Humana.

73.

The allegations of Paragraph 73 of Plaintiff's Petition do not require a response from Humana. To the extent a response is required, Humana denies that Plaintiff has any independent state law claims against Humana.

74.

The allegations of Paragraph 74 of Plaintiff's Petition do not require a response from Humana. To the extent a response is required, Humana denies that Plaintiff has any independent state law claims against Humana.

75.

The allegations of Paragraph 75 of Plaintiff's Petition do not require a response from Humana. To the extent a response is required, Humana denies that Plaintiff has any independent state law claims against Humana.

76.

The allegations of Paragraph 76 of Plaintiff's Petition do not require a response from Humana. To the extent a response is required, Humana denies that Plaintiff has any independent state law claims against Humana.

9

77.

The allegations of Paragraph 77 of Plaintiff's Petition are denied as written.

78.

The allegations of Paragraph 78 of Plaintiff's Petition do not require a response from Humana. To the extent a response is required, Humana denies that Plaintiff has any independent state law claims against Humana.

79.

The allegations of Paragraph 79 of Plaintiff's Petition are denied as written.

80.

In response to Paragraph 80 of Plaintiff's Petition, Humana asserts that it has made no misrepresentations to Plaintiff and that Plaintiff has no claim for negligent misrepresentation, detrimental reliance, breach of contract or violation of the Louisiana Unfair Trade Practices Act against Humana.

81.

The allegations of Paragraph 81 of Plaintiff's Petition do not require a response from Humana. To the extent a response is required, Humana denies that Plaintiff has any independent state law claims against Humana.

82.

The allegations of Paragraph 82 of Plaintiff's Petition do not require a response from Humana. To the extent a response is required, Humana asserts that Plaintiff has not been damaged by any act or omission of Humana.

**Response to Plaintiff's Prayer**

Humana asserts that Plaintiff is not entitled to any amounts from Humana.

**AND NOW FURTHER RESPONDING** to Plaintiff's Petition, Humana asserts the following affirmative defenses.

10

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Petition fails to state a cause of action against Humana upon which relief can be granted and its claims are subject to dismissal on that basis.

### SECOND AFFIRMATIVE DEFENSE

Humana denies it has any obligation of any kind to Plaintiff under theories of contract, *quasi* contract, law or equity.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA").

### FOURTH AFFIRMATIVE DEFENSE

Humana asserts all the terms and conditions and defenses in the plan documents issued to the members and the employers, the group policyholders.

### FIFTH AFFIRMATIVE DEFENSE

The claims asserted by Plaintiff have been properly adjudicated in accordance with the members' plan documents and no additional amounts are owed.

### SIXTH AFFIRMATIVE DEFENSE

Humana has not engaged in any acts or omissions that were, or could have been, the direct legal and/or proximate cause of any damage, loss or injury to Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

Any claim asserted by Plaintiff against Humana is time barred under the applicable statute of limitations or prescriptive period.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims have been fully satisfied by appropriate payments and any obligation owed has been extinguished.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are premature, as Plaintiff has failed to satisfy all conditions precedent to suit as set forth in the applicable member plan documents.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Humana are barred by the doctrines of laches, waiver and/or estoppel. In particular, Plaintiff's claims, based on any theory of misrepresentation, negligent misrepresentation, fraud or detrimental reliance or any similar claim or theory of recovery, are barred because Plaintiff, through its representatives, knew or should have known that it could not justifiably rely on alleged statements made in telephone calls with Humana representatives to ensure coverage or payment of services under any health benefit plan or policy.

## ELEVENTH AFFIRMATIVE DEFENSE

Humana states that Plaintiff's claims are barred, in whole or in part, because any potential recovery by Plaintiff must be offset by any amounts due to Humana.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to plead its fraud claims with particularity and therefore, those claims are subject to dismissal.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part under the principles of equitable estoppel, waiver, notification, acquiescence, release and/or setoff.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recovery attorney fees, legal expenses and/or court costs from Humana.

## FIFTEENTH AFFIRMATIVE DEFENSE

Humana reserves the right to amend its answer with affirmative defenses to Plaintiff's Petition for Damages upon further investigation of Plaintiff's complaint.

12

WHEREFORE, Defendants, Humana Health Benefit Plan of Louisiana, Inc., Humana Health Benefit Plan, Inc. and Humana Insurance Company, pray that this Answer with Affirmative Defenses be deemed good and sufficient and that judgment be rendered herein in favor of Humana Health Benefit Plan of Louisiana, Inc., Humana Health Benefit Plan, Inc. and Humana Insurance Company and against Plaintiff, Crescent City Surgical Centre, dismissing all of Plaintiff's claims, with prejudice, and with Plaintiff to bear all court costs in this matter and with Humana Health Benefit Plan of Louisiana, Inc., Humana Health Benefit Plan, Inc. and Humana Insurance Company United to be awarded attorney's fees and costs as appropriate and for all other relief that is justifiable and equitable in the premises.

Respectfully submitted

Errol J. King - Bar Roll No. 17649
Layna C. Rush – Bar Roll No. 26242
Daniel P. Guillory – Bar Roll No. 31180
**BAKER, DONELSON, BEARMAN,**
**CALDWELL & BERKOWITZ, PC**
450 Laurel Street
Chase Tower North, 20th Floor
Baton Rouge, Louisiana 70801
Telephone:     (225) 381-7000
Facsimile:     (225) 343-3612

**Attorneys For:**
**Humana Health Benefit Plan of Louisiana, Inc.,**
**Humana Health Benefit Plan, Inc. and Humana**
**Insurance Company**

13

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing "Answer and Affirmative Defenses to Plaintiff's Petition for Damages" has this date been mailed via United States Mail, postage prepaid and properly addressed, to the following known counsel of record:

Gilbert V. Andry
Gibby Andry, The Andry Law Firm, LLC
828 Baronne Street
New Orleans, LA  70113

Baton Rouge, Louisiana, on this 20th day of November, 2018.

_____
Layna C. Rush

14

# BAKER DONELSON
BEARMAN, CALDWELL & BERKOWITZ, PC

CHASE NORTH TOWER
450 LAUREL STREET
20TH FLOOR
BATON ROUGE, LOUISIANA
70801

PHONE:   225.381.7000
FAX:      225.343.3612

www.bakerdonelson.com

ERROL J. KING, SHAREHOLDER
Direct Dial: 225.381.7041
Direct Fax: 225.382.0241
E-Mail Address: eking@bakerdonelson.com

November 20, 2018

**<u>Via Facsimile: (504) 364-3780 and U.S. Mail</u>**

Clerk of Court
24th JDC, Parish of Jefferson
200 Derbigny St.
Gretna, LA 70053

Re:     *Crescent City Surgical Centre v. Humana Health Benefit Plan of Louisiana, Inc.,*
        *Humana Health Plan, Inc. and Humana Insurance Company;* No. 788-321, Div. E, 24th
        Judicial District Court, Parish of Jefferson, State of Louisiana

Dear Clerk:

    With regard to the above-captioned matter, please find attached an "Answer and Affirmative
Defenses to Plaintiff's Petition for Damages" that we ask be fax-filed into the record on behalf of
Humana Health Benefit Plan of Louisiana, Inc., Humana Health Plan, Inc. and Humana Insurance
Company.  Upon receipt of the Court's fax confirmation, we will forward to the Clerk's Office the
original pleading together with a check to cover the cost for filing.

    If you have any questions, please feel free to contact my office.

                        Sincerely,

                        **BAKER, DONELSON, BEARMAN,**
                        **CALDWELL & BERKOWITZ, P.C.**

                        By:  _____
                             Errol J. King

EJK/cj
Enclosure
cc:     Gilbert Andry (via email: gandry@gibbyandrylaw.com)



US POSTAGE ᗐ PITNEY BOWES

$ 002.47⁵

**BAKER DONELSON**

CHASE NORTH TOWER
450 LAUREL STREET
20TH FLOOR
BATON ROUGE, LOUISIANA 70801

Clerk of Court
24th JDC, Parish of Jefferson
200 Derbigny St.
Gretna, LA 70053

FILED FOR RECORD 11/27/2018 09:25:05
Mary G Bonin, DEPUTY CLERK
JEFFERSON PARISH, LA

FILED FOR RECORD 01/09/2019 12:35:11
Raquel M. Macabitas, DY Clerk
JEFFERSON PARISH, LA

Filed by: LLC
Legal Wings

Pl
au

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUSIANA

NO.: 788-321                                          DIVISION: "E"

CRESCENT CITY SURGICAL CENTRE

VERSUS

HUMANA HEALTH BENEFIT PLAN OF LOUISIANA, INC., (HUMANA, HUMANA
OF LOUISIANA), HUMANA HEALTH PLAN, INC., AND HUMANA INSURANCE
COMPANY

FILED: _____          _____
                                        DEPUTY CLERK:

**MOTION TO SET STATUS CONFERENCE TO SELECT CUT-OFF DATES
AND TRIAL DATE**

**ON MOTION OF** Gilbert V. Andry, IV, attorney for plaintiff, Crescent City

Surgical Centre, who hereby certifies that an examination of this record shows that issue

has been joined between all original plaintiffs and original defendants, and that this case is

now ready to be set for trial on the merits.  Mover respectfully requests that this Honorable

Court set a status conference to confer with all counsel and to select cut-off dates and a

trial date convenient for all parties.

**WHEREFORE,** mover respectfully requests that a Status conference be scheduled

in this matter on a date and time to be chosen by this Honorable Court, for the purpose of

moving this case forward and setting cut-off dates and a trial date, and that counsel be

advised of said date for their attendance by telephone or otherwise.

Respectfully submitted,

**GIBBY ANDRY, THE ANDRY LAW FIRM, LLC**

_____
**GILBERT V. ANDRY, IV (LSBA # 20056)**
828 Baronne Street
New Orleans, LA  70113
Telephone:  (504) 522-1000
Facsimile:  (504) 522-8000

And

Thomas J. Capella (LSBA #22293)
Thomas J. Capella, Attorney at Law, LLC
4928 Jasper Street
Metairie, LA  70006

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing have been served upon all counsel for parties hereto by placing same in the United States Mail, properly addressed and postage prepaid this ___ day of January, 2019.

GILBERT V. ANDRY, IV

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STRATE OF LOUSIANA

NO.: 788-321                                              DIVISION: "E"

CRESCENT CITY SURGICAL CENTRE

VERSUS

HUMANA HEALTH BENEFIT PLAN OF LOUISIANA, INC., (HUMANA, HUMANA
OF LOUISIANA), HUMANA HEALTH PLAN, INC., AND HUMANA INSURANCE
COMPANY

FILED: _____          _____
                                         DEPUTY CLERK:

**ORDER**

Considering the foregoing Motion to Set Status Conference to Select Cut-Off Dates

and Trial Date,

**IT IS HEREBY ORERED,** that a status conference is hereby set in this matter, for

the purpose of setting discovery cut-off dates and picking a trial date, on the 6th__ day of

__February__ 2019 , at _____ 09:30 AM ___, to be conducted by telephone

conference, and to be arranged by Plaintiff's attorney _____;xxxxxxxxxxxxxxxxxx

xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx

Gretna, Louisiana this 10___ day of ____January_____,2019

                                         _____
                                         **JUDGE**

**PLEASE SERVE:**

Humana Health Benefit Plan of Louisiana, Inc.,
(Humana, Humana of Louisiana), Humana Health
Plan, Inc. and Humana Insurance Company
Through its Attorney of Record
Layna C. Rush
Errol J. King, Jr.
Baker Donelson Bearman Caldwell & Berkowitz, PC
450 Laurel Street, 20th Floor
Baton Rouge, LA 70801

EDR CK# 516081
$33.30

check returned 1/10/19

no service necessary

all parties notified by letter from the court

P1
860

FILED FOR RECORD 01 /28/2019 15:37:24
Courtney M. Knight, DY CLERK
JEFFERSON PARISH, LA

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUSIANA

NO.: 788-321                                    DIVISION: "E"

CRESCENT CITY SURGICAL CENTRE

VERSUS

HUMANA HEALTH BENEFIT PLAN OF LOUISIANA, INC., (HUMANA, HUMANA
OF LOUISIANA), HUMANA HEALTH PLAN, INC., AND HUMANA INSURANCE
COMPANY

FILED: _____          _____
                                        DEPUTY CLERK:

### EXPEDITED MOTION TO COMPEL WRITTEN DISOVERY
### AND CORPORATE DEPOSITION

NOW INTO COURT, through undersigned counsel comes, Plaintiff, Crescent City

Surgical Centre, (hereinafter referred to as "Crescent" or "Crescent Hospital"), who

respectfully moves this Honorable Court to compel defendants, Humana Health Benefit

Plan of Louisiana, Inc., (Humana, Humana of Louisiana), Humana Health Plan, Inc., and

Humana Insurance Company, (hereinafter referred to as "Humana") through its Attorneys

of Record, Layna Rush and/or Errol King, to produce complete and truthful answers to

Plaintiff's First Set of Interrogatories; complete and truthful Responses to Plaintiff's First

Set of Request for Production of Documents; and to compel defendant to appear before a

Certified Court Reporter to be deposed and to provide the documents requested per

Attachments A and B to the Notice of Corporate Deposition.  Presently set is a status

conference to select a trial date and cut-off dates set for February 6, 2019.

La. Code of Civ. Pro. Art. 1469 governs the filing of a motion to compel discovery.

Here the responses to the written discovery and request for corporate deposition are evasive

and incomplete.  Applying La. Code of Civ. Proc. Art. 1469(3), the evasive incomplete

answers of Humana are treated as a failure to answer.  Therefore, plaintiff requests that this

Honorable Court grants its motion to compel, and do so at an expedited hearing.  In support

of this motion, Plaintiff represents the following:

1

### Statement of the Facts

Crescent Hospital, a hospital located in Metairie, Louisiana, provides surgical care and other related care to patients in the New Orleans area, and has over seventy board-certified physicians on its medical staff. Crescent Hospital's physicians regularly provide the necessary and important care to insureds of Humana, even though the hospital is not within the participating provider network of Humana. Numerous Humana customers have deliberately chosen to receive their care at Crescent Hospital from qualified surgeons and medical staff, even though Crescent Hospital is not within Humana's network. Crescent Hospital's care is of the highest quality, and some of the best surgeons seek opportunities to provide their surgical services there.

Before providing services to patients, Crescent Hospital regularly and systematically verifies responsibility for payment with insurers, such as Humana. Crescent Hospital contacts Humana by telephone and computer to ensure information it receives is accurate and reliable. Based on information provided by Humana, Crescent Hospital makes a determination whether to provide services to patients.

When a patient presented to Crescent Hospital for treatment and a "precertification" inquiry was made, Humana did on every occasion confirm that Crescent Hospital was eligible for full payment. Humana's failure to protest or instruct Crescent Hospital not to provide the service when asked about coverage by Crescent Hospital, further evidenced a continuous business relationship and contract which was consummated and binding. In addition, Humana's action allowed the services to be performed by Crescent Hospital. After completing its services to patients who are Humana's insureds, Crescent Hospital timely provides to Humana a detailed itemization of services and supplies rendered in the course of such care, along with supporting documentation.

Although it is not an in-network provider (*i.e.*, a provider with a signed written contract with Humana, which contains an agreed-upon price list), Crescent Hospital has had a longstanding and continuous "business relationship" with Humana. This business relationship entailed Humana's offering payment for the treatment of its customers,

followed by Crescent Hospital performing the treatment and then billing Humana for payment.

This business arrangement followed a regular, well-established pattern. Before agreeing to treat a prospective patient, Crescent Hospital first checked that Humana was agreeing to pay for the medical services being performed. Humana represented to Crescent Hospital its payment responsibility. Crescent Hospital, in turn, expected to and did receive payment. However, as Humana knows, it has extremely underpaid Crescent Hospital.

Humana was a regular recipient of treatment bills from Crescent Hospital, and it is equipped to process and pay them. It has in its system a provider identification number specifically for Crescent Hospital, which assists in its processing Crescent Hospital's bills and its resulting payments.

Early on, Humana demanded that Crescent Hospital verify insurance payment information by viewing information on Humana's web portal. Humana's statement regarding coverage, as stated on the web portal and otherwise, constitute affirmative representations regarding Humana's responsibility for payment to Crescent Hospital, as well as reasonable payment for services rendered to Humana customers by Crescent Hospital.

Crescent Hospital had no reason to doubt that Humana would pay the Humana quoted percentages of its bills. Moreover, because it has no written provider contract with Humana, Crescent Hospital had never agreed to accept any baseline below its itemized bill. This is in line with standards in the industry. Distilled, it is customary for insurance companies to base their payments on a provider's itemized bill when the insurance company does not have a signed written contract with the provider that sets for the predetermined agreement as to price.

Crescent Hospital relied on Humana's representations of responsibility, and Crescent Hospital based its decision whether to provide treatment to a given patient on them. Once it agreed to treat Humana customers, Crescent Hospital in each case provided the medical care and sent an itemized bill to Humana for payment. Once Humana received such bills, it generally paid Crescent Hospital for the services, but arbitrarily underpaid.

3

Despite Humana's explicit representations and practice that it would pay an out-of-network provider's charges, every year for the past six years, Humana has systematically and dramatically reduced its payments to Crescent Hospital. Crescent Hospital, relaying on Humana's statements and representations, has provided quality medical services to Humana customers, only to receive grossly insufficient payments. Under Louisiana law Crescent Hospital is entitled to be paid a reasonable amount of services rendered to Humana customers. By way of example, for 2017, defendants have only paid on average 10.83% of Crescent Hospital's charges.

From January 2011 forward, Crescent Hospital has relied upon and was entitled to rely upon, to its detriment, Humana representatives' statements oral or otherwise, to determine insurance coverage and payment to Crescent Hospital for services rendered.

Humana has implemented systematic claims processes to manipulate the CPT codes contained in the claims forms submitted by Crescent Hospital by arbitrary and random denial of covered services and by bundling irreconcilable claims denial code explanations and rejecting code descriptions.

Humana conceals the manner in which it actually processes requests for payment by refusing to disclose it, by taking affirmative steps to keep it secret, and by depriving Crescent Hospital of information that might enable Crescent Hospital to discover Humana's processing techniques, including such basic information as the schedule of fees in effect for various procedures.

Crescent Hospital was reasonably and justifiably entitled to rely upon Humana's representations and statements in accepting Humana customers as patients, based upon Humana's representations that their policies pay a reasonable amount for out-of-network medical care, such as that rendered by Crescent Hospital. Crescent Hospital relied, to its detriment, on representations and statements made by Humana as to the existence and extent of insurance coverage for Crescent Hospital's provision of medical services to Humana's customers.

As a result of Humana's unfair, wrongful, deceptive and/or unlawful practices, Humana has retained and continues to retain monies that rightfully belong to Crescent

4

Hospital for rendering covered, medically necessary services to Humana's customers. Humana should be required to pay these monies to Crescent Hospital.

Crescent Hospital seeks to recover for medical services and supplies it provided to its patients, who are Humana customers. Humana has engaged in systematic, sophisticated, and intentional conduct to avoid paying Crescent Hospital what it should receive as payment for services rendered. Crescent Hospital has been severely injured and financially damaged as a result of Humana's years of unlawful actions.

Crescent Hospital quantifies the damages suffered, is suffering, and will suffer as a result of Humana's conduct in the tens of millions of dollars.

## LAW AND ARGUMENT

On November 15, 2018, undersigned counsel forwarded correspondence to Layna C. Rush, counsel for Humana enclosing Plaintiff's First Set of Interrogatories, Plaintiff's First Set of Request for Production of Documents, and a proposed Notice of Corporate Deposition. (Exhibit A in globo)

Humana's responses to written discovery requests were due to undersigned counsel on or before December 17, 2018. Humana through their counsel requested an informal extension of time to respond to same until January 18, 2019 to provide answers. On January 22, 2019, by letter dated that same day, Humana through counsel provided responses to plaintiff's written discovery. (Exhibit B)

Humana only answered one (1) Interrogatory out of fourteen (14), failed to provide information regarding a single response to Request for Production of Documents, and also failed to provide dates for the corporate deposition of Humana.

Based on the non-answers, undersigned counsel scheduled and conducted a Rule 10.1 Conference with counsel for defendant, Errol King and Layna Rush on Thursday, January 24, 2019. At the outset of the telephone conference, undersigned counsel communicated to Humana's counsel that Humana answered one (1) Interrogatory out of fourteen (14), no documents provided pursuant to the Request for Production of Documents, and provided no dates for the corporate deposition of Humana. Undersigned pointed out that the vast majority of the non-answers involved the baseless suggestion that

"plaintiff has yet to identify any claims at issue in this litigation." Plaintiff provided a well-plead petition which set forth all of plaintiff's claims in detail. (Exhibit C) Undersigned counsel also provided Humana with Plaintiff's Case Brochure on November 15, 2018 which contained a detailed executive summary explaining the applicable law in the form of jury charges, a calculation of underpayments by Humana to Crescent as well as a jury verdict form. (Exhibit D)

During the 10.1 conference undersigned confirmed that the information requested involved ALL Humana customers who received medical services from Crescent at the direction of Humana from January of 2011 through the present.   It was communicated during the telephone conference that this number is finite and that plaintiff is entitled to the information requested.   Counsel for Humana refused to answer the written discovery truthfully and completely and went so far as to suggest that the information could not be provided based on HIPPA.   This statement is incorrect when one considers that Humana is not a healthcare provider, but merely an insurance company whose customers received medical services from Crescent at Humana's direction.   Crescent is the health care provider in this ongoing service agreement.

Plaintiff communicated to counsel for Humana that Humana can "press a button" in its computer system and produce information regarding all customers who received medical services from Crescent at the direction of Humana.   Humana stated that this could not be done.   This is specific information which was requested.   As one of two parties to this ongoing service agreement, Humana has and can retrieve the information that has been requested by plaintiff through a simple click of a computer button.   Crescent knows that Humana can and does have the ability, and that Humana knows everything that Crescent does about bills for medical services and the amount underpaid to Crescent by Humana for the medical services provided by Crescent to Humana customers at Humana's discretion.

Regarding the corporate deposition notice of Humana which was provided to Humana on November 15, 2018, Humana refused to provide dates.   La. C.C. Arts. 1441 and 1442, et seq., allows the corporate deposition of Humana to be taken.   Humana has no good faith basis for its failure to provide dates for its corporate deposition.

6

## CONCLUSION

Simply stated, Humana's answers to plaintiff's written discovery and failure to provide a date to its corporate deposition are both incomplete, evasive and therefore, a failure to answer in bad faith. La. C.C.P. art. 1469. Humana has failed to provide the information requested truthfully and completely. Wherefore, Crescent respectfully requests that this Honorable Court grant Crescent's Motion to Compel and thereby order Humana to answer Crescent's written discovery truthfully and completely; provide the documents requested truthfully and completely; and provide a date for the corporate deposition of Humana and that on the date of the Humana corporate deposition Humana be ordered to answer the questions asked of it truthfully and completely.

Respectfully submitted,

**GIBBY ANDRY, THE ANDRY LAW FIRM, LLC**

**GILBERT V. ANDRY, IV (LSBA # 20056)**
828 Baronne Street
New Orleans, LA 70113
Telephone: (504) 522-1000
Facsimile: (504) 522-8000

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been served upon all counsel for parties hereto by placing same in the United States Mail, properly addressed and postage prepaid this ___ day of January 2019.

**GILBERT V. ANDRY, IV**

7

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUSIANA

NO.: 788-321                                          DIVISION: "E"

CRESCENT CITY SURGICAL CENTRE

VERSUS

HUMANA HEALTH BENEFIT PLAN OF LOUISIANA, INC., (HUMANA, HUMANA
OF LOUISIANA), HUMANA HEALTH PLAN, INC., AND HUMANA INSURANCE
COMPANY

FILED: _____        _____
                                              DEPUTY CLERK: _____

**RULE TO SHOW CAUSE**

Considering the above and foregoing Motion to Compel Written Discovery and
Corporate Deposition:

**IT IS HEREBY ORDRED,** that the defendants, Humana Health Benefit Plan of
Louisiana, Inc., (Humana, Humana of Louisiana), Humana Health Plan, Inc., and Humana
Insurance Company, show cause, if any it can, on _13 Day of February 2019_ at _9:30_
a.m. why this Honorable Court should not grant the relief requested by Plaintiff herein and
order Defendants to answer Plaintiff's First Set of Interrogatories and Plaintiff's First Set
of Request for Discovery truthfully and completely; and to answer the Notice of Corporate
Deposition truthfully and completely.

Gretna, Louisiana this _29th_ day of _January_, 2019.

_____
JUDGE

**PLEASE SERVE:**
Humana Health Benefit Plan of Louisiana, Inc.,
(Humana, Humana of Louisiana), Humana Health
Plan, Inc., and Humana Insurance Company
Through its Attorneys of Record:
Layna C. Rush
Errol King
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
Chase North Tower
450 Laurel Street, 20th Floor          EBR CLK# 56390
Baton Rouge, LA 70801                          $33.36

8



**GIBBY ANDRY**
**ATTORNEY**
THE ANDRY LAW FIRM

GILBERT V. "GIBBY" ANDRY, IV

TELEPHONE: 504-522-1000
FACSIMILE: 504-522-8000
TOLL FREE: 855-88-GIBBY

828 BARONNE STREET   |   NEW ORLEANS   |   LOUISIANA 70113   |   gandry@gibbyandrylaw.com   |   www.gibbyandrylaw.com

November 15, 2018

FILED FOR RECORD 01/28/2019 15:37:25
Courtney M. Knight, DY CLERK
JEFFERSON PARISH, LA

_**Via U.S. Mail & E-Mail**_
Errol J. King, Jr.
Layna C. Rush
Baker Donelson Bearman Caldwell
& Berkowitz, PC
450 Laurel Street
20th Floor
Baton Rouge, LA 70801

      RE:   Crescent City Surgical Centre v. Humana Health Benefit Plan of Louisiana,
               Inc., Humana Health Plan, Inc., and Humana Insurance Company
               24th JDC No.:  788-321, Division "E"

Dear Mr. King and Ms. Rush:

      Enclosed please find Plaintiff's First Set of Interrogatories and Plaintiff's First Set
of Request for Production of Documents which are hereby propounded upon defendants
in regards to the above referenced matter.  Please respond to same within the time delays
allowed by law.

      Also enclosed please find plaintiff's Notice of 1441 and 1442 Corporate Video
Deposition Notice.   Please provide me with dates in which Humana's corporate
representative is available for deposition.

      Kindly acknowledge and advise.

      Very truly yours,

      **GIBBY ANDRY, THE ANDRY LAW FIRM, LLC**

      **GILBERT V. ANDRY, IV**

GVA, IV/kgf
Encls.
Cc:   Thomas Flanagan (via e-mail only)
      Thomas Capella (via e-mail only)

**EXHIBIT**
**A**

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUSIANA

NO.: 788-321                                    DIVISION: "E"

CRESCENT CITY SURGICAL CENTRE

VERSUS

HUMANA HEALTH BENEFIT PLAN OF LOUISIANA, INC., (HUMANA, HUMANA
OF LOUISIANA), HUMANA HEALTH PLAN, INC., AND HUMANA INSURANCE
COMPANY

FILED: _____        _____
                                        DEPUTY CLERK:

**PLAINTIFF'S FIRST SET OF INTERROGATORIES**

**TO:   HUMANA HEALTH BENEFIT PLAN OF LOUISIANA, INC.,
        (HUMANA, HUMANA OF LOUISIANA), HUMANA HEALTH PLAN, INC.,
        AND HUMANA INSURANCE COMPANY**
        **Through their Attorney of Record**
        **Layna C. Rush**
        **Baker Donelson Bearman Caldwell & Berkowitz, PC**
        **Chase North Tower**
        **450 Laurel Street, 20th Floor**
        **Baton Rouge, LA  70801**

**NOW INTO COURT,** through undersigned counsel, comes plaintiff, Crescent City

Surgical Centre (hereinafter referred to as "Crescent Hospital"), who propounds this First

Set of Interrogatories upon defendants, Humana Health Benefit Plan of Louisiana, Inc.,

(Humana, Humana of Louisiana), Humana Health Plan, Inc., and Humana Insurance

Company, (hereinafter referred to collectively as "Humana"), to be answered under oath,

within the delays provided by law.

**INTERROGATORY NO. 1:**

Please provide the name, address, telephone number, social security number, date

of birth and job description of each and every person who assists in answering these

interrogatories, including a listing of each interrogatory that each person(s) assists in

answering.

1

**INTERROGATORY NO. 2:**

Please identify and list each and every witness that you may call at trial, and provide their name, address, telephone number, social security number, date of birth, job description and detailed factual description of the testimony you intend to elicit from each.

**INTERROGATORY NO. 3:**

Please list each piece of evidence, whether parole or documentary, that you may introduce at the trial of this matter with particularity, describing in detail each document.

**INTERROGATORY NO. 4:**

Please list each expert witness you may call at the trial of this matter with particularity, giving the specialty of the expert and a detailed description of the testimony of each expert.

**INTERROGATORY NO. 5:**

If you have any defenses to the claims by plaintiffs, please list each defense, and each fact which supports each defense and each piece of evidence which supports each fact which supports each defense.

**INTERROGATORY NO. 6:**

Please list and describe each photograph and video which you have that in any way involves the claims complained of herein, and for each such photograph and/or video, please provide the name, address, telephone number and social security number of the person who took each such photograph and/or video.

**INTERROGATORY NO. 7:**

Please list any and all reports submitted or received, statements taken or given, and any other documents generated or received by anyone regarding this lawsuit.

**INTERROGATORY NO. 8:**

Please list **any and all** policies of insurance, in full force and effect on the date and at the time of the incident, as well as any umbrella and/or excess policies that would have been in full force and effect during the years 2011 through the present, insurance Humana against the types of negligence complained of herein, up to $100,000,000.00, including the name of the insurer and the amount of insurance provided.

**INTERROGATORY NO. 9:**

For any document that you claim privilege in responding to Plaintiff's First Set of Request for Production of Documents, please provide a detailed privilege log, including, but not limited to the full name, address, telephone number, social security number, date of birth and job description of the author of any document withheld; the full name, address, telephone number, social security number, date of birth and job description of the person to whom the document was prepared for and forwarded; and a detailed factual description of the contents of each document withheld, the date the document was generated and the present location of teach document withheld.

**INTERROGATORY NO. 10:**

Please list and describe any and all information regarding the facts surrounding the cause(s) of action involved in this case.

**INTERROGATORY NO. 11:**

Please list and describe any and all information regarding the established Humana in communicating with Crescent Hospital from the time a Humana customer approaches Crescent Hospital for medical services which triggers the initial contact by Crescent Hospital to determine Humana coverage and responsibility for Humana to pay including the out-of-network percentage of responsibility through the providing of medical services by Crescent Hospital to Humana customers through the generation of a medical bill by Crescent Hospital to Humana, through the approval of the appeal of Crescent Hospital to the amount paid by Humana.

**INTERROGATORY NO. 12:**

Please list and describe any and all information regarding any and all agreements between Humana and Ochsner Hospital which indicate and/or evidence the percentage of billed charges Humana pays Ochsner for medical services provided by Ochsner Hospital to Humana customers for the years 2011 through the present date.

3

**INTERROGATORY NO. 13:**

Please list and describe any and all information which involves or indicates the calculation and total amount of money paid to Ochsner Hospital for medical services provided to Humana customers for each year beginning in 2011 through the present date.

**INTERROGATORY NO. 14:**

Please list and describe any and all information which involves or indicates the percentage of billed chares paid by Humana to Ochsner Hospital for medical services provided to Humana customers for each year beginning in 2011 through the present date.

These Interrogatories are to be deemed continuing so as to require supplemental answers under oath, fully and in writing, at any time that additional information may be obtained after answers are filed to these Interrogatories, which would be furnished if the Interrogatories should be continuously.

Respectfully submitted,

**GIBBY ANDRY, THE ANDRY LAW FIRM, LLC**

**GILBERT V. ANDRY, IV (LSBA # 20056)**
828 Baronne Street
New Orleans, LA 70113
Telephone: (504) 522-1000
Facsimile: (504) 522-8000

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served upon all counsel for parties hereto by via e-mail, facsimile, and/or United States Mail, properly addressed and postage prepaid this _____ day of December, 2018.

**GILBERT V. ANDRY, IV**

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUSIANA

NO.: 788-321                                                DIVISION: "E"

CRESCENT CITY SURGICAL CENTRE

VERSUS

HUMANA HEALTH BENEFIT PLAN OF LOUISIANA, INC., (HUMANA, HUMANA OF LOUISIANA), HUMANA HEALTH PLAN, INC., AND HUMANA INSURANCE COMPANY

FILED: _____        _____
                                         DEPUTY CLERK:

**PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS**

TO:   **HUMANA HEALTH BENEFIT PLAN OF LOUISIANA, INC.,
      (HUMANA, HUMANA OF LOUISIANA), HUMANA HEALTH PLAN, INC.,
      AND HUMANA INSURANCE COMPANY
      Through their Attorney of Record
      Layna C. Rush
      Baker Donelson Bearman Caldwell & Berkowitz, PC
      Chase North Tower
      450 Laurel Street, 20th Floor
      Baton Rouge, LA  70801**

NOW INTO COURT, through undersigned counsel, comes plaintiff, Crescent City

Surgical Centre (hereinafter referred to as "Crescent Hospital"), who propounds this First

Set of Request for Production of Documents upon defendants, Humana Health Benefit Plan

of Louisiana, Inc., (Humana, Humana of Louisiana), Humana Health Plan, Inc., and

Humana Insurance Company, (hereinafter referred to collectively as "Humana"), to be

answered under oath, within the delays provided by law.

**REQUEST NO. 1:**

Please provide certified copies of **any and all** policies of insurance in full force and

effect for the years 2011 through the present, insuring the defendants against the claims

complained of herein, up to $100,000,000.00, including the name of the insurer and the

amount of the insurance provided.

**REQUEST NO. 2:**

Please produce each piece of evidence which you plan to introduce at the trial of

this matter.

1

**REQUEST NO. 3:**

Please produce each piece of evidence which supports each fact which supports each defense, if any, which defendants have to this claim.

**REQUEST NO. 4:**

Please produce any and all reports or other documents generated by anyone, including but not limited to expert witness reports obtained in regards to this matter.

**REQUEST NO. 5:**

Please produce each video and/or photograph which in any way involves the matter complained of herein.

**REQUEST NO. 6:**

Please produce a copy of each and every statement taken of any witness or of anyone in connection with this matter.

**REQUEST NO. 7:**

Please produce any and all reports or other documents generated by anyone regarding the claims made the basis of this suit.

**REQUEST NO. 8:**

Please produce any and all information regarding each and every witness that you may call at trial, including their name, address, telephone number, social security number, date of birth, job description and a detailed factual description of the testimony you intend to elicit from each.

**REQUEST NO. 9:**

Please produce any and all information regarding each expert witness you may call at the trial of this matter, including the area of expertise of each, as well as a detailed description of the information you intend to elicit from each.

**REQUEST NO. 10:**

Please produce any and all information regarding each and every defense you have to plaintiff's claims and if you claim any defenses, please list each fact which supports each defense and each piece of evidence, whether documentary or parole, which you contend supports each fact which supports each defense.

**REQUEST NO. 11:**

Please produce any and all information, facts, and/or evidence which supports of justifies Humana's use of the term "allowable" in determining or explaining how much to pay or not pay Crescent Hospital for medical services provided by Crescent Hospital to Humana customers from 2011 through the present date.

**REQUEST NO. 12:**

Please produce any and all information regarding the use and/or application of Facets in determining what to pay or not pay Crescent Hospital for medical services provided to Humana customers from 2011 through the present date.

**REQUEST NO. 13:**

Please produce any and all information established by Humana in communicating with Crescent Hospital from the time a Humana customer approaches Crescent Hospital for medical services which triggers the initial contact by Crescent Hospital to determine Humana coverage and responsibility for Humana to pay including the out-of-network percentage of responsibility through the providing of medical service by Crescent Hospital to Humana customers through the generation of a medical bill by Crescent Hospital to Humana, through the approval of the appeal of Crescent Hospital to the amount paid by Humana.

**REQUEST NO. 14:**

Please produce any and all information regarding any and all agreements between Humana and Ochsner Hospital which indicate and/or evidence the percentage of billed charges Humana pays Ochsner for medical services provided by Ochsner Hospital to Humana customers for the years 2011 through the present date.

**REQUEST NO 15:**

Please produce any and all information which involves or indicates the calculation and total amount of money paid to Ochsner Hospital for medical services provided to Humana customers for each year beginning in 2011 through the present date.

RESQUEST NO. 16:

Please produce any and all information which involves or indicates the percentage of billed charges paid by Humana to Ochsner Hospital for medical services provided to Humana customers for each year beginning in 2011 through the present date.

REQUEST NO. 17:

Please produce any and all e-mail correspondence regarding Crescent Hospital generated by or received by Humana from 2011 through 2017.

REQUEST NO. 18:

Please produce any and all in-network signed contracts with participating specialty providers with attached rate sheets for each year from 2011 through 2017.

REQUEST NO. 19:

Please produce copies of any and all rate sheets attached to each and every in-network specialty hospital from 2011 through the present date.

REQUEST NO. 20:

Please produce any and all in-network signed contract with attached rate sheets.

These Request for Production of Documents are to be deemed continuing so as to require supplemental answers under oath, fully and in writing, at any time that additional information may be obtained after answers are filed to these Interrogatories, which would be furnished if the Interrogatories should be continuously.

Respectfully submitted,

GIBBY ANDRY, THE ANDRY LAW FIRM, LLC

GILBERT V. ANDRY, IV (LSBA # 20056)
828 Baronne Street
New Orleans, LA 70113
Telephone: (504) 522-1000
Facsimile: (504) 522-8000

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all counsel for parties hereto by via e-mail, facsimile, and/or United States Mail, properly addressed and postage prepaid this _____ day of December, 2018.

_____
GILBERT V. ANDRY, IV

5

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUSIANA

NO.: 788-321                                          DIVISION: "E"

CRESCENT CITY SURGICAL CENTRE

VERSUS

HUMANA HEALTH BENEFIT PLAN OF LOUISIANA, INC., (HUMANA, HUMANA
OF LOUISIANA), HUMANA HEALTH PLAN, INC., AND HUMANA INSURANCE
COMPANY

FILED: _____          _____
                                      DEPUTY CLERK:

**NOTICE OF 1441 AND 1442 CORPORATE VIDEO DEPOSITION OF HUMANA
HEALTH BENEFIT PLAN OF LOUISIANA, INC., (HUMANA, HUMANA OF
LOUISIANA), HUMANA HEALTH PLAN, INC., AND HUMANA INSURANCE
COMPANY**

TO:   **HUMANA HEALTH BENEFIT PLAN OF LOUISIANA, INC.,
      (HUMANA, HUMANA OF LOUISIANA), HUMANA HEALTH PLAN, INC.,
      AND HUMANA INSURANCE COMPANY**
      **Through their Attorney of Record**
      **Layna C. Rush**
      **Baker Donelson Bearman Caldwell & Berkowitz, PC**
      **Chase North Tower**
      **450 Laurel Street, 20th Floor**
      **Baton Rouge, LA 70801**

**PLEASE TAKE NOTICE** that plaintiff, Crescent City Surgical Centre,

(hereinafter referred to as "Crescent Hospital") by and through undersigned counsel will

take the corporate deposition of Humana Health Benefit Plan of Louisiana, Inc., (Humana,

Humana of Louisiana), Humana Health Plan, Inc., and Humana Insurance Company,

(hereinafter referred to as "Humana"), pursuant to Rules 1441 and 1442 of the Louisiana

Code of Civil Procedure, for all purposes allowed, before a duly qualified court reporter by

stenographer, or videographer, at the offices of Baker Donelson Bearman Caldwell &

Berkowitz, PC, Chase North Tower, 450 Laurel Street, 20th Floor, Baton Rouge, Louisiana

70801 on the ____ day of _____, 2019 at _____ a.m., and continuing from day

to day until competed, at which time and place you are hereby invited to attend and

participate as you deem appropriate.

Please take further notice that Humana is required to produce said deposition

individuals of Humana Health Benefit Plan of Louisiana, Inc., (Humana, Humana of

Louisiana), Humana Health Plan, Inc., and Humana Insurance Company, most knowledgeable regarding the information requested in Exhibit "A" attached hereto and to produce the documents and Things identified in Exhibit "B" which is attached hereto.

This notice is deemed to be good and valid until such time as the above witness has been completely deposed.

Respectfully submitted,

**GIBBY ANDRY, THE ANDRY LAW FIRM, LLC**

---

**GILBERT V. ANDRY, IV (LSBA # 20056)**
828 Baronne Street
New Orleans, LA 70113
Telephone: (504) 522-1000
Facsimile: (504) 522-8000

**CERTIFICATE OF SERVICE**

I do hereby certify that a copy of the foregoing has been forwarded to all counsel of record, postage prepaid and properly addressed, by depositing same in the United States Mail on the _____ day of _____, 2018.

---

GILBERT V. ANDRY, IV

## ATTACHMENT A

### TO NOTICE OF CORPORATE DEPOSITION HUMANA HEALTH BENEFIT PLAN OF LOUISIANA, INC., (HUMANA, HUMANA OF LOUSIANA), HUMANA HEALTH PLAN, INC., AND HUMANA INSURANCE COMPANY

Please produce the most knowledgeable corporate representative to give truthful and complete testimony regarding each of the following:

### DEFINITIONS

1. "Humana" shall refer to Humana Health Benefit Plan of Louisiana, Inc., (Humana, Humana of Louisiana), Humana Health Plan, Inc., and Humana Insurance Company.
2. "Crescent Hospital" shall refer to Crescent City Surgical Centre.
3. "Identify" as to a person means to provide their full name, address, telephone number, business address, and title.

1. Any and all information regarding the facts surrounding the cause(s) of action involved in this case.

2. Any and all information regarding each and every witness that you may call at trial, including their name, address, telephone number, social security number, date of birth, job description and a detailed factual description of the testimony you intend to elicit from each.

3. Any and all information regarding each expert witness you may call at the trial of this matter, including the area of expertise of each, as well as a detailed description of the information you intend to elicit from each.

4. Any and all information regarding each and every piece of evidence that you may introduce at the trial of this matter, including a detailed factual description of each item.

5. Any and all information regarding each and every defense you have to plaintiff's claims and if you claim any defenses, please list each fact which supports each defense and each piece of evidence, whether documentary or parole, which you contend supports each fact which supports each defense.

6. Any and all information, facts, and/or evidence which supports or justifies Humana's use of the term "allowable" in determining or explaining how much to pay or not pay Crescent Hospital for medical services provided by Crescent Hospital to Humana customers from 2011 through the present date.

7. Any and all information regarding the continuous on-going business relationship between Humana and Crescent Hospital regarding medical services provided by Crescent Hospital to Humana customers from 2011 through the present date.

8. Any and all information regarding the role and/or conduct of the Humana appeals process involving the use or application of Facets in determining what to pay or not pay Crescent Hospital for medical services provided to Humana customers from 2011 through the present date.

9. Any and all information regarding the established Humana process and procedure in communicating with Crescent Hospital from the time a Humana customer approaches Crescent Hospital for medical services which triggers the initial contact

by Crescent Hospital to determine Humana coverage and responsibility through the providing of medical services by Crescent Hospital to Humana customers through the generation of a medical bill by Crescent Hospital to Humana, through the approval of the appeal of Crescent Hospital to the amount paid by Humana.

10.    Any and all information regarding any and all agreements between Humana and Ochsner Hospital which indicate and/or evidence the percentage of billed charges Humana pays Ochsner for medical services provided by Ochsner Hospital to Humana customers for the years 2011 through the present date.

11.    Any and all payment analyses which calculate and total the amount of money paid to Ochsner Hospital for medical services provided to Humana customers for each year beginning in 2011 through the present date.

12.    Any and all payment analyses which indicates the percentage of billed charges paid by Humana to Ochsner Hospital for medical services provided to Humana customers for each year beginning in 2011 through the present date.

13.    Any and all information regarding the total amount of premiums collected by Humana each year here in Louisiana from its customers.

14.    Any and all information regarding the amount of monies presently reserved by Humana.

15.    Any and all information regarding the monies given by Humana back to the community for each year from 2011 through the present date.

**ATTACHMENT B**

**TO NOTICE OF CORPORATE DEPOSITION HUMANA HEALTH BENEFIT PLAN OF LOUISIANA, INC., (HUMANA, HUMANA OF LOUSIANA), HUMANA HEALTH PLAN, INC., AND HUMANA INSURANCE COMPANY**

Please produce any and all types of documents including, but not limited to all writings, written communication, correspondence, catalogs, forms, records invoices, etc., related to each and every one of the items listed in Attachment "A" hereof.

1.  Any and all information regarding the facts surrounding the cause(s) of action involved in this case.

2.  Any and all information regarding each and every witness that you may call at trial, including their name, address, telephone number, social security number, date of birth, job description and a detailed factual description of the testimony you intend to elicit from each.

3.  Any and all information regarding each expert witness you may call at the trial of this matter, including the area of expertise of each, as well as a detailed description of the information you intend to elicit from each.

4.  Any and all information regarding each and every piece of evidence that you may introduce at the trial of this matter, including a detailed factual description of each item.

5.  Any and all information regarding each and every defense you have to plaintiff's claims and if you claim any defenses, please list each fact which supports each defense and each piece of evidence, whether documentary or parole, which you contend supports each fact which supports each defense.

6.  Any and all information, facts, and/or evidence which supports or justifies Humana's use of the term "allowable" in determining or explaining how much to pay or not pay Crescent Hospital for medical services provided by Crescent Hospital to Humana customers from 2011 through the present date.

7.  Any and all information regarding the continuous on-going business relationship between Humana and Crescent Hospital regarding medical services provided by Crescent Hospital to Humana customers from 2011 through the present date.

8.  Any and all information regarding the role and/or conduct of the Humana appeals process involving the use or application of Facets in determining what to pay or not pay Crescent Hospital for medical services provided to Humana customers from 2011 through the present date.

9.  Any and all information regarding the established Humana process and procedure in communicating with Crescent Hospital from the time a Humana customer approaches Crescent Hospital for medical services which triggers the initial contact by Crescent Hospital to determine Humana coverage and responsibility through the providing of medical services by Crescent Hospital to Humana customers through the generation of a medical bill by Crescent Hospital to Humana, through the approval of the appeal of Crescent Hospital to the amount paid by Humana.

10. Any and all information regarding any and all agreements between Humana and Ochsner Hospital which indicate and/or evidence the percentage of billed charges

Humana pays Ochsner for medical services provided by Ochsner Hospital to Humana customers for the years 2011 through the present date.

11.   Any and all payment analyses which calculate and total the amount of money paid to Ochsner Hospital for medical services provided to Humana customers for each year beginning in 2011 through the present date.

12.   Any and all payment analyses which indicates the percentage of billed charges paid by Humana to Ochsner Hospital for medical services provided to Humana customers for each year beginning in 2011 through the present date.

13.   Any and all information regarding the total amount of premiums collected by Humana each year here in Louisiana from its customers.

14.   Any and all information regarding the amount of monies presently reserved by Humana.

15.   Any and all information regarding the monies given by Humana back to the community for each year from 2011 through the present date.

FILED FOR RECORD 01/28/2019 15:37:25
Courtney M. Knight, DY CLERK
JEFFERSON PARISH, LA

# BAKER DONELSON
BEARMAN, CALDWELL & BERKOWITZ, PC

CHASE NORTH TOWER
450 LAUREL STREET
20TH FLOOR
BATON ROUGE, LOUISIANA
70801

PHONE:   225.381.7000
FAX:       225.343.3612

www.bakerdonelson.com

LAYNA C. RUSH, SHAREHOLDER
Direct Dial: 225.381.7043
Direct Fax: 225.382.0243
E-Mail Address: lrush@bakerdonelson.com

January 18, 2019

Gilbert V. Andry, IV
828 Baronne Street
New Orleans, LA 70113

Re:   *Crescent City Surgical Centre v. Humana Health Benefit Plan of Louisiana, Inc.,
       Humana Health Plan, Inc. and Humana Insurance Company;* No. 788-321, Div. E, 24th
       Judicial District Court, Parish of Jefferson, State of Louisiana

Dear Mr. Andry:

     Please find enclosed Humana's Responses to Plaintiff's First Set of Interrogatories and Request
for Production of Documents.

     If you have any questions, please feel free to contact my office.

                                Sincerely,

                                BAKER, DONELSON, BEARMAN,
                                CALDWELL & BERKOWITZ, P.C.

                         By:    Layna C. Rush

LCR/cj
Enclosures

ALABAMA • FLORIDA • GEORGIA • LOUISIANA • MARYLAND • MISSISSIPPI • SOUTH CAROLINA • TENNESSEE • TEXAS • VIRGINIA • WASHINGTON, D.C.


EXHIBIT
B

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON
STATE OF LOUISIANA

NO.: 788-321                                          DIVISION: "E"

CRESCENT CITY SURGICAL CENTRE VERSUS

HUMANA HEALTH BENEFIT PLAN OF LOUISIANA, INC., (HUMANA, HUMANA OF
LOUISIANA), HUMANA HEALTH PLAN, INC., AND HUMANA INSURANCE
COMPANY

FILED: _____        _____
                                              DEPUTY CLERK

**RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

NOW COMES Humana Health Benefit Plan of Louisiana, Inc., Humana Health Plan, Inc., and Humana Insurance Company, (hereinafter referred to collectively as "Humana"), Defendants in the above-captioned matter, and respond to the discovery pleading (the "Requests") of the Plaintiff, Crescent City Surgical Centre (hereinafter referred to as "Crescent Hospital"), without waiving or intending to waive, and expressly preserving as follows:

1.    All objections to the competency, relevancy, materiality, privilege and admissibility of the responses to the Requests and the subject matter thereof, as evidence for any purpose in any further proceeding in this action, including any trial of the action and any other action;

2.    The right to object to the use of any such responses, answers or documents, or the subject matter thereof, on any ground in any further proceeding of this action, including the trial of this action and in any other action;

3.    The right to object on any ground at any time, to a request for further responses or answers to the Requests, or any other demand or document request or other discovery proceeding involving or relating to the subject matter of this controversy;

4.    The right at any time to revise, correct, add, supplement or clarify any of the responses contained herein; and

**GENERAL OBJECTIONS**

1.    Humana objects to the Requests to the extent that they conflict with or exceed the scope of any applicable state or federal law or jurisprudence.

2.    Humana objects to the Requests to the extent that they seek the disclosure of materials protected from disclosure by the attorney-client privilege, the work product doctrine or

any other applicable privilege of protected doctrine herein.  Such privileges are explicitly preserved and are not waived or limited by the Responses herein.

3.      Humana objects to the request to the extent they seek the production of information that's not reasonably calculated to lead to discovery of admissible evidence.

4.      Humana objects to the Requests to the extent that developing a response would be oppressive, unduly burdensome, unreasonably expensive or requiring unreasonable investigation on the part of Humana.

5.      Humana objects to the Requests to the extent that they are ambiguous, confusing, misleading, vague and/or unclear.

6.      Humana objects to the Requests to the extent that they call for confidential, proprietary and/or irrelevant information.

7.      In addition to these General Objections, Humana may set forth further objections with its specific Responses below.  By setting forth such specific objections, Humana does not intend to limit or restrict these General Objections, which are incorporated by reference into its Responses.  By referring to one or more of these General Objections in its specific Responses, Humana does not intend to limit or restrict the applicability of all of the General Objections to any specific Request.

8.      To the extent Humana responds to Requests to which it objects, no objections are waived.  These Responses are made without waiver of and with full preservation of all issues as to competency, relevancy, materiality, privilege and/or admissibility of these Reponses for any purposes.

**INTERROGATORY NO. 1:**

Please provide the name, address, telephone number, social security number, date of birth and job description of each and every person who assists in answering these interrogatories, including a listing of each interrogatory that each person(s) assists in answering.

**RESPONSE:**

Layna C. Rush
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
450 Laurel St., 12th Floor
Baton Rouge, LA  70801
Telephone: (225) 381-7043
Email: lrush@bakerdonelson.com

4840-8549-5940v1
2900125-000202 12/27/2018

Lori Mattingly
Senior Litigation Manager, Law Department
Humana Inc.
500 W. Main Street
Louisville, KY 40202

**INTERROGATORY NO. 2:**

Please identify and list each and every witness that you may call at trial, and provide

their name, address, telephone number, social security number, date of birth, job description

and detailed factual description of the testimony you intend to elicit from each.

**RESPONSE:**

The Plaintiff has yet to identify any of the claims at issue in this litigation. As such,

Humana has not yet identified who it may call as a witness at a trial. Humana will provide its

witness list in accordance with the Court's Scheduling Order.

**INTERROGATORY NO. 3:**

Please list each piece of evidence, whether parole or documentary, that you may

introduce at the trial of this matter with particularity, describing in detail each document.

**RESPONSE:**

The Plaintiff has not yet identified the claims at issue in this litigation. As such, Humana

cannot determine what evidence it may introduce at a trial of this matter. Humana will provide

its exhibit list in accordance with the Court's Scheduling Order.

**INTERROGATORY NO. 4:**

Please list each expert witness you may call at the trial of this matter with particularity,

giving the specialty of the expert and a detailed description of the testimony of each expert.

**RESPONSE:**

The Plaintiff has yet to identify any of the claims at issue in this litigation. As such,

Humana has not yet identified who it may call as an expert witness at a trial of this matter.

Humana will provide its expert witness list in accordance with the Court's Scheduling Order.

**INTERROGATORY NO. 5:**

If you have any defenses to the claims by plaintiffs, please list each defense, and

each fact which supports each defense and each piece of evidence which supports each fact

which supports each defense.

4840-8549-5940v1
2900125-000202 12/27/2018

**RESPONSE:**

The Plaintiff has yet to identify any of the claims at issue in this litigation. As such, Humana cannot yet list all the defenses it has to the claims and what evidence support those defenses.

**INTERROGATORY NO. 6:**

Please list and describe each photograph and video which you have that in any way involves the claims complained of herein, and for each such photograph and/or video, please provide the name, address, telephone number and social security number of the person who took each such photograph and/or video.

**RESPONSE:**

The Plaintiff has yet to identify any of the claims at issue in this litigation. As such, Humana cannot yet identify evidence related to the claims at issue in this litigation. Further responding, Humana is not aware of any photograph or video that pertains to the claims at issue in this litigation.

**INTERROGATORY NO. 7:**

Please list any and all reports submitted or received, statements taken or given, and any other documents generated or received by anyone regarding this lawsuit.

**RESPONSE:**

The Plaintiff has yet to identify any of the claims at issue in this litigation. As such, Humana cannot yet identify evidence related to the claims at issue in this litigation

**INTERROGATORY NO. 8:**

Please list any and all policies of insurance, in full force and effect on the date and at the time of the incident, as well as any umbrella and/or excess policies that would have been in full force and effect during the years 2011 through the present, insurance Humana against the types of negligence complained of herein, up to $100,000,000.00, including the name of the insurer and the amount of insurance provided.

**RESPONSE:**

Humana objects to Interrogatory No. 8 on the basis that it ambiguous, confusing, , vague and/ unclear. It is unclear as to what "incident" the Request refers.

**INTERROGATORY NO. 9:**

For any document that you claim privilege in responding to Plaintiff s First Set of Request for Production of Documents, please provide a detailed privilege log, including, but not limited to the full name, address, telephone number, social security number, date of birth and job description of the author of any document withheld; the full name, address, telephone number, social security number, date of birth and job description of the person to whom the document was prepared for and forwarded; and a detailed factual description of the contents of each document withheld, the date the document was generated and the present location of teach document withheld.

**RESPONSE:**

See Responses to Plaintiff s First Set of Request for Production of Documents.

**INTERROGATORY NO. 10:**

Please list and describe any and all information regarding the facts surrounding the cause(s) of action involved in this case.

**RESPONSE:**

Humana objects to Interrogatory No. 10 on the basis that it is overly broad, ambiguous, and unduly burdensome.. Further responding, the Plaintiff has yet to identify the claims at issue in this litigation. As such, Humana cannot yet identify information regarding the facts surrounding the cause(s) of action involved in this case

**INTERROGATORY NO. 11:**

Please list and describe any and all information regarding the established Humana in communicating with Crescent Hospital from the time a Humana customer approaches Crescent Hospital for medical services which triggers the initial contact by Crescent Hospital to determine Humana coverage and responsibility for Humana to pay including the out-of-network percentage of responsibility through the providing of medical services by Crescent Hospital to Humana customers through the generation of a medical bill by Crescent Hospital to Humana, through the approval of the appeal of Crescent Hospital to the amount paid by Humana.

**RESPONSE:**

Humana objects to Interrogatory No. 11 on the basis that it is vague and nonsensical.

**INTERROGATORY NO. 12:**

Please list and describe any and all information regarding any and all agreements between Humana and Ochsner Hospital which indicate and/or evidence the percentage of billed charges Humana pays Ochsner for medical services provided by Ochsner Hospital to Humana customers for the years 2011 through the present date.

**RESPONSE:**

Humana objects to Interrogatory No. 12 on the basis that the information requested is neither relevant to the instant litigation nor reasonably calculated to lead to discovery of admissible evidence. Further responding, Humana's contracts with its participating providers are confidential, proprietary business information.

**INTERROGATORY NO. 13:**

Please list and describe any and all information which involves or indicates the calculation and total amount of money paid to Ochsner Hospital for medical services provided to Humana customers for each year beginning in 2011 through the present date.

**RESPONSE:**

Humana objects to Interrogatory No. 13 on the basis that the information requested is neither relevant to the instant litigation nor reasonably calculated to lead to discovery of admissible evidence.

**INTERROGATORY NO. 14:**

Please list and describe any and all information which involves or indicates the percentage of billed chares paid by Humana to Ochsner Hospital for medical services provided to Humana customers for each year beginning in 2011 through the present date.

**RESPONSE:**

Humana objects to Interrogatory No. 14 on the basis that the information requested is neither relevant to the instant litigation nor reasonably calculated to lead to discovery of admissible evidence.

Respectfully submitted,

Errol J. King – Bar Roll No. 17649
Layna C. Rush – Bar Roll No. 26242
**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**
450 Laurel Street

4840-8549-5940v1
2900125-000202 12/27/2018

Chase Tower North, 12th Floor
Baton Rouge, Louisiana 70801
Telephone:     (225) 381-7000
Facsimile:     (225) 343-3612

**Attorneys For Defendant: Humana Health
Benefit Plan of Louisiana, Inc., Humana
Health Plan, Inc., and Humana
Insurance Company**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have on this 18th day of January, 2019, served a copy of the
foregoing discovery on counsel for all parties to this proceeding, by email and by placing same
in the United States Mail, properly addressed, and first class postage prepaid.

Layna C. Rush

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON
STATE OF LOUISIANA

NO.: 788-321                                                      DIVISION: "E"

CRESCENT CITY SURGICAL CENTRE VERSUS

HUMANA HEALTH BENEFIT PLAN OF LOUISIANA, INC., (HUMANA, HUMANA OF
LOUISIANA), HUMANA HEALTH PLAN, INC., AND HUMANA INSURANCE
COMPANY

FILED:_____        _____
                                          DEPUTY CLERK

## RESPONSES TO PLAINTIFF'S FIRST SET OF
## REQUEST FOR PRODUCTION OF DOCUMENTS

**NOW COMES** Humana Health Benefit Plan of Louisiana, Inc., Humana Health Plan, Inc.,
and Humana Insurance Company, (hereinafter referred to collectively as "Humana"),
Defendants in the above-captioned matter, and respond to the discovery pleading (the
"Requests") of the Plaintiff, Crescent City Surgical Centre (hereinafter referred to as "Crescent
Hospital"), without waiving or intending to waive, and expressly preserving as follows:

1.        All objections to the competency, relevancy, materiality, privilege and
admissibility of the responses to the Requests and the subject matter thereof, as evidence for any
purpose in any further proceeding in this action, including any trial of the action and any other
action;

2.        The right to object to the use of any such responses, answers or documents, or the
subject matter thereof, on any ground in any further proceeding of this action, including the trial
of this action and in any other action;

3.        The right to object on any ground at any time, to a request for further responses or
answers to the Requests, or any other demand or document request or other discovery proceeding
involving or relating to the subject matter of this controversy;

4.        The right at any time to revise, correct, add, supplement or clarify any of the
responses contained herein; and

## GENERAL OBJECTIONS

1.        Humana objects to the Requests to the extent that they conflict with or exceed the
scope of any applicable state or federal law or jurisprudence.

2.        Humana objects to the Requests to the extent that they seek the disclosure of
materials protected from disclosure by the attorney-client privilege, the work product doctrine or
any other applicable privilege of protected doctrine herein.  Such privileges are explicitly

4826-7640-6404v1
2900125-000202 12/27/2018

preserved and are not waived or limited by the Responses herein.

3.     Humana objects to the request to the extent they seek the production of information that's not reasonably calculated to lead to discovery of admissible evidence.

4.     Humana objects to the Requests to the extent that developing a response would be oppressive, unduly burdensome, unreasonably expensive or requiring unreasonable investigation on the part of Humana.

5.     Humana objects to the Requests to the extent that they are ambiguous, confusing, misleading, vague and/or unclear.

6.     Humana objects to the Requests to the extent that they call for confidential, proprietary and/or irrelevant information.

7.     In addition to these General Objections, Humana may set forth further objections with its specific Responses below.  By setting forth such specific objections, Humana does not intend to limit or restrict these General Objections, which are incorporated by reference into its Responses.  By referring to one or more of these General Objections in its specific Responses, Humana does not intend to limit or restrict the applicability of all of the General Objections to any specific Request.

8.     To the extent Humana responds to Requests to which it objects, no objections are waived.  These Responses are made without waiver of and with full preservation of all issues as to competency, relevancy, materiality, privilege and/or admissibility of these Reponses for any purposes.

**REQUEST NO. 1:**

Please provide certified copies of any and all policies of insurance in full force and effect for the years 2011 through the present, insuring the defendants against the claims complained of herein, up to $100,000,000.00, including the name of the insurer and the amount of the insurance provided.

**RESPONSE:**

Humana objects to Request No. 1 on the basis that it is vague and ambiguous in that the claims at issue in the lawsuit have not yet been identified.  Subject to its objection,  Humana responds that it is  it is not in possession of a  policy of insurance that meets the criteria set forth in Request No. 1.

2

**REQUEST NO. 2:**

Please produce each piece of evidence which you plan to introduce at the trial of this matter.

**RESPONSE:**

The Plaintiff has yet to identify the claims at issue in this litigation. As such, Humana cannot determine what evidence it may introduce at the trial of this matter. Humana will provide its exhibit list in accordance with the Court's Scheduling Order.

**REQUEST NO. 3:**

Please produce each piece of evidence which supports each fact which supports each defense, if any, which defendants have to this claim.

**RESPONSE:**

The Plaintiff has yet to identify the claims at issue in this litigation. As such, Humana cannot yet provide information on defenses it has to the claims and what evidence support those defenses.

**REQUEST NO. 4:**

Please produce any and all reports or other documents generated by anyone, including but not limited to expert witness reports obtained in regards to this matter.

**RESPONSE:**

The Plaintiff has yet to identify the claims at issue in this litigation. As such, Humana cannot yet identify evidence related to the claims at issue in this litigation.

**REQUEST NO. 5:**

Please produce each video and/or photograph which in any way involves the matter complained of herein.

**RESPONSE:**

The Plaintiff has yet to identify the claims at issue in this litigation. As such, Humana cannot yet identify evidence related to the claims at issue in this litigation. Further responding, Humana is not aware of any photograph or video that pertains to the claims at issue in this litigation.

**REQUEST NO. 6:**

Please produce a copy of each and every statement taken of any witness or of anyone in connection with this matter.

3

**RESPONSE:**

The Plaintiff has yet to identify the claims at issue in this litigation.  As such, Humana cannot yet identify evidence related to the claims at issue in this litigation.

**REQUEST NO. 7:**

Please produce any and all reports or other documents generated by anyone regarding the claims made the basis of this suit.

**RESPONSE:**

The Plaintiff has yet to identify the claims at issue in this litigation.  As such, Humana cannot yet identify evidence related to the claims at issue in this litigation.

**REQUEST NO. 8:**

Please produce any and all information regarding each and every witness that you may call at trial, including their name, address, telephone number, social security number, date of birth, job description and a detailed factual description of the testimony you intend to elicit from each.

**RESPONSE:**

The Plaintiff has yet to identify the claims at issue in this litigation.  As such, Humana has not yet identified who it may call as a witness at a trial.  Humana will provide its witness list in accordance with the Court's Scheduling Order.

**REQUEST NO. 9:**

Please produce any and all information regarding each expert witness you may call at the trial of this matter, including the area of expertise of each, as well as a detailed description of the information you intend to elicit from each.

**RESPONSE:**

The Plaintiff has yet to identify the claims at issue in this litigation.  As such, Humana has not yet identified who it may call as an expert witness at a trial of this matter.  Humana will provide its expert witness list in accordance with the Court's Scheduling Order.

**REQUEST NO. 10:**

Please produce any and all information regarding each and every defense you have to plaintiff's claims and if you claim any defenses, please list each fact which supports each defense and each piece of evidence, whether documentary or parole, which you contend supports each fact which supports each defense.

4826-7640-6404v1
2900125-000202 12/27/2018

**RESPONSE:**

The Plaintiff has yet to identify the claims at issue in this litigation. As such, Humana cannot yet list all the defenses it has to the claim and what evidence supports those defenses.

**REQUEST NO. 11:**

Please produce any and all information, facts, and/or evidence which supports of justifies Humana's use of the term "allowable" in determining or explaining how much to pay or not pay Crescent Hospital for medical services provided by Crescent Hospital to Humana customers from 2011 through the present date.

**RESPONSE:**

The Plaintiff has yet to identify the claims at issue in this litigation. As such, Humana cannot provide specific information related to the claims at issue in this litigation. Humana asserts that many of the health that Humana administers and the health insurance policies that Humana administer pay non-participating providers a "Maximum Allowable Fee" which is defined in the plan document or insurance policy.

**REQUEST NO. 12:**

Please produce any and all information regarding the use and/or application of Facets in determining what to pay or not pay Crescent Hospital for medical services provided to Humana customers from 2011 through the present date.

**RESPONSE:**

Humana objects to Request No. 12 on the basis that it is vague and ambiguous. The term "Facets" is unclear and not defined.

**REQUEST NO. 13:**

Please produce any and all information established by Humana in communicating with Crescent Hospital from the time a Humana customer approaches Crescent Hospital for medical services which triggers the initial contact by Crescent Hospital to determine Humana coverage and responsibility for Humana to pay including the out-of-network percentage of responsibility through the providing of medical service by Crescent Hospital to Humana customers through the generation of a medical bill by Crescent Hospital to Humana, through the approval of the appeal of Crescent Hospital to the amount paid by Humana.

4826-7640-6404v1
2900125-000202 12/27/2018

**RESPONSE:**

Humana objects to Request No. 13 on the basis that it is overly broad, ambiguous and unduly burdensome. Further responding, the Plaintiff has yet to identify the claims at issue in this litigation. As such, Humana cannot yet identify specific communications related to the claims at issue.

**REQUEST NO. 14:**

Please produce any and all information regarding any and all agreements between Humana and Ochsner Hospital which indicate and/or evidence the percentage of billed charges Humana pays Ochsner for medical services provided by Ochsner Hospital to Humana customers for the years 2011 through the present date.

**RESPONSE:**

Humana objects to Request No. 14 on the basis that the information requested is not relevant to the instant litigation nor reasonably calculated to lead to the discovery of admissible evidence. Further responding, Humana's contracts with its participating providers are confidential, proprietary business information.

**REQUEST NO 15:**

Please produce any and all information which involves or indicates the calculation and total amount of money paid to Ochsner Hospital for medical services provided to Humana customers for each year beginning in 2011 through the present date.

**RESPONSE:**

Humana objects to Request No. 15 on the basis that the information requested is not relevant to the instant litigation nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 16:**

Please produce any and all information which involves or indicates the percentage of billed charges paid by Humana to Ochsner Hospital for medical services provided to Humana customers for each year beginning in 2011 through the present date.

**RESPONSE:**

Humana objects to Request No. 16 on the basis that the information requested is not relevant to the instant litigation nor reasonably calculated to lead to the discovery of admissible evidence.

4826-7640-6404v1
2900125-000202 12/27/2018

**REQUEST NO. 17:**

Please produce any and all e-mail correspondence regarding Crescent Hospital generated by or received by Humana from 2011 through 2017.

**RESPONSE:**

Humana objects to Request No. 17 on the basis that its overly broad and unduly burdensome. Subject to its objection, Humana agrees to meet and in good faith confer on a schedule of production of email correspondence that is relevant to the claims at issue in this litigation once those claims have been identified.

**REQUEST NO. 18:**

Please produce any and all in-network signed contracts with participating specialty providers with attached rate sheets for each year from 2011 through 2017.

**RESPONSE:**

Humana objects to Request No. 18 on the basis that the information requested is not relevant to the instant litigation nor reasonably calculated to lead to the discovery of admissible evidence. Further responding, Request No. 18 is overly broad, ambiguous and unduly burdensome. Moreover, Humana's contracts with its participating providers are confidential, proprietary business information.

**REQUEST NO. 19:**

Please produce copies of any and all rate sheets attached to each and every in-network specialty hospital from 2011 through the present date.

**RESPONSE:**

Humana objects to Request No. 19 on the basis that the information requested is not relevant to the instant litigation nor reasonably calculated to lead to the discovery of admissible evidence. Further responding, Request No. 18 is overly broad, ambiguous and unduly burdensome. Moreover, Humana's rate sheets are confidential, proprietary business information.

**REQUEST NO. 20:**

Please produce any and all in-network signed contract with attached rate sheets.

**RESPONSE:**

See Response to Request Nos. 18 and 19.

4826-7640-6404v1
2900125-000202 12/27/2018

Respectfully submitted,

Errol J. King – Bar Roll No. 17649
Layna C. Rush -- Bar Roll No. 26242
**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**
450 Laurel Street
Chase Tower North, 12th Floor
Baton Rouge, Louisiana  70801
Telephone:     (225) 381-7000
Facsimile:     (225) 343-3612

**Attorneys For Defendant: Humana
Health Benefit Plan of Louisiana, Inc.,
Humana Health Plan, Inc., and Humana
Insurance Company**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have on this 18th day of January, 2019, served a copy of the foregoing discovery on counsel for all parties to this proceeding, by email and  by placing same in the United States Mail, properly addressed, and first class postage prepaid.

Layna C. Rush

4826-7640-6404v1
2900125-000202 12/27/2018

FILED FOR RECORD 10/05/2018 13:10:13
Shelley M. Mautrerer, DY CLERK
JEFFERSON PARISH, LA

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO.: 788-321                          DIVISION: E

CRESCENT CITY SURGICAL CENTRE

VERSUS

HUMANA HEALTH BENEFIT PLAN OF LOUISIANA, INC., (HUMANA, HUMANA OF LOUISIANA), HUMANA HEALTH PLAN, INC., AND HUMANA INSURANCE COMPANY

FILED: _____          _____
                                          DEPUTY CLERK:

FILED FOR RECORD 01/28/2019 15:37:25
Courtney M. Knight, DY CLERK
JEFFERSON PARISH, LA

### PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes plaintiff, CRESCENT

CITY SURGICAL CENTRE (hereinafter referred to as "plaintiff" or "Crescent Hospital"),

a limited liability company licensed to do and doing business in the Parish of Jefferson,

State of Louisiana, who respectfully represents that:

### I.

Made Defendants herein are:

A.   HUMANA HEALTH BENEFIT PLAN OF LOUISIANA, INC., (HUMANA, HUMANA OF LOUISIANA), a Louisiana corporation licensed to do and doing business in this Parish and State;

B.   HUMANA HEALTH PLAN, INC., a Louisiana corporation licensed to do and doing business in this Parish and State; and

C.   HUMANA INSURANCE COMPANY, a Louisiana corporation licensed to do and doing business in this Parish and State.

### II. NATURE OF ACTION

1.   This case concerns plaintiff Crescent Hospital's state law breach of contract

claim against defendants, Humana Health Benefit Plan of Louisiana, Inc., (Humana,

Humana of Louisiana), Humana Health Plan, Inc., and Humana Insurance Company,

(hereinafter referred to as "Defendants" or "Humana") for their continuing failure to pay

plaintiff, Crescent Hospital, an appropriate amount of money for medical services provided

by Crescent Hospital, which Humana agreed to pay.

EXHIBIT
C

2.      Despite Humana's representations, and the parties' ongoing agreement that Humana would pay the out-of-network provider's charges for medical services, Humana has breached its agreement and systematically reduced its payments to Crescent Hospital.

3.      Crescent Hospital, relying on Humana's statements and representations, provided quality services to Humana's customers, only to receive grossly insufficient payments.  Given Humana's statements and representations, Crescent Hospital is entitled to recover an appropriate reasonable amount for medical services rendered to Humana's customers.

4.      Humana has engaged in systematic, sophisticated, and intentional conduct to avoid paying Crescent Hospital what it should pay for services rendered.

5.      Crescent Hospital has been severely injured and financially damaged as a result of Humana's unlawful actions.

6.      Despite repeated efforts by Crescent Hospital to amicably resolve these issues, its entreaties have been to no avail.

### III.  VENUE AND JURISDICTION

7. Venue is proper in this matter pursuant to Louisiana Code of Civil Procedure Arts. 42, 74 and 76.1.  The defendants are entities doing substantial business in Louisiana.

### IV.  FACTUAL BACKGROUND

8.      Crescent Hospital provides surgical and related care to patients in the New Orleans area, and has over seventy board-certified physicians on its medical staff.

9.      Crescent Hospital regularly provided medical care to customers of Humana from 2011 through the present, even though the hospital is not within the network of Humana providers.

10.     Numerous Humana customers have chosen to receive their care at Crescent Hospital from its qualified surgeons and medical staff.

11.     Crescent Hospital's care is of the highest quality, and some of the best surgeons seek out opportunities to provide their surgical services there.

12.     Crescent Hospital's charges are fair and reasonable.

13.    Crescent Hospital has had an ongoing, consistent, and systematic business relationship with Humana.

14.    Each and every time before providing services to Humana customers, Crescent Hospital verifies Humana's agreement or offer to pay for services.

15.    Each and every time Crescent Hospital contacts Humana, it verifies that prospective patients are Humana customers that Humana will pay for medical bills for out of network medical services, such as those Crescent Hospital provides, and what percentage of medical bills Humana agrees and offers to pay.

16.    Each and every time, based on Humana's communication, Crescent Hospital provides medical services to Humana customers.

17.    After performing services to patients who are Humana's customers, Crescent Hospital timely provides to Humana a bill for services rendered, including a detailed itemization of services and supplies rendered in the course of such care, along with supporting documentation.

18.    Humana required that Crescent Hospital verify Humana's agreement or offer to pay, and the percentage of the bill Humana would pay by referring to Humana's web portal, Humana.com.

19.    Each and every time, Humana's statements regarding what it agreed or offered to pay and percentage of payment as stated on the web portal and otherwise, constitute affirmative representations regarding payment and its responsibility to Crescent Hospital for payment for services rendered by Crescent Hospital to Humana customers.

20.    With Humana.com, each and every time, Humana communicated to Crescent Hospital before Crescent Hospital provided medical services to Humana customers, the fact that Humana would pay and the percentage of the Crescent Hospital medical bill Humana would pay, and Humana expected Crescent Hospital to rely upon the information contained on Humana.com, and Crescent Hospital relied upon same and provided medical services to Humana customers.

21.     Each and every time after the medical services were performed by Crescent Hospital, Crescent Hospital prepared and sent a bill for services rendered to Humana. Humana consistently and systematically failed to pay what it agreed/offered or a reasonable amount, in violation of Louisiana Law.  Instead, Humana only paid cents on the dollar.

22.     Distilled, Humana has converted money it owed to Crescent Hospital to its own use.

23.     Each and every time Crescent Hospital relied upon and was entitled to rely upon to its detriment, Humana's web portal, and other statements made by Humana, whether oral or otherwise regarding Humana's agreement or offer to pay, and the percentage Humana offered or agreed to pay to Crescent Hospital for medical services rendered by Crescent Hospital to and for Humana customers.

24.     Humana published statements to Crescent Hospital that it will pay out-of-network providers a designated percentage of its medical bill.

25.     Despite Humana's confirmation that they would pay a designated percentage of Crescent Hospital's bill for out of network services, Humana engaged in a systematic, arbitrary and intentional effort to pay Crescent Hospital only cents on the dollar for services it rendered.

26.     Humana has engaged in a systematic and collusive practice aimed at reducing payments to out-of-network providers.

27.     Humana has consistently, systematically, and unreasonably paid Crescent Hospital for medical care, which it offered/agreed to pay Crescent Hospital, cents on the dollar.  This systematic and unlawful effort has resulted in Crescent Hospital's being underpaid by millions of dollars.

28.     Humana has failed to provide Crescent Hospital with any reasonable basis for its inadequate and extreme underpayments, illustrating that its actions are arbitrary, capricious, and with the purpose of financially harming Crescent Hospital.

29.     Crescent Hospital has been substantially damaged as a result of Humana's stream of unlawful activities.

## V. FIRST CAUSE OF ACTION

### BREACH OF CONTRACT - - FAILURE TO PAY A REASONABLE AMOUNT

30.     Crescent Hospital incorporates the foregoing paragraphs as if fully stated herein.

31.     Crescent Hospital does not claim or seek coverage or benefits on behalf of its patients, and expressly waives same, but instead seeks to enforce independent state law (and not federal law) legal duties that Humana owes directly to Crescent Hospital. Crescent Hospital specifically refuses to plead and expressly waives any rights it may have against Humana under any and all federal laws, either independently or on behalf of its patients. *Omega Hosp., LLC v. La. Health Serv. & Indem. Co.*, No. CIV. A. 13-21, 2013 WL 5236625, at *(E.D. La. Sept. 16, 2013), rev'd in part sub nom. *Omega Hosp., L.L.C. v. La. Health Serv. & Indem. Co.*, 592 F. App'x 268 (5th Cir. 2014); *Crescent City Surgical Centre v. La. Health Serv. & Indem. Co.*, No. 17-10211 (E.D. La. Oct. 11, 2017).

32.     Crescent Hospital is an independent party. Its claims are based on its status as an out-of-network health provider for medical services rendered, which Humana agrees to pay for and does pay (though extremely underpays) Crescent Hospital, and are not based on any assignment of benefits from its patients. Crescent Hospital specifically refuses to plead and expressly waives any rights it may have against Humana under any and all federal laws, either independently or on behalf of its patients.

33.     Crescent Hospital's claims are not based on the "relationship between the insured and insurer," but upon Humana's solicitation and knowing acceptance of Crescent Hospital's services.

34.     Each and every time a contract was formed by the consent of the parties (Crescent Hospital and Humana) established through offer and acceptance.

35.     An enforceable contract requires a meeting of the minds, which there was each and every time.

36.     Once an offer is made, consent to a contract need not be expressed in words but may be implied by actions of the parties, as it was here each and every time from 2011 through the present:

A.     Crescent Hospital and Humana have an ongoing, consistent and systematic business relationship.

B.     More particularly, Humana offered to pay Crescent Hospital for the medical services provided Humana customers. Each and every time the arrangement between the parties to the transactions underlying this lawsuit are routine and familiar, in that the same process of business, contract, billing and extreme underpayment occurs.

C.     Humana communicates to Crescent Hospital, which will be rendering those medical services, the percentage of the Crescent Hospital medical bill it agrees to pay for services rendered to Humana customers. Humana did this over the telephone, and then through Humana.com in response to Crescent Hospital's inquiries.

D.     Humana not only made this information available to Crescent Hospital, it specifically instructed Crescent Hospital to refer to it for information related to what Humana would pay. Specifically, Humana wrote to Crescent Hospital, expressly instructing Crescent Hospital to refer to the Humana.com web portal for any information it sought from Humana relating to monetary payments.

E.     In response to and based upon Humana's representations each and every time regarding what it would pay for medical services, Crescent Hospital agreed to render medical services to Humana's customers. Each and every time before agreeing to treat a prospective patient, Crescent Hospital first confirmed with Humana the percentage of the bill for the medical services to be performed that Humana agreed or offered to pay. Crescent Hospital verified Humana's offer and its

terms through telephone calls, and thereafter, through viewing the offers on Humana's Humana.com website.

F.    Regardless of the means of communication, each and every time Humana communicated to Crescent Hospital that it would pay Crescent Hospital a percentage of its bill.  When Crescent Hospital deemed the offer to be acceptable, it accepted the offer by providing the medical services.   This resulting performance constitutes an acceptance of Humana's offer and, alone, is sufficient to establish a binding, enforceable contract between the two.

G.    Humana and Crescent Hospital consented to contract through a longstanding business relationship and a consistent course of dealing.

H.    Crescent Hospital has been providing medical services for Humana for years.

I.    In furtherance of this business relationship, Humana, in fact, has in its system a provider identification number specifically for Crescent Hospital, which assists it in processing Crescent Hospital's bills and its resulting payments.

J.    Throughout the course of their dealing, Humana never indicated any desire not to do business with Crescent Hospital.  Even after deciding not to engage in telephonic pre-verification of payment, it continued to direct Crescent Hospital to its Humana.com website for such information.  Humana never communicated to Crescent Hospital not to treat any Humana customer.  Humana has all along availed itself of Crescent Hospital's providing services to its customers.  Crescent Hospital, after providing such services, then billed Humana directly for payment.  And, in response to such billing, Humana considered and generally made payments to Crescent Hospital for the services (although not close to the full amount due).

K.  Crescent Hospital's rendering of medical services for Humana customers, its billing Humana for payment for same, and Humana's payments in response demonstrate and confirm the parties' contractual undertaking. <u>Omega Hospital, LLC vs. Louisiana Health Service & Indemnity Co.</u>, 191 So.3d 582 (La. 2016).

L.  Each and every time, Humana and Crescent Hospital exchanged offer and acceptance via telephonic and internet verifications.

M.  Each and every time, Crescent Hospital contacts Humana to do work, Humana consents to same and confirms its responsibility for the bill.

N.  Each and every time, Crescent Hospital does the work.

O.  Each and every time, Crescent Hospital prepares and sends a bill.

P.  Finally, in the alternative, and to the extent the Court were to find that the parties did not agree upon a set price that Humana would pay for Crescent Hospital's rendering medical services to its customers would not foreclose a finding of an enforceable contract. The fact that the amount of compensation a party is to receive for services rendered was not agreed upon does not vitiate the contract. Instead, the law will imply in the contract, a provision that the party would be paid a reasonable sum for the services. La. Civ. Code art. 2054.

Q.  In this circumstance, the fact-finder may and will supply a reasonable price for the contract for Humana to pay for medical services rendered by Crescent Hospital.

R.  As a direct result of Humana's breach, Crescent Hospital has suffered damages including La Civil Code Art. 2000, interest damages.

## VI.  SECOND CAUSE OF ACTION

## VIOLATION OF LOUISIANA'S UNFAIR TRADE PRACTICES ACT

37.  Crescent Hospital incorporates the foregoing paragraphs as if fully stated herein.

38.    Crescent Hospital does not claim or seek coverage or benefits on behalf of its patients, and expressly waives same, but instead seeks to enforce independent state law (and not federal law) legal duties that Humana owes directly to Crescent Hospital. Crescent Hospital specifically refuses to plead and expressly waives any rights it may have against Humana under any and all federal laws, either independently or on behalf of its patients.

39.    Fraud, deceit, and misrepresentation constitute "deceptive practices" under the Louisiana Unfair Trade Practices Act. ("LUTPA")

40.    Defendants' improper actions and practices described in this Petition constitute the use or employment of an unfair or deceptive method, act, or practice under Louisiana Revised Statute § 51:1401, *et seq.* Defendants' acts violate public policy and are immoral, unethical, oppressive, unscrupulous, and/or substantially injurious.

41.    As a result of Humana's unfair, pervasive and unlawful practices, Humana has retained and continues to retain monies that it offered or agreed to pay, and which therefore rightfully belong to Crescent Hospital for rendering medical services to Humana customers.

42.    Crescent Hospital has been injured and suffered sizeable losses as a result of the use of Humana's actions, meriting an award of actual damages in an amount to be proven at trial.

43.    Humana's unfair practices are likely to continue absent judicial intervention.

## VII.  THIRD CAUSE OF ACTION

## DETRIMENTAL RELIANCE

44.    Crescent Hospital incorporates the foregoing paragraphs as if full stated herein.

45.    Crescent Hospital does not claim or seek coverage or benefits on behalf of its patients, and expressly waives same, but instead seeks to enforce independent state law (and not federal law) legal duties that Humana owes directly to Crescent Hospital. Crescent Hospital specifically refuses to plead and expressly waives any rights it may have against Humana under any and all federal laws, either independently or on behalf of its patients.

46.    Humana is liable to Crescent Hospital under the theory of detrimental reliance under Louisiana Civil Code Art. 1967.

47.    Humana communicated to Crescent Hospital via telephone and on Humana.com web portal that it agreed or offered to pay for Crescent Hospital's provision of medical services to Humana's customers, which induced Crescent Hospital to rely on said information to its detriment.

48.    Crescent Hospital reasonably relied, to its detriment, on representations and statements made by Humana as to the existence and extent of Humana's offer or agreement to pay for Crescent Hospital's provision of medical services to Humana customers.

49.    Crescent Hospital was entitled to rely upon Humana's representations and statements when accepting Humana customers as patients, based upon Humana's representations that Humana offered or agreed to pay and would pay for out-of-network medical services rendered by Crescent Hospital.

50.    Crescent Hospital has been damaged as a result of Humana's actions in an amount to be proven at trial.

## VIII.  FOURTH CAUSE OF ACTION

### FRAUD

51.    Crescent Hospital incorporates the foregoing paragraphs as if fully stated herein.

52.    Crescent Hospital does not claim or seek coverage or benefits on behalf of its patients, and expressly waives same, but instead seeks to enforce independent state law (and not federal law) legal duties that Humana owes directly to Crescent Hospital. Crescent Hospital specifically refuses to plead and expressly waives any rights it may have against Humana under any and all federal laws, either independently or on behalf of its patients.

53.    Fraud is defined in the Louisiana Civil Code as "a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other." Fraud may result from silence or inaction. La.C.C. art. 1953.

54. Humana made representations to Crescent Hospital by inviting Crescent Hospital to verify the terms of Humana's offer or agreement to pay through viewing Humana's web portal, Humana.com, and by providing information on its Humana.com web portal, and making statements orally and otherwise to Crescent Hospital, which Humana expected Crescent Hospital to rely upon, and which Crescent Hospital did rely upon, regarding Humana's offer or agreement to pay for Crescent Hospital's provision of medical services to Humana customers.

55. Humana's misrepresentations were of material facts because Crescent Hospital relied, to its detriment, on such misrepresentations and statements made by Humana as to the existence and extent of Humana's offer or agreement to pay for Crescent Hospital's provision of medical services to Humana customers.

56. Upon information and belief, Humana intended to deceive Crescent Hospital with its misrepresentations and systematic failure to pay Crescent Hospital a reasonable amount, and obtained an unjust advantage by keeping the monies it promised to pay Crescent Hospital for medical services provided by Crescent Hospital to Humana customers.

57. Crescent Hospital was reasonably entitled to rely upon Humana's representations and statements in accepting Humana customers as patients, based upon Humana's representations it would pay for care rendered by Crescent Hospital.

58. Crescent Hospital has been damaged as a result of Humana's fraudulent actions including extreme underpayment (Humana keeps Crescent Hospital's money) in an amount to be proven at trial.

## IX.  SIXTH CAUSE OF ACTION

## NEGLIGENT MISREPRESENTATION

59. Crescent Hospital incorporates the foregoing paragraphs as if fully stated herein.

60. Crescent Hospital does not claim or seek coverage of benefits on behalf of its patients, and expressly waives same, but instead seeks to enforce independent state law

(and not federal law) legal duties that Humana owes directly to Crescent Hospital. Crescent Hospital specifically refuses to plead and expressly waives any rights it may have against Humana under any and all federal laws, either independently or on behalf of its patients.

61.    Louisiana allows recovery in tort for purely economic loss caused by negligent misrepresentation where privity of contract is absent.

62.    For the cause of action to arise, there must be a legal duty on the part of the defendant to supply correct information to the plaintiff, there must be a breach of that duty, and the breach must have caused plaintiff damage.

63.    In Louisiana, negligent misrepresentation cases are evaluated using the duty-risk analysis. The duty-risk analysis is employed on a case-by-case basis.

64.    Generally, the initial determination in the duty-risk analysis is cause-in-fact.

65.    A plaintiff must prove that the conduct in question was a cause-in-fact of the resulting harm, the defendant owed a duty of care to the plaintiff, the requisite duty was breached by the defendant, and the risk of harm was within the scope of protection afforded by the duty breached.

66.    Under the circumstances described in this Petition, Humana has a legal duty to supply correct information regarding the existence and extent to which it has agreed or offered to pay to Crescent Hospital for the provision of medical services to Humana's customers.

67.    Crescent Hospital relied, to its detriment, on representations and statements made by Humana as to the existence and extent of payment by Humana for Crescent Hospital's provision of medical services to Humana's customers.

68.    Crescent Hospital was entitled to rely upon Humana's representations and statements.

69.    Humana is liable to Crescent Hospital for their negligent misrepresentations pursuant to Louisiana Civil Code Art. 2315 and other Louisiana law.

70.    Crescent Hospital has been injured and damaged as a result of Humana's actions in an amount to be proven at trial.

## X. THE CLAIMS OF CRESCENT HOSPITAL HEREIN ARE EXCLUSIVELY FOR STATE LAW BREACH OF CONTRACT AND THE STATE LAW CLAIMS THAT FLOW THEREFROM.

71.    This case arises and is brought exclusively under the laws of Louisiana, not the laws of the United States.  Nothing pleaded herein alleges any relief governed by or available pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.,* or the Federal Employees Health Benefits Act ("FEHBA"), 5 U.S.C. § 8901 *et seq.,* or federal common law, or any claims involving a federal officer. To the extent that any such claims may be even implied, Crescent Hospital expressly rejects such implication and expressly states that it does not and will not seek damages for any such claims and expressly waives same. *Omega Hosp., LLC v. La. Health Serv. & Indem. Co.,* No. CIV. A. 13-21, 2013 WL 5236625, at *(E.D. La. Sept. 16, 2013), rev'd in part sub nom. *Omega Hosp., L.L.C. v. La. Health Serv. & Indem. Co.,* 592 F. App'x 268 (5th Cir. 2014); *Crescent City Surgical Centre v. La. Health Serv. & Indem. Co. No.* 17-10211 (E.D. La. Oct. 11, 2017).

72.    Crescent Hospital's claims do not relate to employee welfare benefit plans subject to federal law pursuant to either ERISA, 29 U.S.C. § 1132(a), or FEHBA, 5 U.S.C. § 8901 *et seq.,* and Crescent Hospital expressly waives same.  Further, Crescent Hospital does not challenge the benefits that may be owed to its patients.  Finally, Crescent Hospital specifically does not seek any coverage determination or finding as to what benefits may be owed/not owed under any insurance policy to or on behalf of its patients.   Crescent Hospital specifically, refuses to plead and expressly waives any rights it may have against Humana under any and all federal laws, either independently or on behalf of its patients.

73.    Crescent Hospital does not seek to recover for alleged underpayments of health benefits owed to its patients or for its patients and expressly waives same.  Crescent Hospital does not seek to enforce rights or recover benefits under the terms of any insurance policy.

74.    Crescent Hospital does not seek to recover benefits under ERISA for its patients and expressly and hereby waives same.

75.    Crescent Hospital does not seek to recover benefits from FEHBA-governed health benefits plans for its patients and hereby expressly waives same.  Furthermore, Crescent Hospital does not seek to recover any amounts for Humana's payment misrepresentations that are related to treatment of any patient who may have an FEHBA insurance policy, and hereby expressly waives and disclaims such recovery.

76.    Crescent Hospital does not claim or seek coverage benefits on behalf of its patients, and hereby expressly waives same, but instead seeks to enforce state law legal duties that Humana owes directly to Crescent Hospital.  Crescent Hospital's suit seeks only to enforce its own state law legal rights against Humana.  Federal law does not and cannot preempt Crescent Hospital's state law claims because Crescent Hospital expressly waives any and all federal law claims it may have against Humana.

77.    Moreover, Crescent Hospital's claims do not require a determination of any federal rights and Crescent Hospital hereby expressly waives same.

78.    Crescent Hospital is not, does not, and will not make a claim against Humana either expressly or impliedly under ERISA.  Crescent Hospital is not, and will not make a claim against Humana either expressly or impliedly based upon assignments regarding claims Humana customers may have against Humana and hereby expressly waives same.

79.    Crescent Hospital is not making a claim either expressly or impliedly that Humana customers did not receive their benefits under the terms of their plans or claim that the relationship between Humana's customers and their employers was adversely affected.  Crescent Hospital is not seeking to recover any monies promised on that basis and hereby expressly waives same.

80.    Crescent Hospital's suit is exclusively a direct action to enforce its own legal rights to payment (as opposed to a derivative suit seeking to enforce its patients' rights), and therefore is not a suit under FEHBA.  FEHBA does not preempt Crescent Hospital's direct claim – brought exclusively under Louisiana law and not federal law in regard to Humana's agreements and misrepresentations concerning the extreme underpayments to Crescent Hospital by Humana – for negligent misrepresentation, detrimental reliance, and

breach of contract and LUTPA violations for medical services provided by Crescent Hospital to Humana customers. Crescent Hospital is not claiming monies for the failure of Humana to respect its patients' rights and hereby expressly waives same.

81.    Crescent Hospital is not and will not make a claim either expressly or impliedly against a federal officer arising out of his official duties and hereby expressly waives same. In fact, Crescent Hospital expressly waives any claims it may have suggesting that a federal officer did anything wrong, much less injure anyone, including Crescent Hospital, and hereby expressly waives same. Crescent Hospital further denies that any Crescent Hospital patients/Humana customers were federal officers and does not and will not seek any monies from Humana for its failure to pay for same. Further, if any Crescent Hospital patient/Humana customer had a FEHBA health insurance policy, Crescent Hospital hereby expressly eliminates and separates that patient(s) and corresponding medical bill(s) for treatment from this lawsuit and does not seek and will not accept a single cent for the failure of Humana to pay Crescent Hospital same. Crescent Hospital expressly waives same.

## XI. JURY DEMAND

82.    Plaintiff asserts that its damages exceed that necessary for a trial by jury and, therefore, requests a jury trial.

## XII. PRAYER

WHEREFORE, Plaintiff, Crescent Hospital, prays that Humana be served with a copy of this Petition, and after all legal delays and due proceeding had before a jury, there by judgment in favor of Crescent Hospital and against Humana Health Benefit Plan of Louisiana, Inc., (Humana, Humana of Louisiana), Humana Health Plan, Inc., and Humana Insurance Company, jointly and solidarily, for the amount of damages proved at trial, together with legal interest, all costs of these proceedings, and for all other relief, including, but not limited to attorneys' fees, as are appropriate.

Respectfully submitted,

GIBBY ANDRY, THE ANDRY LAW FIRM, LLC

_____
GILBERT V. ANDRY, IV (LSBA # 20056)
828 Baronne Street
New Orleans, LA 70113
Telephone: (504) 522-1000
Facsimile: (504) 522-8000

**PLEASE SERVE:**

Humana Health Benefit Plan of Louisiana, Inc.
(Humana, Humana of Louisiana)
Through its Registered Agent for Service
Corporation Service Company
320 Somerulos Street
Baton Rouge, LA 70802

Humana Health Plan, Inc.
Through its Registered Agent for Service
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

Humana Insurance Company
Through its Registered Agent for Service
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

FILED FOR RECORD 01/28/2019 15:37:25
Courtney M. Knight, DY CLERK
JEFFERSON PARISH, LA

# CRESCENT CITY SURGICAL CENTRE

# VERSUS

# HUMANA HEALTH BENEFIT PLAN OF LOUISIANA, INC., (HUMANA, HUMANA OF LOUISIANA), HUMANA HEALTH PLAN, INC., AND HUMANA INSURANCE COMPANY

# CASE BROCHURE

### Prepared by:  Gilbert V. Andry, IV
### Gibby Andry, The Andry Law Firm, LLC

# FOR SETTLEMENT PURPOSES ONLY



EXHIBIT
D
tabbies

TABLE OF
CONTENTS

80000 SERIES
30% P.C.W.
RECYCLED

# TABLE OF CONTENTS

# TABLE OF CONTENTS

Executive Summary . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Crescent City Surgical Centre is a Hospital . . . . . . . . . . . . . . . . . . . . . 2

Applicable Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

The Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Quantum . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Verdict Form . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

1

FILED FOR RECORD 01/28/2019 15:37:26
Courtney M. Knight, DY CLERK
JEFFERSON PARISH, LA.

# EXECUTIVE SUMMARY

Crescent Hospital, a hospital located in Metairie, Louisiana, provides surgical care and other related care to patients in the New Orleans area, and has over seventy board-certified physicians on its medical staff.  Crescent Hospital's physicians regularly provide the necessary and important care to insureds of Humana, even though the hospital is not within the participating provider network of Humana. Numerous Humana customers have deliberately chosen to receive their care at Crescent Hospital from qualified surgeons and medical staff, even though Crescent Hospital is not within Humana's network.  Crescent Hospital's care is of the highest quality, and some of the best surgeons seek opportunities to provide their surgical services there.

Before providing services to patients, Crescent Hospital regularly and systematically verifies responsibility for payment with insurers, such as Humana. Crescent Hospital contacts Humana by telephone and computer to ensure information it receives is accurate and reliable.  Based on information provided by Humana, Crescent Hospital makes a determination whether to provide services to patients.

When a patient presented to Crescent Hospital for treatment and a "precertification" inquiry was made, Humana did on every occasion confirm that Crescent Hospital was eligible for full payment.  Humana's failure to protest or instruct Crescent Hospital not to provide the service when asked about coverage by

Crescent Hospital, further evidenced a continuous business relationship and contract which was consummated and binding.   In addition, Humana's action allowed the services to be performed by Crescent Hospital.   After completing its services to patients who are Humana's insureds, Crescent Hospital timely provides to Humana a detailed itemization of services and supplies rendered in the course of such care, along with supporting documentation.

Although it is not an in-network provider (*i.e.*, a provider with a signed written contract with Humana, which contains an agreed-upon price list), Crescent Hospital has had a longstanding and continuous "business relationship" with Humana.  This business relationship entailed Humana's offering payment for the treatment of its customers, followed by Crescent Hospital performing the treatment and then billing Humana for payment.

This business arrangement followed a regular, well-established pattern. Before agreeing to treat a prospective patient, Crescent Hospital first checked that Humana was agreeing to pay for the medical services being performed.  Humana represented to Crescent Hospital its payment responsibility.  Crescent Hospital, in turn, expected to and did receive payment.  However, as Humana knows, it has extremely underpaid Crescent Hospital.

Humana was a regular recipient of treatment bills from Crescent Hospital, and it is equipped to process and pay them.  It has in its system a provider identification

number specifically for Crescent Hospital, which assists in its processing Crescent Hospital's bills and its resulting payments.

Early on, Humana demanded that Crescent Hospital verify insurance payment information by viewing information on Humana's web portal. Humana's statement regarding coverage, as stated on the web portal and otherwise, constitute affirmative representations regarding Humana's responsibility for payment to Crescent Hospital, as well as reasonable payment for services rendered to Humana customers by Crescent Hospital.

Crescent Hospital had no reason to doubt that Humana would pay the Humana quoted percentages of its bills. As Dr. Teresa Waters explains, it is "customary" for providers such as Crescent Hospital to rely on quoted payment percentages that insurance companies represent they will pay. Moreover, because it has no written provider contract with Humana, Crescent Hospital had never agreed to accept any baseline below its itemized bill. This is in line with standards in the industry. Distilled, it is customary for insurance companies to base their payments on a provider's itemized bill when the insurance company does not have a signed written contract with the provider that sets for the predetermined agreement as to price.

Crescent Hospital relied on Humana's representations of responsibility, and Crescent Hospital based its decision whether to provide treatment to a given patient on them. Once it agreed to treat Humana customers, Crescent Hospital in each case

provided the medical care and sent an itemized bill to Humana for payment. Once Humana received such bills, it generally paid Crescent Hospital for the services, but arbitrarily underpaid.

Despite Humana's explicit representations and practice that it would pay an out-of-network provider's charges, every year for the past six years, Humana has systematically and dramatically reduced its payments to Crescent Hospital. Crescent Hospital, relaying on Humana's statements and representations, has provided quality medical services to Humana customers, only to receive grossly insufficient payments. Under Louisiana law Crescent Hospital is entitled to be paid a reasonable amount of services rendered to Humana customers. By way of example, for 2017, defendants have only paid on average 10.83% of Crescent Hospital's charges.

From January 2011 forward, Crescent Hospital has relied upon and was entitled to rely upon, to its detriment, Humana representatives' statements oral or otherwise, to determine insurance coverage and payment to Crescent Hospital for services rendered.

Humana has implemented systematic claims processes to manipulate the CPT codes contained in the claims forms submitted by Crescent Hospital by arbitrary and random denial of covered services and by bundling irreconcilable claims denial code explanations and rejecting code descriptions.

Humana conceals the manner in which it actually processes requests for payment by refusing to disclose it, by taking affirmative steps to keep it secret, and by depriving Crescent Hospital of information that might enable Crescent Hospital to discover Humana's processing techniques, including such basic information as the schedule of fees in effect for various procedures.

Crescent Hospital was reasonably and justifiably entitled to rely upon Humana's representations and statements in accepting Humana customers as patients, based upon Humana's representations that their policies pay a reasonable amount for out-of-network medical care, such as that rendered by Crescent Hospital. Crescent Hospital relied, to its detriment, on representations and statements made by Humana as to the existence and extent of insurance coverage for Crescent Hospital's provision of medical services to Humana's customers.

As a result of Humana's unfair, wrongful, deceptive and/or unlawful practices, Humana has retained and continues to retain monies that rightfully belong to Crescent Hospital for rendering covered, medically necessary services to Humana's customers. Humana should be required to pay these monies to Crescent Hospital.

Crescent Hospital seeks to recover for medical services and supplies it provided to its patients, who are Humana customers. Humana has engaged in systematic, sophisticated, and intentional conduct to avoid paying Crescent Hospital

what it should receive as payment for services rendered. Crescent Hospital has been severely injured and financially damaged as a result of Humana's years of unlawful actions.

In conclusion, there are two calculations measuring the magnitude of damages associated with this case. The damages are estimated to be $____ and ____ for the period of January 1, 2011 through the present and continuing.

Crescent Hospital quantifies the damages suffered, is suffering, and will suffer as a result of Humana's conduct as follows:

| Total Charges Method | "Aetna Standard" Method |
|---|---|
| $15,043,528.00 | $7,157,281.00 |

**2**

FILED FOR RECORD 01/28/2019 15:37:27
Courtney M. Knight, DY CLERK
JEFFERSON PARISH, LA

# CRESCENT CITY SURGICAL CENTRE IS A HOSPITAL



# State of Louisiana
## Department of Health and Hospitals
### LICENSE
#### Hospital

Main Campus License #    2203782452                    State ID:   HO0010513

Type Facility:    Acute

This is to certify that

is hereby licensed to operate    Crescent City Surgical Centre Operating Company, LLC

Crescent City Surgical Centre

at    3017 Galleria Drive

Metairie    LA    70001

With a licensed capacity of   20    licensed beds

The license will expire on   12/31/2016,    but may be revoked or suspended at any time as provided in the Licensing Law or Minimum Standards pertaining thereto. This license is not transferable and must be renewed annually. This license is valid for the above mentioned entity at the above mentioned location. A change in the entity and/or location voids the license.

12/17/2015
_____
Date of Issue

01/01/2016
_____
License Effective Date

_____
Director



**DEPARTMENT OF HEALTH** AND HOSPITALS

Health Standards Section

12/17/2015

State ID: HQ0010513

Kirk Long
Crescent City Surgical Centre
3017 Galleria Drive
Metairie, LA 70001

Dear Administrator:

We are issuing you a license to operate at the geographical address listed on the enclosed license. If your facility is determined to be out of compliance on a survey prior to the expiration of this license, full licensure may be revoked.

License Expiration Date:  12/31/2016
License # 2203782452

Application for renewal will be sent to you prior to this expiration date. The enclosed license should be conspicuously displayed in your place of business, is not transferrable and may be revoked for non-compliance with State regulations.

Please be certain to notify this office of any proposed changes in your program. You are to also notify this office and the State Fire Marshal's Office of any proposed structural changes or additions to your facility. Should you need any assistance, please call the program desk, or 225-342-0138. Contact numbers for each program desk are found on our website:

http://new.dhh.louisiana.gov/index.cfm/page/248/n/24

Sincerely,

Cecile D. Castello, RN, BSN
Director

Enclosure

Q59Z--Full License Letter (11/2012)

FILED FOR RECORD 01/28/2019 15:37:27
Courtney M. Knight, DY CLERK
JEFFERSON PARISH, LA.

3

# APPLICABLE LAW

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO.: 733-321                                              DIVISION "E"

CRESCENT CITY SURGICAL CENTRE

VERSUS

HUMANA HEALTH BENEFIT PLAN OF LOUISIANA, INC. (HUMANA, HUMANA OF LOUISIANA), HUMANA HEALTH PLAN, INC., AND HUMANA INSURNACE COMPANY

FILED: _____        _____

                                        DEPUTY CLERK:

**PLAINTIFF'S REQUESTED JURY CHARGES**

NOW INTO COURT, through undersigned counsel, comes plaintiff, CRESCENT

HOSPITAL who files the attached Special Requested Jury Charges in connection with trial

of this matter set before this Honorable Court on the ___ day of _____, _____.

Respectfully submitted,

**GIBBY ANDRY, THE ANDRY LAW FIRM, LLC**

_____
**GILBERT V. ANDRY, IV (LSBA No. 20056)**
828 Baronne Street
New Orleans, LA 70113
Telephone: (504) 522-1000
Facsimile: (504) 522-8000

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been duly served
upon all counsel of record via facsimile and by placing a copy of same in the United States
Mail, properly addressed and postage prepaid this ____ day of _____, _____.

_____
**GILBERT V. ANDRY, IV**

## PLAINTIFF'S REQUESTED JURY CHARGES NO. 1

The Non-Participating Providers are independent third parties whose claims have been created based on their status as a non-contracted health provider and not created upon an entitlement to payment arising through an assignment of such benefits arising through an assignment of such benefits by patients treated by Plaintiff.  Further, their constructive contract and unjust enrichment claims are not based upon the "relationship between the insured and insurer" but upon Defendants?' solicitation and knowing acceptance of the Providers' services.  In re; *Managed Care Litigation*, 298 F. Supp. 2d 1259 (S.D. Fla. 2003)

## PLAINTIFF'S REQUESTED JURY CHARGES NO. 2

A contract is formed by the consent of the parties established through offer and acceptance. Thus, an enforceable contract requires a meeting of the minds. Unless the law requires a certain formality, offer and acceptance can be made orally. *Read v. Willwoods Community*, 165 So3d 883 (La. 2015)

## PLAINTIFF'S REQUESTED JURY CHARGES NO. 3

An oral contract for more than five hundred dollars, the Civil code requires that the contact be proved by the testimony of "one witness and other corroborating circumstances" . . . "[t]he plaintiff himself may serve as the witness to establish the existence of the oral contract. The 'other corroborating circumstances' need only be general in nature, independent proof of every detail of the agreement is not required. But, the other corroboration must come from a source other than the plaintiff." *Read v. Willwoods Community*, 165 So.3d 883 (La. 2015)

## PLAINTIFF'S REQUESTED JURY CHARGES NO. 4

When evaluating the evidence needed to establish the existence or non-existence of a contract, the trier of fact is allowed to make credibility determinations. *Read v. Willwoods Community*, 165 So.3d 883 (La. 2015)

## PLAINTIFF'S REQUESTED JURY CHARGES NO. 5

Once an offer is made, consent to a contract need not be expressed in words but may be implied by actions of the parties. LSA–C.C. arts. 1939, 1940. _Woods v. Morgan City Lions Club_, 588 So. 2d 1196, 1200 (La. App. 1 Cir. 1991)

## PLAINTIFF'S REQUESTED JURY CHARGES NO. 6

Absent express stipulation as to the term of a contract, a reasonable term is inferred from nature of contract and circumstances of case; among those circumstances are the manner of the parties' execution of their obligations and pertinent usage and custom.  LSA-C.C. arts. 1953, 1956 1966, 2050.  *Leblanc v. City of Plaquemine*, 448 So.2d 699 (La. App. 1 Cir. 1984)

## PLAINTIFF'S REQUESTED JURY CHARGES NO. 7

Residents of subdivision outside of city limits formed a binding contract with city for provision of electricity services when they used services, were billed for services, and paid for the services billed. *LeBlanc v. City of Plaquemine*, 448 So. 2d 699, 703 (La. App. 1 Cir. 1984)

**PLAINTIFF'S REQUESTED JURY CHARGES NO. 8**

A party need not accept contract expressly by his signature but may do so by availing himself of its stipulations. *Willis v. Allied Insulation Company*, 174 So.2d 858

## PLAINTIFF'S REQUESTED JURY CHARGES NO. 9

Once the plaintiff performed all of the requirements of the offer in accordance with the published terms, it created a valid and binding contract, under which she became entitled to the promised rewards."; *Willis v. Allied Insulation Co.*, 174 So. 2d 858, 861 (La. App. 1 Cir. 1965)]

## PLAINTIFF'S REQUESTED JURY CHARGES NO. 10

Consent to the terms and rates was manifested by both his continued use of those services and by his payment for the services. Having expressed consent through his own action and benefited from the services rendered, he is obligated to pay for those services." *Grein v. Hawkins,* 295 So. 2d 219, 221-22 (La. App. 3 Cir. 1974)

## PLAINTIFF'S REQUESTED JURY CHARGES NO. 11

A customer could be bound to pay for services that were delivered; his consent to be bound was evidenced by the fact that he benefitted from the services, and he actually paid for the services. *Grein v. Hawkins*, 295 So. 2d 219, 221-22 (La. App. 3 Cir. 1974)

## PLAINTIFF'S REQUESTED JURY CHARGES NO. 12

Where parties did not agree to specific rate for various services, they impliedly agreed to reasonable rates for labor and equipment actually supplied. *RTL corp. v. Manufacturer's Enterprises, Inc.*, 429 So.2d 855 (La. 1983)

**PLAINTIFF'S REQUESTED JURY CHARGES NO. 13**

The fact [that] the amount of compensation a party is to receive for his services was not agreed upon does not mean that a contract ceases to exist. Instead, the law will imply in the contract a provision that the party would be paid a reasonable sum for his services. *Bordelon v. Comeaux Furniture & Appliance, Inc.*, 97-2864 (La. 2/13/98), 705 So. 2d 740, 741; *see also Grimaldi Plumbing & Heating Co. v. Doucette*, 414 So. 2d 832, 833 (La. App. 4 Cir. 1982)

## PLAINTIFF'S REQUESTED JURY CHARGES NO. 14

In case of doubt that cannot be otherwise resolved, a provision in a contract must be interpreted against the party who furnished its text.

A contract executed in a standard form of one party must be interpreted, in case of doubt, in favor of the other party.  La. C.C. Art. 2056.

## PLAINTIFF'S REQUESTED JURY CHARGES NO. 15

Under Louisiana law, ambiguous clauses are construed against the drafter of the contract. *United States Abatement Corp. v. Mobile Exploration. & Producing U.S.* (In Re United States Abatement Corp.), 79 F.3d 393, 1996 U.S. App. (5th Cir. La. 1996)

## PLAINTIFF'S REQUESTED JURY CHARGES NO. 16

Detrimental reliance is codified and states in part:  A party may be obligated by a promise when he knew or should have known the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying.  Recovery may be limited to the expenses incurred or the damages suffered as a result of the promisee's reliance on the promise.  La.Civ.Code art. 1967

## PLAINTIFF'S REQUESTED JURY CHARGES NO. 17

[T]he focus of analysis of a detrimental reliance claim is not whether the parties intended to perform, but instead, whether a representation was made in such a manner that the promisor should have expected the promisee to rely upon it, and whether the promisee so relies to his detriment. *Suire v. Lafayette City-Parish Consolidated Government*, 907 So.2d 37, 59 (La. 4/12/05)

## PLAINTIFF'S REQUESTED JURY CHARGES NO. 18

A plaintiff relies to his detriment and is entitled to recover damages when he proves by a preponderance of the evidence:  (1) representation by conduct or word; (2) a justifiable reliance in the representation; and (3) a change in the position to their detriment because of that reliance.  *Murphy Cormier General Contractor, Inc., v. State Dept. of Health*, 114 So.3d 567 (La. App. 3 Cir. 5/22/13).

## PLAINTIFF'S REQUESTED JURY CHARGES NO. 19

To succeed at trial on a claim for detrimental reliance, a plaintiff must prove three elements by a preponderance of the evidence: (1) a representation by conduct or word; (2) justifiable reliance; and (3) a change in position to one's detriment because of the reliance. *Suire v. Lafayette City-Par. Consol. Gov't*, 04-1459 (La. 4/12/05), 907 So. 2d 37, 59; *Murphy Cormier Gen. Contractors, Inc.*, 170 So. 3d at 379

## PLAINTIFF'S REQUESTED JURY CHARGES NO. 20

Fraud is defined in our civil code as "a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other." La. C.C. art. 1953. Fraud may also result from silence or inaction. Id. There are three basic elements to an action for fraud: (1) a misrepresentation, suppression, or omission of true information; (2) the intent to obtain an unjust advantage or to cause damage or inconvenience to the other party; and (3) the resulting error must relate to a circumstance substantially influencing the other party's contractual consent. *Shelton v. Standard/700 Associates*, 798 So.2d 60, 64, (La. 10/16/01). See La. C.C. arts. 1953, 1955.

## PLAINTIFF'S REQUESTED JURY CHARGES NO. 21

Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss to the other. Fraud may also result from silence or inaction. LSA-C.C. art. 1953. Fraud must be proved by a preponderance of the evidence. LSA-C.C. art. 1957. *Norwood v. Mobley Valve Services, Inc.*, 144 So.3d 1143 (La. App. 2 Cir. 6/25/14).

## PLAINTIFF'S REQUESTED JURY CHARGES NO. 22

There are two elements necessary to prove legal fraud: an intent to defraud and a resulting damage. Fraud need only be proven by a preponderance of the evidence and may be established by circumstantial evidence. La. C.C. Art. 1957; *Shelton v. Standard/700 Associates,* 798 So.2d 60 (La. 10/16/01). Circumstantial evidence, including highly suspicious facts and circumstances may be considered in determining whether fraud has been committed. *Lomont v. Bennett,* 173 So.3d 620 (La. 6/30/15)

## PLAINTIFF'S REQUESTED JURY CHARGES NO. 23

A party who is injured by fraud and deceit of another has a cause of action for damages. *Sun Drilling Products Corp. v. Rayborn,* 798 So.2d 1141 (La.App. 4 Cir. 10/3/01), writ denied 807 So.2d 840, (La. 1/25/02)

## PLAINTIFF'S REQUESTED ALTERNATIVE JURY CHARGES NO. 24

Louisiana allows recovery in tort for purely economic loss caused by negligent misrepresentation where privity of contract is absent. For the cause of action to arise, there must be a legal duty on the part of the defendant to supply correct information to the plaintiff, there must be a breach of that duty, and the breach must have caused plaintiff damage. *Parish of Jefferson v. Bankers Ins. Co.*, 88 So.3d 1082, (La.App. 5 Cir. 2/28/12)

## PLAINTIFF'S REQUESTED JURY CHARGES NO. 25

In Louisiana, negligent misrepresentation cases are evaluated using the duty-risk analysis. The duty-risk analysis is employed on a case-by-case basis. A plaintiff must prove that the conduct in question was a cause-in-fact of the resulting harm, the defendant owed a duty of care to the plaintiff, the requisite duty was breached by the defendant, and the risk of harm was within the scope of protection afforded by the duty breached. Generally, the initial determination in the duty-risk analysis is cause-in-fact. The inquiry to be made is whether the harm is whether the harm would have occurred but for the defendant's alleged substandard conduct or, when concurrent causes are involved, whether defendant's conduct was a substantial factor in bringing about the harm. *Granger v. Christus Health Central La.,* 144 So.3d 736, (La. 6/28/13)

## PLAINTIFF'S REQUESTED JURY CHARGES NO. 26

The tort theory of negligent misrepresentation is founded upon the following requisite elements:  (1) a legal duty on the defendant's part to supply correct information to the plaintiff, (2) a breach of that duty; and (3) damages to the plaintiff as a result of his justifiable reliance upon the misrepresentation. *Bushy v. Parish Nat'l Bank*, 464 So.2d 374 (La. App. 1st Cir.), writ denied, 467 So.2d 1132 (La. 1985). (Emphasis added.)

## PLAINTIFF'S REQUESTED JURY CHARGES NO. 27

Fraud, deceit, and misrepresentation constitute "deceptive practices" under Unfair Trade Practices Act. *Dixie Sav. and Loan Ass'n v. Pitre*, 751 So.2d 911, (La.App. 5 Cir. 7/27/99), *writ denied* 751 So.2d 855 (La. 12/10/99)

## PLAINTIFF'S REQUESTED JURY CHARGES NO. 28

Damages will be awarded under the Louisiana Unfair Trade Practices Act (LUTPA) only when the plaintiff proves some element of fraud, misrepresentation, deception, or other unethical conduct on the part of the defendants; the key consideration is business honesty. *Risk Management Services, L.L.C. v. Moss*, 40 So.3d 176 (La.App. 5 Cir. 2010) *writ denied*, 44 So.3d 683 (La. 9/3/10)

**PLAINTIFF'S REQUESTED JURY CHARGES NO. 29**

Consumer was entitled to treble damages under Unfair Trade Practices Act (UTPA) for car dealership's conversion of her vehicle and her loss of use of that vehicle when dealership refused to return it after being unable to obtain financing for sales agreement under which consumer offered her vehicle as trade-in, where dealership continued its conversion of vehicle for over two months after receiving notice from Louisiana Attorney General that if dealership's alleged conduct in violation of UTPA continued after the notice, treble damages would be awarded. *McFadden v. Import One, Inc.*, 56 So.3d 1212 (La. App. 3 Cir. 2/9/11)

## PLAINTIFF'S REQUESTED JURY CHARGES NO. 30

Practice is "unfair," under Louisiana Unfair Trade Practices Act (LUTPA), when it offends established public policy, when the practice is unethical, oppressive, unscrupulous or substantially injurious. *NOLA 180 v. Treasure Chest Casino, LLC*, (La.App. 5 Cir. 2012), 91 So.3d 446, (La. App. 5 Cir. 3/27/12), *writ denied* 90 So.3d 1066 (La. 6/15/12).

## PLAINTIFF'S REQUESTED JURY CHARGES NO. 31

Claims under LUTPA are not limited to consumers and business consumers and business competitors, but are available to any person who suffers any ascertainable loss a result of violations of the statute. *Hardy v. Easterling*, 113 So.3d 1135, (La. App. 2 Cir. 5/17/06).

**PLAINTIFF'S REQUESTED JURY CHARGES NO. 32**

The Louisiana Supreme Court stated that there are five elements required for showing of unjust enrichment:

1. there must be an enrichment;

2. there must be an impoverishment;

3. there must be a connection between the enrichment and resulting impoverishment;

4. there must be an absence of "justification" or "cause" for the enrichment and the impoverishment; and

5. there must be no other remedy at law available to the plaintiff. *Baker v. Maclay Properties Co.*, 648 So.2d 888, 897 (La. 1/17/95).

FILED FOR RECORD 01/28/2019 15:37:28
Courtney M. Knight, DY CLERK
JEFFERSON PARISH, LA

4

# THE FACTS

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO.:                                          DIVISION:

CRESCENT CITY SURGICAL CENTRE

VERSUS

HUMANA HEALTH BENEFIT PLAN OF LOUISIANA, INC., (HUMANA, HUMANA OF LOUISIANA), HUMANA HEALTH PLAN, INC., AND HUMANA INSURANCE COMPANY

FILED: _____          _____
                                            DEPUTY CLERK:

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes plaintiff, CRESCENT CITY SURGICAL CENTRE (hereinafter referred to as "plaintiff" or "Crescent Hospital"), a limited liability company licensed to do and doing business in the Parish of Jefferson, State of Louisiana, who respectfully represents that:

### I.

Made Defendants herein are:

A.   HUMANA HEALTH BENEFIT PLAN OF LOUISIANA, INC., (HUMANA, HUMANA OF LOUISIANA), a Louisiana corporation licensed to do and doing business in this Parish and State;

B.   HUMANA HEALTH PLAN, INC., a Louisiana corporation licensed to do and doing business in this Parish and State; and

C.   HUMANA INSURANCE COMPANY, a Louisiana corporation licensed to do and doing business in this Parish and State.

## II. NATURE OF ACTION

1.      This case concerns plaintiff Crescent Hospital's state law breach of contract claim against defendants, Humana Health Benefit Plan of Louisiana, Inc., (Humana, Humana of Louisiana), Humana Health Plan, Inc., and Humana Insurance Company, (hereinafter referred to as "Defendants" or "Humana") for their continuing failure to pay plaintiff, Crescent Hospital, an appropriate amount of money for medical services provided by Crescent Hospital, which Humana agreed to pay.

2.      Despite Humana's representations, and the parties' ongoing agreement that Humana would pay the out-of-network provider's charges for medical services, Humana has breached its agreement and systematically reduced its payments to Crescent Hospital.

3.      Crescent Hospital, relying on Humana's statements and representations, provided quality services to Humana's customers, only to receive grossly insufficient payments.  Given Humana's statements and representations, Crescent Hospital is entitled to recover an appropriate reasonable amount for medical services rendered to Humana's customers.

4.      Humana has engaged in systematic, sophisticated, and intentional conduct to avoid paying Crescent Hospital what it should pay for services rendered.

5.      Crescent Hospital has been severely injured and financially damaged as a result of Humana's unlawful actions.

6.      Despite repeated efforts by Crescent Hospital to amicably resolve these issues, its entreaties have been to no avail.

### III. VENUE AND JURISDICTION

7. Venue is proper in this matter pursuant to Louisiana Code of Civil Procedure Arts. 42, 74 and 76.1. The defendants are entities doing substantial business in Louisiana.

### IV. FACTUAL BACKGROUND

8.    Crescent Hospital provides surgical and related care to patients in the New Orleans area, and has over seventy board-certified physicians on its medical staff.

9.    Crescent Hospital regularly provided medical care to customers of Humana from 2011 through the present, even though the hospital is not within the network of Humana providers.

10.    Numerous Humana customers have chosen to receive their care at Crescent Hospital from its qualified surgeons and medical staff.

11.    Crescent Hospital's care is of the highest quality, and some of the best surgeons seek out opportunities to provide their surgical services there.

12.    Crescent Hospital's charges are fair and reasonable.

13.    Crescent Hospital has had an ongoing, consistent, and systematic business relationship with Humana.

14.    Each and every time before providing services to Humana customers, Crescent Hospital verifies Humana's agreement or offer to pay for services.

15.    Each and every time Crescent Hospital contacts Humana, it verifies that prospective patients are Humana customers that Humana will pay for medical bills for out of network medical services, such as those Crescent Hospital provides, and what percentage of medical bills Humana agrees and offers to pay.

16.     Each and every time, based on Humana's communication, Crescent Hospital provides medical services to Humana customers.

17.     After performing services to patients who are Humana's customers, Crescent Hospital timely provides to Humana a bill for services rendered, including a detailed itemization of services and supplies rendered in the course of such care, along with supporting documentation.

18.     Humana required that Crescent Hospital verify Humana's agreement or offer to pay, and the percentage of the bill Humana would pay by referring to Humana's web portal, Humana.com.

19.     Each and every time, Humana's statements regarding what it agreed or offered to pay and percentage of payment as stated on the web portal and otherwise, constitute affirmative representations regarding payment and its responsibility to Crescent Hospital for payment for services rendered by Crescent Hospital to Humana customers.

20.     With Humana.com, each and every time, Humana communicated to Crescent Hospital before Crescent Hospital provided medical services to Humana customers, the fact that Humana would pay and the percentage of the Crescent Hospital medical bill Humana would pay, and Humana expected Crescent Hospital to rely upon the information contained on Humana.com, and Crescent Hospital relied upon same and provided medical services to Humana customers.

21.     Each and every time after the medical services were performed by Crescent Hospital, Crescent Hospital prepared and sent a bill for services rendered to Humana.

Humana consistently and systematically failed to pay what it agreed/offered or a reasonable amount, in violation of Louisiana Law. Instead, Humana only paid cents on the dollar.

22. Distilled, Humana has converted money it owed to Crescent Hospital to its own use.

23. Each and every time Crescent Hospital relied upon and was entitled to rely upon to its detriment, Humana's web portal, and other statements made by Humana, whether oral or otherwise regarding Humana's agreement or offer to pay, and the percentage Humana offered or agreed to pay to Crescent Hospital for medical services rendered by Crescent Hospital to and for Humana customers.

24. Humana published statements to Crescent Hospital that it will pay out-of-network providers a designated percentage of its medical bill.

25. Despite Humana's confirmation that they would pay a designated percentage of Crescent Hospital's bill for out of network services, Humana engaged in a systematic, arbitrary and intentional effort to pay Crescent Hospital only cents on the dollar for services it rendered.

26. Humana has engaged in a systematic and collusive practice aimed at reducing payments to out-of-network providers.

27. Humana has consistently, systematically, and unreasonably paid Crescent Hospital for medical care, which it offered/agreed to pay Crescent Hospital, cents on the dollar. This systematic and unlawful effort has resulted in Crescent Hospital's being underpaid by millions of dollars.

28.     Humana has failed to provide Crescent Hospital with any reasonable basis for its inadequate and extreme underpayments, illustrating that its actions are arbitrary, capricious, and with the purpose of financially harming Crescent Hospital.

29.     Crescent Hospital has been substantially damaged as a result of Humana's stream of unlawful activities.

## V.  FIRST CAUSE OF ACTION

## BREACH OF CONTRACT - - FAILURE TO PAY A REASONABLE AMOUNT

30.     Crescent Hospital incorporates the foregoing paragraphs as if fully stated herein.

31.     Crescent Hospital does not claim or seek coverage or benefits on behalf of its patients, and expressly waives same, but instead seeks to enforce independent state law (and not federal law) legal duties that Humana owes directly to Crescent Hospital. Crescent Hospital specifically refuses to plead and expressly waives any rights it may have against Humana under any and all federal laws, either independently or on behalf of its patients. *Omega Hosp., LLC v. La. Health Serv. & Indem. Co.*, No. CIV. A. 13-21, 2013 WL 5236625, at *(E.D. La. Sept. 16, 2013), rev'd in part sub nom. *Omega Hosp., L.L.C. v. La. Health Serv. & Indem. Co.*, 592 F. App'x 268 (5th Cir. 2014); *Crescent City Surgical Centre v. La. Health Serv. & Indem. Co.*, No. 17-10211 (E.D. La. Oct. 11, 2017).

32.     Crescent Hospital is an independent party. Its claims are based on its status as an out-of-network health provider for medical services rendered, which Humana agrees to pay for and does pay (though extremely underpays) Crescent Hospital, and are not based on any assignment of benefits from its patients. Crescent Hospital specifically refuses to

plead and expressly waives any rights it may have against Humana under any and all federal laws, either independently or on behalf of its patients.

33.   Crescent Hospital's claims are not based on the "relationship between the insured and insurer," but upon Humana's solicitation and knowing acceptance of Crescent Hospital's services.

34.   Each and every time a contract was formed by the consent of the parties (Crescent Hospital and Humana) established through offer and acceptance.

35.   An enforceable contract requires a meeting of the minds, which there was each and every time.

36.   Once an offer is made, consent to a contract need not be expressed in words but may be implied by actions of the parties, as it was here each and every time from 2011 through the present:

    A.    Crescent Hospital and Humana have an ongoing, consistent and systematic business relationship.

    B.    More particularly, Humana offered to pay Crescent Hospital for the medical services provided Humana customers. Each and every time the arrangement between the parties to the transactions underlying this lawsuit are routine and familiar, in that the same process of business, contract, billing and extreme underpayment occurs.

    C.    Humana communicates to Crescent Hospital, which will be rendering those medical services, the percentage of the Crescent Hospital

medical bill it agrees to pay for services rendered to Humana customers. Humana did this over the telephone, and then through Humana.com in response to Crescent Hospital's inquiries.

D. Humana not only made this information available to Crescent Hospital, it specifically instructed Crescent Hospital to refer to it for information related to what Humana would pay. Specifically, Humana wrote to Crescent Hospital, expressly instructing Crescent Hospital to refer to the Humana.com web portal for any information it sought from Humana relating to monetary payments.

E. In response to and based upon Humana's representations each and every time regarding what it would pay for medical services, Crescent Hospital agreed to render medical services to Humana's customers. Each and every time before agreeing to treat a prospective patient, Crescent Hospital first confirmed with Humana the percentage of the bill for the medical services to be performed that Humana agreed or offered to pay. Crescent Hospital verified Humana's offer and its terms through telephone calls, and thereafter, through viewing the offers on Humana's Humana.com website.

F. Regardless of the means of communication, each and every time Humana communicated to Crescent Hospital that it would pay Crescent Hospital a percentage of its bill. When Crescent Hospital deemed the offer to be acceptable, it accepted the offer by providing

the medical services. This resulting performance constitutes an acceptance of Humana's offer and, alone, is sufficient to establish a binding, enforceable contract between the two.

G. Humana and Crescent Hospital consented to contract through a longstanding business relationship and a consistent course of dealing.

H. Crescent Hospital has been providing medical services for Humana for years.

I. In furtherance of this business relationship, Humana, in fact, has in its system a provider identification number specifically for Crescent Hospital, which assists it in processing Crescent Hospital's bills and its resulting payments.

J. Throughout the course of their dealing, Humana never indicated any desire not to do business with Crescent Hospital. Even after deciding not to engage in telephonic pre-verification of payment, it continued to direct Crescent Hospital to its Humana.com website for such information. Humana never communicated to Crescent Hospital not to treat any Humana customer. Humana has all along availed itself of Crescent Hospital's providing services to its customers. Crescent Hospital, after providing such services, then billed Humana directly for payment. And, in response to such billing, Humana considered and generally made payments to Crescent Hospital for the services (although not close to the full amount due).

K. Crescent Hospital's rendering of medical services for Humana customers, its billing Humana for payment for same, and Humana's payments in response demonstrate and confirm the parties' contractual undertaking. Omega Hospital, LLC vs. Louisiana Health Service & Indemnity Co., 191 So.3d 582 (La. 2016).

L. Each and every time, Humana and Crescent Hospital exchanged offer and acceptance via telephonic and internet verifications.

M. Each and every time, Crescent Hospital contacts Humana to do work, Humana consents to same and confirms its responsibility for the bill.

N. Each and every time, Crescent Hospital does the work.

O. Each and every time, Crescent Hospital prepares and sends a bill.

P. Finally, in the alternative, and to the extent the Court were to find that the parties did not agree upon a set price that Humana would pay for Crescent Hospital's rendering medical services to its customers would not foreclose a finding of an enforceable contract. The fact that the amount of compensation a party is to receive for services rendered was not agreed upon does not vitiate the contract. Instead, the law will imply in the contract, a provision that the party would be paid a reasonable sum for the services. La. Civ. Code art. 2054.

Q. In this circumstance, the fact-finder may and will supply a reasonable price for the contract for Humana to pay for medical services rendered by Crescent Hospital.

R.   As a direct result of Humana's breach, Crescent Hospital has suffered damages including La Civil Code Art. 2000, interest damages.

## VI.  SECOND CAUSE OF ACTION

## VIOLATION OF LOUISIANA'S UNFAIR TRADE PRACTICES ACT

37.   Crescent Hospital incorporates the foregoing paragraphs as if fully stated herein.

38.   Crescent Hospital does not claim or seek coverage or benefits on behalf of its patients, and expressly waives same; but instead seeks to enforce independent state law (and not federal law) legal duties that Humana owes directly to Crescent Hospital. Crescent Hospital specifically refuses to plead and expressly waives any rights it may have against Humana under any and all federal laws, either independently or on behalf of its patients.

39.   Fraud, deceit, and misrepresentation constitute "deceptive practices" under the Louisiana Unfair Trade Practices Act. ("LUTPA")

40.   Defendants' improper actions and practices described in this Petition constitute the use or employment of an unfair or deceptive method, act, or practice under Louisiana Revised Statute § 51:1401, *et seq.* Defendants' acts violate public policy and are immoral, unethical, oppressive, unscrupulous, and/or substantially injurious.

41.   As a result of Humana's unfair, pervasive and unlawful practices, Humana has retained and continues to retain monies that it offered or agreed to pay, and which therefore rightfully belong to Crescent Hospital for rendering medical services to Humana customers.

42. Crescent Hospital has been injured and suffered sizeable losses as a result of the use of Humana's actions, meriting an award of actual damages in an amount to be proven at trial.

43. Humana's unfair practices are likely to continue absent judicial intervention.

## VII. THIRD CAUSE OF ACTION

### DETRIMENTAL RELIANCE

44. Crescent Hospital incorporates the foregoing paragraphs as if full stated herein.

45. Crescent Hospital does not claim or seek coverage or benefits on behalf of its patients, and expressly waives same, but instead seeks to enforce independent state law (and not federal law) legal duties that Humana owes directly to Crescent Hospital. Crescent Hospital specifically refuses to plead and expressly waives any rights it may have against Humana under any and all federal laws, either independently or on behalf of its patients.

46. Humana is liable to Crescent Hospital under the theory of detrimental reliance under Louisiana Civil Code Art. 1967.

47. Humana communicated to Crescent Hospital via telephone and on Humana.com web portal that it agreed or offered to pay for Crescent Hospital's provision of medical services to Humana's customers, which induced Crescent Hospital to rely on said information to its detriment.

48. Crescent Hospital reasonably relied, to its detriment, on representations and statements made by Humana as to the existence and extent of Humana's offer or agreement to pay for Crescent Hospital's provision of medical services to Humana customers.

49.     Crescent Hospital was entitled to rely upon Humana's representations and statements when accepting Humana customers as patients, based upon Humana's representations that Humana offered or agreed to pay and would pay for out-of-network medical services rendered by Crescent Hospital.

50.     Crescent Hospital has been damaged as a result of Humana's actions in an amount to be proven at trial.

## VIII.  FOURTH CAUSE OF ACTION

## FRAUD

51.     Crescent Hospital incorporates the foregoing paragraphs as if fully stated herein.

52.     Crescent Hospital does not claim or seek coverage or benefits on behalf of its patients, and expressly waives same, but instead seeks to enforce independent state law (and not federal law) legal duties that Humana owes directly to Crescent Hospital. Crescent Hospital specifically, refuses to plead and expressly waives any rights it may have against Humana under any and all federal laws, either independently or on behalf of its patients.

53.     Fraud is defined in the Louisiana Civil Code as "a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other." Fraud may result from silence or inaction. La.C.C. art. 1953.

54.     Humana made representations to Crescent Hospital by inviting Crescent Hospital to verify the terms of Humana's offer or agreement to pay through viewing Humana's web portal, Humana.com, and by providing information on its Humana.com

web portal, and making statements orally and otherwise to Crescent Hospital, which Humana expected Crescent Hospital to rely upon, and which Crescent Hospital did rely upon, regarding Humana's offer or agreement to pay for Crescent Hospital's provision of medical services to Humana customers.

55.    Humana's misrepresentations were of material facts because Crescent Hospital relied, to its detriment, on such misrepresentations and statements made by Humana as to the existence and extent of Humana's offer or agreement to pay for Crescent Hospital's provision of medical services to Humana customers.

56.    Upon information and belief, Humana intended to deceive Crescent Hospital with its misrepresentations and systematic failure to pay Crescent Hospital a reasonable amount, and obtained an unjust advantage by keeping the monies it promised to pay Crescent Hospital for medical services provided by Crescent Hospital to Humana customers.

57.    Crescent Hospital was reasonably entitled to rely upon Humana's representations and statements in accepting Humana customers as patients, based upon Humana's representations it would pay for care rendered by Crescent Hospital.

58.    Crescent Hospital has been damaged as a result of Humana's fraudulent actions including extreme underpayment (Humana keeps Crescent Hospital's money) in an amount to be proven at trial.

## IX. SIXTH CAUSE OF ACTION

## NEGLIGENT MISREPRESENTATION

59.     Crescent Hospital incorporates the foregoing paragraphs as if fully stated herein.

60.     Crescent Hospital does not claim or seek coverage of benefits on behalf of its patients, and expressly waives same, but instead seeks to enforce independent state law (and not federal law) legal duties that Humana owes directly to Crescent Hospital. Crescent Hospital specifically refuses to plead and expressly waives any rights it may have against Humana under any and all federal laws, either independently or on behalf of its patients.

61.     Louisiana allows recovery in tort for purely economic loss caused by negligent misrepresentation where privity of contract is absent.

62.     For the cause of action to arise, there must be a legal duty on the part of the defendant to supply correct information to the plaintiff, there must be a breach of that duty, and the breach must have caused plaintiff damage.

63.     In Louisiana, negligent misrepresentation cases are evaluated using the duty-risk analysis. The duty-risk analysis is employed on a case-by-case basis.

64.     Generally, the initial determination in the duty-risk analysis is cause-in-fact.

65.     A plaintiff must prove that the conduct in question was a cause-in-fact of the resulting harm, the defendant owed a duty of care to the plaintiff, the requisite duty was breached by the defendant, and the risk of harm was within the scope of protection afforded by the duty breached.

66.    Under the circumstances described in this Petition, Humana has a legal duty to supply correct information regarding the existence and extent to which it has agreed or offered to pay to Crescent Hospital for the provision of medical services to Humana's customers.

67.    Crescent Hospital relied, to its detriment, on representations and statements made by Humana as to the existence and extent of payment by Humana for Crescent Hospital's provision of medical services to Humana's customers.

68.    Crescent Hospital was entitled to rely upon Humana's representations and statements.

69.    Humana is liable to Crescent Hospital for their negligent misrepresentations pursuant to Louisiana Civil Code Art. 2315 and other Louisiana law.

70.    Crescent Hospital has been injured and damaged as a result of Humana's actions in an amount to be proven at trial.

**X.  THE CLAIMS OF CRESCENT HOSPITAL HEREIN ARE EXCLUSIVELY FOR STATE LAW BREACH OF CONTRACT AND THE STATE LAW CLAIMS THAT FLOW THEREFROM.**

71.    This case arises and is brought exclusively under the laws of Louisiana, not the laws of the United States.  Nothing pleaded herein alleges any relief governed by or available pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, or the Federal Employees Health Benefits Act ("FEHBA"), 5 U.S.C. § 8901 *et seq.*, or federal common law, or any claims involving a federal officer. To the extent that any such claims may be even implied, Crescent Hospital expressly rejects such implication and expressly states that it does not and will not seek damages for any

such claims and expressly waives same. *Omega Hosp., LLC v. La. Health Serv. & Indem. Co.*, No. CIV. A. 13-21, 2013 WL 5236625, at *(E.D. La. Sept. 16, 2013), rev'd in part sub nom. *Omega Hosp., L.L.C. v. La. Health Serv. & Indem. Co.*, 592 F. App'x 268 (5th Cir. 2014); *Crescent City Surgical Centre v. La. Health Serv. & Indem. Co. No.* 17-10211 (E.D. La. Oct. 11, 2017).

72.     Crescent Hospital's claims do not relate to employee welfare benefit plans subject to federal law pursuant to either ERISA, 29 U.S.C. § 1132(a), or FEHBA, 5 U.S.C. § 8901 *et seq.*, and Crescent Hospital expressly waives same. Further, Crescent Hospital does not challenge the benefits that may be owed to its patients. Finally, Crescent Hospital specifically does not seek any coverage determination or finding as to what benefits may be owed/not owed under any insurance policy to or on behalf of its patients.   Crescent Hospital specifically refuses to plead and expressly waives any rights it may have against Humana under any and all federal laws, either independently or on behalf of its patients.

73.     Crescent Hospital does not seek to recover for alleged underpayments of health benefits owed to its patients or for its patients and expressly waives same. Crescent Hospital does not seek to enforce rights or recover benefits under the terms of any insurance policy.

74.     Crescent Hospital does not seek to recover benefits under ERISA for its patients and expressly and hereby waives same.

75.     Crescent Hospital does not seek to recover benefits from FEHBA-governed health benefits plans for its patients and hereby expressly waives same. Furthermore, Crescent Hospital does not seek to recover any amounts for Humana's payment

misrepresentations that are related to treatment of any patient who may have an FEHBA insurance policy, and hereby expressly waives and disclaims such recovery.

76. Crescent Hospital does not claim or seek coverage benefits on behalf of its patients, and hereby expressly waives same, but instead seeks to enforce state law legal duties that Humana owes directly to Crescent Hospital. Crescent Hospital's suit seeks only to enforce its own state law legal rights against Humana. Federal law does not and cannot preempt Crescent Hospital's state law claims because Crescent Hospital expressly waives any and all federal law claims it may have against Humana.

77. Moreover, Crescent Hospital's claims do not require a determination of any federal rights and Crescent Hospital hereby expressly waives same.

78. Crescent Hospital is not, does not, and will not make a claim against Humana either expressly or impliedly under ERISA. Crescent Hospital is not, and will not make a claim against Humana either expressly or impliedly based upon assignments regarding claims Humana customers may have against Humana and hereby expressly waives same.

79. Crescent Hospital is not making a claim either expressly or impliedly that Humana customers did not receive their benefits under the terms of their plans or claim that the relationship between Humana's customers and their employers was adversely affected. Crescent Hospital is not seeking to recover any monies promised on that basis and hereby expressly waives same.

80. Crescent Hospital's suit is exclusively a direct action to enforce its own legal rights to payment (as opposed to a derivative suit seeking to enforce its patients' rights), and therefore is not a suit under FEHBA. FEHBA does not preempt Crescent Hospital's

direct claim – brought exclusively under Louisiana law and not federal law in regard to Humana's agreements and misrepresentations concerning the extreme underpayments to Crescent Hospital by Humana – for negligent misrepresentation, detrimental reliance, and breach of contract and LUTPA violations for medical services provided by Crescent Hospital to Humana customers. Crescent Hospital is not claiming monies for the failure of Humana to respect its patients' rights and hereby expressly waives same.

81.     Crescent Hospital is not and will not make a claim either expressly or impliedly against a federal officer arising out of his official duties and hereby expressly waives same. In fact, Crescent Hospital expressly waives any claims it may have suggesting that a federal officer did anything wrong, much less injure anyone, including Crescent Hospital, and hereby expressly waives same. Crescent Hospital further denies that any Crescent Hospital patients/Humana customers were federal officers and does not and will not seek any monies from Humana for its failure to pay for same. Further, if any Crescent Hospital patient/Humana customer had a FEHBA health insurance policy, Crescent Hospital hereby expressly eliminates and separates that patient(s) and corresponding medical bill(s) for treatment from this lawsuit and does not seek and will not accept a single cent for the failure of Humana to pay Crescent Hospital same. Crescent Hospital expressly waives same.

## XI.  JURY DEMAND

82.     Plaintiff asserts that its damages exceed that necessary for a trial by jury and, therefore, requests a jury trial.

## XII.  PRAYER

WHEREFORE, Plaintiff, Crescent Hospital, prays that Humana be served with a copy of this Petition, and after all legal delays and due proceeding had before a jury, there by judgment in favor of Crescent Hospital and against Humana Health Benefit Plan of Louisiana, Inc., (Humana, Humana of Louisiana), Humana Health Plan, Inc., and Humana Insurance Company, jointly and solidarily, for the amount of damages proved at trial, together with legal interest, all costs of these proceedings, and for all other relief, including, but not limited to attorneys' fees, as are appropriate.

Respectfully submitted,

GIBBY ANDRY, THE ANDRY LAW FIRM, LLC

GILBERT V. ANDRY, IV (LSBA # 20056)
828 Baronne Street
New Orleans, LA 70113
Telephone: (504) 522-1000
Facsimile: (504) 522-8000

**PLEASE SERVE:**

Humana Health Benefit Plan of Louisiana, Inc.
(Humana, Humana of Louisiana)
Through its Registered Agent for Service
Corporation Service Company
320 Somerulos Street
Baton Rouge, LA  70802

Humana Health Plan, Inc.
Through its Registered Agent for Service
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA  70809

Humana Insurance Company
Through its Registered Agent for Service
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA  70809

# EXAMPLE OF HUMANA'S COMMUNICATION WITH CRESCENT

Coverage Detail

Provider Home | Security Administration   Log out

# HUMANA

Welcome, ROSIE
March 14, 2017

Adjust Text Size

Providers »   Eligibility Tools   Claims Tools   Referrals/Authorizations   Medical Records   Resources

Providers Home » Eligibility Tools » Select Organization » Eligibility Search » Coverage Detail

## Coverage Detail

View Member's ID Card

Current Org: CRESCENT CITY SURGICAL CENTRE

| Benefit Estimator | Assessment & Plan | Member Summary |

## Member Information

| | |
|---|---|
| Name: | |
| As Of: | 03/14/2017 |
| Member ID: | 108290297 03 |
| Group ID: | 778101 |
| Birth Date: | 12/05/2016 |
| Gender: | Male |
| Relationship to Subscriber: | CHILD |
| Address: | 307 CUDDIHY DR |
| | METAIRIE, LA |
| | 70005 - 4143 |

## Care Alerts

### Care Alerts Disclaimer

Care Alerts are based on clinical and administrative information submitted to participating insurance companies. Such information may be incomplete or inaccurate, and as such Care Alerts are not a substitute for professional judgment. Care Alerts are solely for use by the recipient Provider for treatment purposes.

There are no Care Alerts available for this member

## Subscriber Information

| | |
|---|---|
| Subscriber Name: | |
| Subscriber ID: | 108290297 01 |

## Coverage Information

| | |
|---|---|
| Group Name: | |
| Policy Effective Date: | 01/01/2017 |
| Policy End Date: | NONE |
| Coverage Type: | FAMILY |
| Plan Type: | 100/70,D2000,OP3500,OV30/55,1D |
| Contract Type: | PREFERRED PROVIDER ORGANIZATION |
| Line of Business: | LA CR HUMANAPPO17SEP ACC&CPY O |
| Network Name: | Humana/ChoiceCare Network PPO |
| Max Dependent Age: | 26 |
| Max Student Age: | 26 |

## Benefits

Accumulated Benefits: View Dollar Amounts Applied

For complete information on this member's specific plan benefits and coverage, refer to the Certificate, Summary Plan Document, or Policy.

Women's Health

Coverage Detail

Diagnostic Lab ☒

Home Care and Hospice ☒

Professional (Physician) Visit ☒

Emergency and Urgent Care ☒

Hospital Inpatient ☒

Behavioral/Mental Health ☒

Other Medical ☒

Rehabilitation Therapy ☒

Diagnostic X-Ray ☒

Surgical Services ☒
An inpatient or outpatient operation to diagnose or treat disease, injury, or deformity. May also include oral surgery.

Anesthesia

In Plan Network Benefits
Deductible Individual $2000.00
Co-Insurance Individual 100.00%

Out of Plan Network Benefits
Deductible Individual $6000.00
Co-Insurance Individual 70.00%

Surgical

In Plan Network Benefits
Deductible Individual $2000.00
Co-Insurance Individual 100.00%

Out of Plan Network Benefits

Deductible Individual $6000.00

Co-Insurance Individual 70.00%

---

## Hospital Outpatient/Ambulatory Services Center

Hospital services, medical care, and medical supplies for a less-than-24-hour visit to a hospital's outpatient facility or medical and specialty healthcare services at an Ambulatory Services Center – an outpatient facility often associated with a hospital. If the facility is free-standing it may be called an Ambulatory Surgical Center.

### Hospital – Outpatient

In Plan Network Benefits

Deductible Individual Non Surgical $2000.00

Co-Insurance Individual Non Surgical 100.00%

Deductible Individual Surgical $2000.00

Co-Insurance Surgical 100.00%

Out of Plan Network Benefits

Deductible Individual Non Surgical $6000.00

Co-Insurance Individual Non Surgical 70.00%

Deductible Individual Surgical $6000.00

Co-Insurance Surgical 70.00%

### Ambulatory Service Center Facility

In Plan Network Benefits

Deductible Individual Non Surgical $2000.00

Co-Insurance Individual Non Surgical 100.00%

Out of Plan Network Benefits

Deductible Individual Non Surgical $6000.00

Co-Insurance Individual Non Surgical 70.00%

---

### Skilled Nursing

### Immunizations

### Infertility

5

FILED FOR RECORD 01/28/2019 15:37:28
Courtney M. Knight, DY CLERK
JEFFERSON PARISH, LA

# QUANTUM

# CRESCENT/HUMANA PAYMENT HISTORY
# THROUGH 10/31/2018

**2011**
- Total Patients – 62
- Total Charges – $1,617,106.05
- Payments - $360,971.93
  - % - 22.32%

**Underpaid**
$1,256,135.00

**La. C.C. Art. 2000 Interest**
$359,125.00

**2012**
- Total Patients – 44
- Total Charges – $1,605,046.66
- Payments – $370,609.21
  - % - 23.09%

**Underpaid**
$1,234,437

**La. C.C. Art. 2000 Interest**
$303,544.00

**2013**
- Total Patients – 51
- Total Charges – $1,617,478.64
- Payments - $299,318.93
  - % - 18.51%

**Underpaid**
$1,318,160.00

**La. C.C. Art. 2000 Interest**
$271,405.00

**2014**
- Total Patients – 99
- Total Charges – $3,009,233.29
- Payments - $648,366.98
  - % - 21.55%

**Underpaid**
$2,360,867.00

**La. C.C. Art. 2000 Interest**
$391,661.00

**2015**
- Total Patients – 88
- Total Charges - $2,779,793.84
- Payments - $413,869.21
  - % - 14.89%

**Underpaid**
$2,365,924.00

**La. C.C. Art. 2000 Interest**
$297,863.00

**2016**
- Total Patients – 91
- Total Charges - $2,280,286.95
- Payments - $305,042.20
  - % - 13.38%

**Underpaid**
$1,975,244.00

**La. C.C. Art. 2000 Interest**
$169,667.00

**2017**
- Total Patients – 64
- Total Charges - $1,686,035.84
- Payments - $182,674.21
  - % - 10.83%

**Underpaid**
$1,503,361.00

**La. C.C. Art. 2000 Interest**
$ 65,252.00

**2018**                          **Underpaid**        **La. C.C. Art. 2000 Interest**
- Total Patients – 42*           $1,170,883.00*
- Total Charges - $1,353,814.03*
- Payments - $182,931.62*
    - % – 13.51%

*2018 only through 10/31/18

Total Charges - $15,948,795.30
Total Paid - $2,763,784.29
Total Owed - $13,185,011.00
Total % of Charges Paid – 17.3%

# HUMANA UNDERPAID

| | |
|---|---|
| Total: | $13,185,011.00 |
| + Art. 2000 Interest | $ 1,858,517.00 |
| | $15,043,528.00 |

# Total Amount Owed by
# Humana to Crescent

# $15,043,528.00

# CRESCENT/HUMANA PAYMENT COMPARED TO
# AETNA PAYMENT "AETNA STANDARD" HISTORY
# 2011 Through 10/31/2018

<u>2011</u>
- Total Patients – 62
- Total Charges - $1,617,106.05
  - % - 22.32%

AETNA STANDARD
x 76.14% = $1,231,264.55
Payments - $ 360,971.93
Underpayment $870,293.00

ART. 2000 INTEREST
$248,933.00

<u>2012</u>
- Total Patients - 44
- Total Charges - $1,605,046.66
  - % - 23.09%

AETNA STANDARD
x 72.53% = $1,164,140.34
Payments - $ 370,609.71
Underpayment $793,531.00

ART. 2000 INTEREST
$195,235.00

<u>2013</u>
- Total Patients - 51
- Total Charges - $1,617,478.64
  - % - 18.51%

AETNA STANDARD
x 66.66% = $1,078,211.26
Payments - $ 299,318.93
Underpayment $778,893.00

ART. 2000 INTEREST
$160,478.00

<u>2014</u>
- Total Patients - 99
- Total Charges - $3,009,233.29
  - % - 21.55%

AETNA STANDARD
x 62.79% = $1,889,497.58
Payments - $ 648,366.98
Underpayment $1,241,131.00

ART. 2000 INTEREST
$206,070.00

<u>2015</u>
- Total Patients - 88
- Total Charges - $2,779,793.84
  - % - 14.89%

AETNA STANDARD
x 50.61% = $1,406,853.66
Payments - $ 413,869.21
Underpayment $992,984.00

ART. 2000 INTEREST
$125,149.00

<u>2016</u>
- Total Patients - 91
- Total Charges - $2,280,286.95
  - % - 13.38%

AETNA STANDARD
x 39.78% = $907,098.15
Payments - $305,042.20
Underpayment $602,056.00

ART. 2000 INTEREST
$51,797.00

<u>2017</u>
- Total Patients - 64
- Total Charges - $1,686,035.84
  - % - 10.83

AETNA STANDARD
x 40.61% = $684,699.16
Payments - $182,674.21
Underpayment $502,025.00

ART. 2000 INTEREST
$21,858.00

<u>2018</u>
- Total Patients – 42*
- Total Charges - $1,353,814.03*
  - % - 13.51%

AETNA STANDARD
x 40.61%* = $549,783.88
Payments - $182,931.62*
Underpayment $366,852.00

ART. 2000 INTEREST

*2018 only through 10/31/18                    * 2018 estimated based on 2017

Total Charges - $15,948,795.30        "Aetna Standard Total        Art. 2000 Interest
Total Paid -          $2,763,784.29          $6,147,761.00              $1,009,520.00
Total Difference - $13,185,011.00
Total % of Charges Paid – 17.3%

# Aetna Art. 2000 Interest

| | |
|---|---|
| **Aetna Standard Owed** | **$6,147,761.00** |
| **+Art. 2000 Interest** | **+1,009,520.00** |
| | |
| **Total** | **$7,157,281.00** |

# QUANTUM

| "Total Charges" Method | "Aetna Standard" Method |
|---|---|
| $15,043,528.00 | $7,157,281.00 |

FILED FOR RECORD 01/28/2019 15:39:39
Courtney M. Knight, DY CLERK
JEFFERSON PARISH, LA

**6**

# VERDICT FORM

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO.:                                                              DIVISION:

CRESCENT CITY SURGICAL CENTRE

VERSUS

HUMANA HEALTH BENEFIT PLAN OF LOUISIANA, INC., (HUMANA, HUMANA
OF LOUISIANA), HUMANA HEALTH PLAN, INC., AND HUMANA INSURANCE
COMPANY

FILED: _____      _____
                                              DEPUTY CLERK:

**VERDICT FORM**

1.     **Breach of service agreement/contract**

1a.    Did Crescent Hospital and Humana have an ongoing service
agreement/business relationship, from the beginning of 2011 through the present
date?

Yes _____√_____

No _____

*If you checked "Yes", please proceed to question 1b.  If you checked "No", please
proceed to question 2a.*

1b.    How much does Humana owe Crescent Hospital for medical services
provided by Crescent Hospital to Humana customers from the beginning of 2011
through the present day?

$15,043,528.00

*If your answer to 1a and 1b are in the negative, please proceed to question 2a and
2b.  If your answer to 1a and 1b are in the affirmative, please proceed to question
3a and 3b.*

2. **Detrimental Reliance**

    2a.    Do you find that Humana made representations to Crescent upon which Crescent justifiably relied to its detriment?

                    Yes _____

                    No _____

*If you checked "Yes", please proceed to question 2b.*

    2b.    What amount do you find is appropriate for Crescent for its losses from relying upon Humana's representations?

                    $ _____

*Regardless of your answers to 1 and 2 above, please answer 3a and 3b which follow.*

3. **Unfair trade practices**

    3a.    Do you find that Humana has engaged in any fraud, misrepresentation, or other unethical conduct that caused Crescent to sustain a loss of money?

                    Yes ____√_____

                    No _____

*If you checked "Yes" please proceed to question 3b.*

    3b.    What amount do you find is appropriate to compensate Crescent for its losses from Humana's fraud, misrepresentation, or other unethical conduct?

                $ 3,000,000.00

*Please have the jury foreperson sign this form and return it to the trial court.*

This is the verdict of the jury on this _____ day of _____, 2018.

_____
JURY FOREPERSON SIGNATURE

FILED FOR RECORD 02/05/2019 12:12:41
Courtney M. Knight, DY CLERK
JEFFERSON PARISH, LA

Filed by: *ICC*
Legal Wings

01
865

## 24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

### STATE OF LOUISIANA

NUMBER: 788-321                                    DIVISION "E"

### CRESCENT CITY SURGICAL CENTRE

### VERSUS

### HUMANA HEALTH BENEFIT PLAN OF LOUISIANA, INC., (HUMANA, HUMANA OF LOUISIANA), HUMANA HEALTH PLAN, INC., AND HUMANA INSURANCE COMPANY

FILED: _____          _____
                                                    DEPUTY CLERK

_____

### NOTICE OF ENROLLMENT AS ADDITIONAL COUNSEL OF RECORD

_____

NOW INTO COURT, through undersigned counsel, comes Defendants, Humana Health Benefit Plan of Louisiana, Inc., Humana Health Benefit Plan, Inc. and Humana Insurance Company (collectively referred to as "Humana") and, pursuant to Rule 9.12 of the Louisiana Uniform District Court Rules, provides this notice of enrollment of Craig L. Caesar (La. Bar No. 19235), a Louisiana licensed attorney in good standing of the law firm of Baker Donelson Bearman Caldwell & Berkowitz, PC, as additional counsel of record for Humana in the captioned proceeding.

Respectfully submitted

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**

Errol J. King - Bar Roll No. 17649
Layna C. Rush – Bar Roll No. 26242
Daniel P. Guillory – Bar Roll No. 31180
450 Laurel Street
Chase Tower North, 20th Floor
Baton Rouge, Louisiana 70801
Telephone:    (225) 381-7000
Facsimile:     (225) 343-3612

- and -

CRAIG L. CAESAR - Bar Roll No. 19235
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Telephone:  (504) 566-8616
Facsimile:   (504) 585-6916

**Attorneys For:**
**Humana Health Benefit Plan of Louisiana, Inc.,
Humana Health Benefit Plan, Inc. and Humana
Insurance Company**

4834-6931-0855
2900125-000202

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of February, 2019, a copy of the foregoing has been served upon all known counsel of record, either by facsimile, e-mail, or through the United States mail, postage prepaid and properly addressed.

Craig L. Caesar

2

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NUMBER: 788-321                                    DIVISION "E"

CRESCENT CITY SURGICAL CENTRE

VERSUS

HUMANA HEALTH BENEFIT PLAN OF LOUISIANA, INC.,
(HUMANA, HUMANA OF LOUISIANA), HUMANA HEALTH
PLAN, INC., AND HUMANA INSURANCE  COMPANY

FILED:_____          _____
                                          DEPUTY CLERK

## ORDER

The foregoing Notice of Enrollment as Additional Counsel of Record filed by Humana

Health Benefit Plan of Louisiana, Inc., Humana Health Benefit Plan, Inc. and Humana Insurance

Company having been duly considered;

**IT IS ORDERED** that Craig L. Caesar (La. Bar No. 19235) of the law firm of Baker,

Donelson, Bearman, Caldwell & Berkowitz, PC be and hereby is enrolled as additional counsel

of record for Humana Health Benefit Plan of Louisiana, Inc., Humana Health Benefit Plan, Inc.

and Humana Insurance Company in the captioned proceeding.

Gretna, Louisiana this ___5th___ day of ___February___, 2019.

_____
DISTRICT JUDGE

*Case # 788-321  Crescent City Surgical Centre  vs  Humana, et al*

# 24th JDC

## Evidence Presentation System Overview

**System Highlights:**
- 65 in Plasma Display controlled by Judge
- 17 inch Display Monitors at both attorneys tables
- 17/19 inch Annotation Monitors at witness stand, podium and judges bench. Annotation allows attorneys to precisely make points for the entire room to plainly see by drawing or pointing over displayed evidence. Also enables witnesses to draw and/or point over displayed evidence
- Digital Presenter--used to project documents and physical evidence to video displays. Also allows for zooming.
- DVD media, We recommend you test and use your DVD/CD audio/video on your *own laptop*. Please bring the same laptop you tested your Video/Audio on. <u>We no longer support using the DVD player in the podium due to incompatibilities.</u>
- Resolution 1024X768 required for best resolution on your laptop
- VGA and sound laptop connections are available at the podium and both attorney's tables.
- Internet Wireless Internet access is available by obtaining a Password from Judicial Administration

**To Use System:**
- Bring your own Laptop pre-loaded with whatever you want to present in court.
  If you do not have a VGA connection on your laptop you will need to bring the appropriate adapter.
- Many laptops will recognize the VGA connection if connected before the laptop power is turned on. If laptop is already on when VGA is plugged in you must hit the necessary function key to send the presentation to the display. This function key varies by manufacturer.
- You should come in and learn the system ahead of time. Schedule a time with the division and we will assist.



CRESCENT
multimedia
solutions
www.crescentmms.com

FILED FOR RECORD 02/05/2019 12:23:01
Patricia Gardner, DY CLERK
JEFFERSON PARISH, LA

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON
STATE OF LOUISIANA

NO:   788-321                                                    DIVISION "E"

CRESCENT CITY SURGICAL CENTRE

VS.

HUMANA, ET AL

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

TO:  ALL COUNSEL OF RECORD

### PRE-TRIAL NOTICE

**IT IS ORDERED THAT:**

I.      This case is set for trial on the ___4th___ day of ___November___, 2019, at 9:30 a.m. *(monday)*

II.     A pre-trial conference will be scheduled at the request of any attorney of record.

III.    All motions, including motions in limine, must be filed and set for hearing no later than thirty (30) days before the trial date.   Supporting memoranda must be filed in accordance with the Louisiana Code of Civil Procedure and the Rules for Louisiana District Courts, and **a copy must be delivered to the Court**.

IV.    All discovery must be completed thirty (30) days prior to the trial.

V.     Amended pleadings, including third party and reconventional demands and cross claims, must be filed no later than sixty (60) days prior to the trial.

VI.    Witness lists and exhibit lists must be exchanged no later than thirty (30) days prior to the trial.

VII.   A consolidated Pre-Trial Order prepared by the parties must be filed with the clerk at least fourteen (14) days prior to the trial.  **Please be certain that an extra copy is delivered to the Court.**  The Pre-Trial Order shall be prepared in accordance with the following:

The Pre-Trial Order shall be complete and bear the signatures of <u>all</u> trial counsel at the time it is submitted to the Court **(no separate inserts)**.  The <u>plaintiff</u> shall prepare this Order.  All counsel are ordered to participate by providing their inserts no later than forty-eight (48) hours prior to the due date of the Pre-Trial Order.

The Pre-Trial Order shall contain:

1)   A concise summary of the facts or contentions made by all parties;
2)   The contested issues of fact and law, specified with particularity;
3)   A list of your witnesses, plus the nature of the testimony of each witness, such as testimony on the facts, medical witnesses, etc.;
4)   A list of all documentary evidence and exhibits you plan to use.
5)   A listing of the facts, exhibits, etc. that are not in dispute and can be stipulated to;
6)   Whenever personal injuries are at issue, a brief summary of medical reports including extent of injury, length of treatment, disability factor and medical expenses;
7)   A concise procedural history of the case including what motions and pleadings have been filed and their dispositions, including any motions still pending.

Discovery must be completed thirty (30) days prior to the trial; therefore, except for good cause shown, only witnesses listed on the Pre-Trial Order may be allowed to testify and only exhibits listed on the Pre-Trial Order may be admitted into evidence at the trial.

VIII.   The parties shall submit to the court, at least fourteen (14) days prior to trial, two stipulated joint bench books containing the following four sections, numbered and "baited:"

    1)  Plaintiff's stipulated exhibits
    2)  Plaintiff's contested exhibits
    3)  Defendant's stipulated exhibits
    4)  Defendant's contested exhibits

Any objections must be **in writing and <u>must</u> include detailed reasons therefore,** including citations to case law and/or the Code of Evidence.

IX.   Each party shall submit a pre-trial memo fourteen (14) days prior to trial.

X.   Jury instructions and interrogatories must be submitted at least fourteen (14) days prior to trial.

XI.   Any deposition to be used at trial shall be submitted to the court at least (14) days prior to trial.

XII.   The parties must notify the Court if a case is settled or a matter is disposed of prior to a scheduled hearing.

    **IT IS FURTHER ORDERED** that any pre-trial conferences shall be attended by the attorneys who will try the case, unless prior to the conference the Court grants permission for other counsel to attend.  Whoever attends the conference must be familiar with the case and have authority to discuss the possibilities of settlement and stipulations.

    FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN APPROPRIATE SANCTIONS BY THE COURT, INCLUDING AN ATTORNEY BEING HELD IN CONTEMPT OF COURT AND AN EX PARTE ORDER OF DISMISSAL, DEFAULT, OR OTHER APPROPRIATE JUDGMENT BEING RENDERED IN THE CASE.

Gretna, Louisiana, this _6th_ day of _February_, 2019.

s/ William C. Credo, III pro tem

**WILLIAM C. CREDO,III**
**JUDGE PRO TEM, DIVISION "E"**

FILED FOR RECORD 02/08/2019 11:28:50
Mary G Brisco  BY CLERK
JEFFERSON PARISH, LA

Filed by:
Legal Wings

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO.: 788-321                                        DIVISION: "E"

CRESCENT CITY SURGICAL CENTRE

VERSUS

HUMANA HEALTH BENEFIT PLAN OF LOUISIANA, INC., (HUMANA, HUMANA
OF LOUISIANA), HUMANA HEALTH PLAN, INC., AND HUMANA INSURANCE
COMPANY

FILED: _____        _____

                                         DEPUTY CLERK:

FILED FOR RECORD 02/08/2019 12:20:28
Courtney M. Knight, DY CLERK
JEFFERSON PARISH, LA

## MOTION TO APPOINT SPECIAL PROCESS SERVER

**NOW INTO COURT,** through undersigned counsel come plaintiff, Omega

Hospital, LLC, who request that the appointment of Special Process Server be made to the

following individual, who is of the full age of majority and not a party in this matter:

**Steven Mentz**
**and/or agents of Legal Wings, Inc.**
**829 Baronne Street, New Orleans, LA  70113**

The purpose for the special appointment is to perfect service of all pleadings,

judgments, and/or Orders on an expedited basis

**WHEREFORE**, plaintiff requests that this Honorable Court appoint Steven Mentz

and/or agents of Legal Wings, Inc., as special process servers in the above entitled matter.

Respectfully submitted,

GIBBY ANDRY, THE ANDRY LAW FIRM, LLC

GILBERT V. ANDRY, IV (LSBA #20056)
828 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 522-1000
Facsimile: (504) 522-8000

And

Thomas J. Capella
Thomas J. Capella, Attorney at Law LLC
4928 Jasper Street
Metairie, LA  70006

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been served on counsel for all parties to this proceeding by placing same in the United States Mail, postage prepaid this ____ day of February, 2019.

GILBERT V. ANDRY, IV

24TH JUDICIAL DISTTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO.: 788-321                                                DIVISION: "E"

CRESCENT CITY SURGICAL CENTRE

VERSUS

HUMANA HEALTH BENEFIT PLAN OF LOUISIANA, INC., (HUMANA, HUMANA
OF LOUISIANA), HUMANA HEALTH PLAN, INC., AND HUMANA INSURANCE
COMPANY

FILED: _____

                                            DEPUTY CLERK: _____

## ORDER

Considering the above and foregoing Motion to Appoint Special Process server:

**IT IS HEREBY ORDERED**, that Steven Mentz, and/or agents Legal Wings,

Inc., are hereby appointed as special process servers in the above captioned matter.

**READ, RENDERED AND SIGNED** this _8th_ day of _February_, 2019 in

Gretna, Louisiana.

_____
                            JUDGE

FILED FOR RECORD 02/20/2019 09:16:18
Mary G Brisco, DY CLERK
JEFFERSON PARISH, LA

**24TH JUDICIAL DISTRICT COURT**

**PARISH OF JEFFERSON**

**STATE OF LOUISIANA**

Filed by: **Fax**
Date: _February 13, 2019_
Time: _4:00pm_
Deputy Clerk: _Mary Cato_
(SEE ATTACHED LOG)

**NUMBER: 788-321**                                    **DIVISION "E"**

**CRESCENT CITY SURGICAL CENTRE**

**VERSUS**

**HUMANA HEALTH BENEFIT PLAN OF LOUISIANA, INC., (HUMANA, HUMANA
OF LOUISIANA), HUMANA HEALTH PLAN, INC., AND HUMANA INSURANCE
COMPANY**

**FILED:** _____          _____
                                                          **DEPUTY CLERK**

## MOTION FOR PROTECTIVE ORDER

**NOW INTO COURT** through undersigned counsel comes Defendants, Humana Health

Benefit Plan of Louisiana, Inc., Humana Health Benefit Plan, Inc. and Humana Insurance

Company (collectively referred to as "Humana"), who pursuant to Louisiana Code of Civil

Procedure Article 1426, moves for a Protective Order that precludes the Plaintiff, Crescent City

Surgical Centre ("CSCSC") from noticing the corporate deposition of Humana until after the

parties have engaged in written discovery.

As set forth in the accompanying memorandum in support, the Plaintiff, CCSC, sent a

draft corporate deposition notice and Interrogatories and Request for Production of Documents

on December 4, 2018.   In response to the Interrogatories and Request for Production of

Documents, Humana indicated that until the Plaintiff identified the claims for which it is seeking

payment from Humana, Humana cannot adequately respond to the discovery requests.   Likewise,

without information on the claims, Humana cannot determine or prepare a corporate

representative for testimony.   Humana submits that corporate depositions are premature at this

juncture and that there is good cause, as discussed in the supporting memorandum, for this Court

to specify the terms and conditions, specifically the designation of time, for corporate

depositions.

**WHEREFORE,** Humana respectfully requests that this Court grant its Motion for

Protective Order and issue an order that corporate depositions should not be conducted until after

the parties have completed written discovery.

1

Respectfully submitted

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**

By: _____
Errol J. King – Bar Roll No. 17649
Layna C. Rush – Bar Roll No. 26242
Daniel P. Guillory – Bar Roll No. 31180
450 Laurel Street
Chase Tower North, 20th Floor
Baton Rouge, Louisiana  70801
Telephone:     (225) 381-7000
Facsimile:     (225) 343-3612

- and -

CRAIG L. CAESAR - Bar Roll No. 19235
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana  70170
Telephone:  (504) 566-8616
Facsimile:  (504) 585-6916

**Attorneys For:
Humana Health Benefit Plan of Louisiana, Inc.,
Humana Health Benefit Plan, Inc. and Humana
Insurance Company**


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing "Motion for Protective Order" has

this date been mailed via email and United States Mail, postage prepaid and properly addressed,

to the following known counsel of record:

Gilbert V. Andry
The Andry Law Firm, LLC
828 Baronne Street
New Orleans, LA  70113

Baton Rouge, Louisiana, on this 13th day of February, 2019.

_____
Layna C. Rush

2

24TH JUDICIAL DISTRICT COURT

PARISH OF JEFFERSON

STATE OF LOUISIANA

NUMBER: 788-321                                     DIVISION "E"

CRESCENT CITY SURGICAL CENTRE

VERSUS

HUMANA HEALTH BENEFIT PLAN OF LOUISIANA, INC., (HUMANA, HUMANA
OF LOUISIANA), HUMANA HEALTH PLAN, INC., AND HUMANA INSURANCE
COMPANY

FILED:_____          _____
                                              DEPUTY CLERK

## ORDER

**CONSIDERING** the foregoing "Motion for Protective Order:"

**IT IS HEREBY ORDERED** that the Motion for Protective Order filed by Humana

Health Benefit Plan of Louisiana, Inc., Humana Health Benefit Plan, Inc. and Humana Insurance

Company is hereby set for contradictory hearing on the 28th day of February, 2019 at 9:30 a.m.

**THUS DONE AND SIGNED** this _20th_ day of _February_, 2019.

_____
JUDGE, 24th Judicial District Court
Parish of Jefferson

**PLEASE SERVE:**                 _Check No. 11468_          S/ **WILLIAM C. CREDO, III**
                                   _$30.00_                  **JUDGE PRO TEMPORE**
Crescent City Surgical Centre      _Orleans_
Through its counsel of record:
Gilbert V. Andry
Gibby Andry, The Andry Law Firm, LLC
828 Baronne Street
New Orleans, LA  70113

1

# BAKER DONELSON
## BEARMAN, CALDWELL & BERKOWITZ, PC

CHASE NORTH TOWER
450 LAUREL STREET
20TH FLOOR
BATON ROUGE, LOUISIANA
70801

PHONE:   225.381.7000
FAX:        225.343.3612

www.bakerdonelson.com

LAYNA C. RUSH, SHAREHOLDER
**Direct Dial: 225.381.7043**
**Direct Fax: 225.382.0243**
E-Mail Address: lrush@bakerdonelson.com

February 13, 2019

**<u>Via Facsimile: (504) 364-3780 and U.S. Mail</u>**

Clerk of Court
24th JDC, Parish of Jefferson
200 Derbigny St.
Gretna, LA 70053

Re:   *Crescent City Surgical Centre v. Humana Health Benefit Plan of Louisiana, Inc.,*
*Humana Health Plan, Inc. and Humana Insurance Company;* No. 788-321, Div. E, 24th
Judicial District Court, Parish of Jefferson, State of Louisiana

Dear Clerk:

With regard to the above-captioned matter, please find attached a "Motion for Protective Order,
Memorandum in Support of Motion for Protective Order and Order" that we ask be fax-filed into the
record on behalf of Humana Health Benefit Plan of Louisiana, Inc., Humana Health Plan, Inc. and
Humana Insurance Company.  Upon receipt of the Court's fax confirmation, we will forward to the
Clerk's Office the original pleading together with a check to cover the cost for filing.

If you have any questions, please feel free to contact my office.

Sincerely,

**BAKER, DONELSON, BEARMAN,**
**CALDWELL & BERKOWITZ, P.C.**

By:   _Layna C. Rush_

EJK/cj
Enclosure
cc:   Gilbert Andry (via email: gandry@gibbyandrylaw.com)

ALABAMA • FLORIDA • GEORGIA • LOUISIANA • MARYLAND • MISSISSIPPI • SOUTH CAROLINA • TENNESSEE • TEXAS • VIRGINIA • WASHINGTON, D.C.

U.S. POSTAGE >> PITNEY BOWES

ZIP 70801 $ 001.90⁰
02 1W
0001386512 FEB 14 2019

FILED FOR RECORD 02/20/2019 09:13:01
Mary G Brisco, DY CLERK
JEFFERSON PARISH, LA

**BAKER DONELSON**

BAKER DONELSON
450 LAUREL STREET
12TH FLOOR
BATON ROUGE, LOUISIANA 70801

Clerk of Court
24th JDC
P.O. Box 10
Gretna, LA 70054

Baton Rouge P&DC 708
THU 14 FEB 2019 PM

*Received for Mail*

FILED FOR RECORD 02/20/2019 10:59:18
Mary G Brisco, DY CLERK
JEFFERSON PARISH, LA

D1633

24TH JUDICIAL DISTRICT COURT

PARISH OF JEFFERSON

STATE OF LOUISIANA

Filed by: Fax
Date: February 13, 20
Time: 4:30 pm
Deputy Clerk: Na Vibro
(SEE ATTACHED LOG)

NUMBER: 788-321                                DIVISION "E"

CRESCENT CITY SURGICAL CENTRE

VERSUS

HUMANA HEALTH BENEFIT PLAN OF LOUISIANA, INC., (HUMANA, HUMANA
OF LOUISIANA), HUMANA HEALTH PLAN, INC., AND HUMANA INSURANCE
COMPANY

FILED: _____     _____
                                              DEPUTY CLERK

## MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

MAY IT PLEASE THE COURT:

Defendants, Humana Health Benefit Plan of Louisiana, Inc., Humana Health Benefit
Plan, Inc. and Humana Insurance Company (collectively referred to as "Humana"), offer this
Memorandum in Support of their Motion for Protective Order.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

Crescent City Surgical Centre ("CCSC") filed a Petition for Damages ("Petition") against
Humana on October 5, 2018; Humana was served on October 22, 2018. In the Petition, CCSC
claims that Humana failed to pay CCSC an appropriate amount of money for medical services
provided by CCSC from 2011 to the present. Petition, ¶ 1. In its Motion to Compel, CCSC
claims that it is owed tens of millions of dollars. CCSC claims that every time it provided
services to a "Humana customer," it verified with Humana the amount Humana would pay for
serves rendered by CSCC. Petition, ¶ 14. The Petition includes causes of action for breach of
contract, violation of Louisiana's Unfair Trade Practices Act, detrimental reliance and negligent
misrepresentation. Crescent City failed, however, to identify a single claim in its Petition for
which it was allegedly underpaid.

On December 12, 2018, CCSC propounded its First Set of Interrogatories, First Set of
Request for Production of Documents and a proposed corporate deposition notice. (A copy of
the proposed corporate deposition notice is attached hereto as Exhibit "A."). Humana responded

1

to the Plaintiff's First Set of Interrogatories and Request for Production of Documents on January 18, 2019. In its responses, Humana indicated that it could not provide information responsive to many of the discovery requests because CCSC has failed to identify the claims at issue. Without identification of the claims, Humana is unable to provide detailed responses to the discovery requests. On January 17, 2019, Humana propounded discovery requests on CCSC. In those requests, Humana asked CCSC to identify the claims at issue in the litigation. Once CCSC provides Humana information on the claims at issue, Humana will be in a better position to investigate and respond to discovery. In Exhibit "D" to its Motion to Compel, CCSC includes a "quantum" that includes the number of patients and the charges at issue for each year. If CCSC has made these calculations, then it obviously has the claims at issue and can provide them to Humana.

CCSC filed a Motion to Compel taking issue with Humana's responses on January 28, 2019. The Motion to Compel is set for hearing on February 28, 2019.

The proposed corporate deposition notice is similar to the discovery requests. In fact, Attachment "B" to the proposed corporate deposition notice requests the same documents as the Request for Production of Documents. Attachment "A" to the proposed corporate deposition notice is the areas of inquiry, the majority of which are also contingent on identification of the claims. Without information on the claims at issue in the litigation, Humana cannot adequately determine who would be a corporate representative for purposes of a corporate deposition. Additionally, without identification of the claims, it would be impossible to adequately prepare a representative(s) to testify to the areas of inquiry.

II.   **LAW AND ANALYSIS**

Louisiana Code of Civil Procedure Article 1426 provides in pertinent part:

*A. Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:*

*(1) That the discovery not be had.*

*(2) That the discovery may be had only on specified terms and conditions, including a designation of the time or place.*

*(3) That the discovery may be had only by a method of discovery other than that selected by the party seeking discovery.*

2

*(4) That certain matters not be inquired into, or that the scope of the discovery be limited to certain matters.*

*(5) That discovery be conducted with no one present except persons designated by the court.*

*(6) That a deposition after being sealed be opened only by order of the court.*

*(7) That a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way.*

*(8) That the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the courts.*

The granting of a Protective Order and the extent of protection afforded are within the sound discretion of the trial court. *Fissure v. Town of Boyce,* 2017-470 (La. App. 3rd Cir. 9/6/17), 250 So.3d 904; *see also Fox v. Fox,* 49, 619 (La. App. 2nd Cir. 4/22/15), 164 So.3d 359. Moreover, the trial court has authority to grant orders protecting parties from undue expense involved in discovery procedures. *Madison v. Travelers Ins. Co.,* 308 So.2d 784 (La. 1975).

In the instant case, Humana is not seeking to avoid a corporate deposition; it is asking the Court to specify terms and conditions for that corporate deposition, specifically as to the time frame for taking depositions. At the current stage of these proceedings, Humana cannot determine who to submit as a corporate representative(s). Moreover, it would be impossible to prepare a corporate deponent to testify to the areas of inquiry listed in the proposed corporate deposition notice since CCSC has not yet identified any of the claims at issue in the litigation. A corporate deposition at this juncture would be a waste of time and financial resources because a Humana representative would not be able to answer any questions about the claims.

Currently, trial in this matter is set for November 4, 2019. Thus, there is an adequate amount of time for the parties to complete written discovery before conducting corporate depositions. A Protective Order setting forth the time frame for conducting corporate depositions is within the authority of this Court and would foster the efficient management of this litigation.

III.   **CONCLUSION**

This is a case in which the Plaintiff, CCSC, claims that it was underpaid on claims by Humana dating back to 2011. The Plaintiff has failed to identify any of those claims however. Until the claims at issue in the litigation are identified and Humana is afforded an opportunity to

research how those claims were adjudicated and paid, it cannot offer a corporate representative to testify as to those claims. Pursuant to Louisiana Code of Civil Procedure Article 1426, this Court has the authority to enter into an order setting forth the time frame for conducting corporate depositions. Humana respectfully requests that this Court issue an order that the parties are to complete written discovery prior to conducting corporate depositions.

Respectfully submitted

**BAKER, DONELSON, BEARMAN,**
**CALDWELL & BERKOWITZ, PC**

By: _____
Errol J. King - Bar Roll No. 17649
Layna C. Rush – Bar Roll No. 26242
Daniel P. Guillory – Bar Roll No. 31180
450 Laurel Street
Chase Tower North, 20th Floor
Baton Rouge, Louisiana 70801
Telephone:    (225) 381-7000
Facsimile:    (225) 343-3612

- and -

CRAIG L. CAESAR - Bar Roll No. 19235
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-8616
Facsimile: (504) 585-6916

**Attorneys For:**
**Humana Health Benefit Plan of Louisiana, Inc.,**
**Humana Health Benefit Plan, Inc. and Humana**
**Insurance Company**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing "Memorandum in Support of Motion for Protective Order" has this date been emailed and mailed via United States Mail, postage prepaid and properly addressed, to the following known counsel of record:

Gilbert V. Andry
Gibby Andry, The Andry Law Firm, LLC
828 Baronne Street
New Orleans, LA 70113

Baton Rouge, Louisiana, on this 27th day of February, 2019.

_____
Layna C. Rush

4

FILED FOR RECORD 02/28/2019 09:40:09
Mary G Brisco, DY CLERK
JEFFERSON PARISH, LA

**24TH JUDICIAL DISTRICT COURT**

**PARISH OF JEFFERSON**

**STATE OF LOUISIANA**

Filed by: Fax
Date: February 30 2019
Time: 2:16 PM
Deputy Clerk: Mary Ann
(SEE ATTACHED COPY)

NUMBER: 788-321                                                    DIVISION "E"

**CRESCENT CITY SURGICAL CENTRE**

**VERSUS**

**HUMANA HEALTH BENEFIT PLAN OF LOUISIANA, INC., (HUMANA, HUMANA
OF LOUISIANA), HUMANA HEALTH PLAN, INC., AND HUMANA INSURANCE
COMPANY**

FILED:_____          _____
                                              **DEPUTY CLERK**

**OPPOSITION TO PLAINTIFF'S EXPEDITED MOTION TO COMPEL
WRITTEN DISCOVERY AND CORPORATE DEPOSITION**

**MAY IT PLEASE THE COURT**

    Defendants, Humana Health Benefit Plan of Louisiana, Inc., Humana Health Benefit

Plan, Inc. and Humana Insurance Company (collectively referred to as "Humana"), offer this

Opposition to Plaintiff's Expedited Motion to Compel Written Discovery and Corporate

Deposition ("Motion").  Humana has responded to Plaintiff's discovery requests but, as the case

is still in its early stages, Humana is unable to provide substantive responses to some of the

discovery requests.  Humana has requested that the Plaintiff identify the claims at issue in this

lawsuit to allow it to more fully investigate the Plaintiff's allegations.  To date, despite multiple

requests by Humana's counsel, the Plaintiff has not provided any specificity as to the claims that

purportedly form the basis of this lawsuit. As set forth herein, Plaintiff's Motion is unfounded

and should be denied.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

    Crescent City Surgical Centre ("CCSC") filed a Petition for Damages ("Petition") against

Humana on October 5, 2018; Humana was served on October 22, 2018.  In its Petition, CCSC

claims that Humana failed to pay CCSC an appropriate amount of money for medical services

provided by CCSC from 2011 to the present.  Petition, ¶ 1.  In its Motion to Compel, CCSC

claims that it is owed "tens of millions" of dollars.  CCSC claims that every time it provided

services to a "Humana customer," it verified with Humana the amount Humana would pay for

services rendered by CSCC. Petition, ¶ 14. The Petition includes causes of action for breach of

contract, violation of Louisiana's Unfair Trade Practices Act, detrimental reliance and negligent misrepresentation.  CCSC did not, however, identify a single claim in its Petition for which it was allegedly underpaid.  In fact, CCSC has provided no information to assist Humana in identifying the claims at issue in this lawsuit.

On November 15, 2018, CCSC forwarded to counsel for Humana a "case brochure." That case brochure includes a "quantum" which lists the total patients, total charges and payments by year. The case brochure does not list the individual claims or any information that would allow for identification of those claims.  Clearly, CCSC has information on the claims at issue, as it must have relied on that information to prepare its "quantum." Humana has requested both informally and thru written discovery the claims that CCSC contends are at issue.  To date, CCSC has refused to provide the claims.

On December 12, 2018, CCSC propounded its First Set of Interrogatories, First Set of Request for Production of Documents and a proposed corporate deposition notice.  Humana responded to the Plaintiff's First Set of Interrogatories and Request for Production of Documents on January 18, 2019.  In its responses, Humana indicated that it could not provide information responsive to many of the discovery requests because CCSC has failed to identify the claims at issue.  Without identification of the claims, Humana is unable to provide detailed responses to many of the discovery requests.  On January 17, 2019, Humana propounded discovery requests on CCSC.  In those requests, Humana asked CCSC to identify the claims at issue in the litigation.  Once CCSC provides Humana information on the claims at issue, Humana will be in a better position to investigate and more thoroughly respond to some of the requests.

On January 24, 2019, counsel for CCSC initiated a Rule 10.1 conference.  During that conference, counsel did not indicate which responses he believed were inadequate or detail why he believed they were inadequate.  He only said that <u>all</u> of the responses were inadequate and that he would file a motion to compel unless all responses were supplemented.  Counsel for Humana explained that without information on the claims, Humana was unable to provide more detailed responses to some of the requests.[1]  Counsel for Humana indicated that once it received

---

[1] On February 14, 2019, Humana filed a Motion for Protective Order to address the proposed corporate deposition notice that counsel for CCSC sent to counsel for Humana.  As set forth in the Motion for Protective Order and supporting memorandum, without information on the claims at issue in the litigation, Humana cannot adequately determine who would be a corporate representative for purposes of a corporate deposition and cannot adequately prepare representatives to testify to the proposed areas of inquiry.

information on the claims so that it could research the claims, it would supplement its discovery requests.

CCSC did not provide the requested information; rather, it filed an Expedited Motion To Compel Written Discovery And Corporate Depositions on January 28, 2019. Counsel failed, however, to include a Rule 10.1 conference certificate with the Motion. Moreover, it is Humana's position that CCSC did not confer in good faith regarding the discovery responses because CCSC's counsel refused to indicate which responses he believed were deficient, and why. Furthermore, counsel has failed to confer in good faith because he has not provided a list of the claims which would enable to Humana to more thoroughly answer the discovery requests.

## II.    LAW AND ANALYSIS

Pursuant to the Louisiana Code of Procedure Article 1422, parties may obtain discovery "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action...." There are limitations to this rule, however, when justice requires that a party be protected from annoyance, oppression, or undue burden or expense. *See Hains v. Hains*, 2009-1337 (La. App. 1st Cir. 3/10/10), 36 So.3d 289. Moreover, courts have established that, while relevance in discovery is broader than that required by admissibility at trial, "the object of inquiry must have some evidentiary value before an order to compel disclosure of otherwise inadmissible material will issue." *Dabezies v. Trelo*, 2018-0278 (La. App. 4th Cir. 5/23/18), 248 So.3d 498, 501, *citing Indus. Pipe, Inc. v. Plaquemines Parish Council*, 12-1348, p. 8 (La. App. 4th Cir. 9-14-12), 100 So.3d 896, 901. The party seeking to compel discovery bears the burden of proving that the matters sought to be discovered are relevant. *Dabezies v. Trelo*, 248 So.3d 498 at 501.

In the instant case, CCSC takes issue with all of Humana's discovery responses. As set forth herein, some of the discovery requests cannot be answered until the claims at issue in this litigation have been identified. During the Rule 10.1 conference, counsel for CCSC suggests that Humana can "push a button" and obtain all relevant information. That is simply not the case. Moreover, Plaintiff has the burden of proving its case. *See Franklin v. Fountain Group Adjusters, LLC*, 2017-724 (La. App. 3 Cir. 6/618), 249 So.3d 84 ("The party claiming the rights under the contract bears the burden of proof in a breach of contract claim."); *Stanley v. Wyeth, Inc.*, 2007-2080 (La. App. 1 Cir. 5/2/2008), 991 So.2d 31 (the plaintiff bears the burden of proof in a negligent misrepresentation case); *Bourgeois v. Allstate Ins. Co.*, 15-451 (La. App. 5 Cir.

3

12/23/15), 182 So.3d 1177 (the plaintiff must prove fraud). It is incumbent on CCSC to identify the claims which it believes were underpaid by Humana.

CCSC simply alleges, without more, that every claim that CCSC has ever submitted to Humana is at issue. That cannot not correct. For example, undersigned counsel for Humana represented Humana in previous litigation filed by CCSC. Claims that were settled in that litigation cannot be the subject of this litigation. Furthermore, some of the claims at issue may involve Medicare members for which CCSC cannot assert a claim in state court. And, contrary to CCSC's assertion in its Motion, Humana's production is constrained by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). Humana is an insurance company and therefore a "covered entity" under HIPAA. 45 C.F.R. §§ 160.102, 160.103. By law, covered entities cannot disclose protected health information unless the disclosure meets an exception in the regulations, and even then, the covered entity can only disclose the minimum amount of information necessary for the intended purpose. 45 C.F.R. § 164.502(a). Humana cannot disclose to CCSC information about members for whom CCSC is not, or cannot, make a claim in this litigation. Humana must have the claims identified in order to produce information on the claims. Once CCSC has identified the claims, Humana will be able to provide more substantive responses to some of the discovery requests.

There are some requests for which Humana has no responsive information or documents and has indicated such. CCSC has failed to articulate why it believes that those responses are deficient. Furthermore, some of CCSC's requests are unintelligible or so vague that Humana cannot determine what information is being sought. Finally, some of CCSC's requests seek confidential and proprietary business secrets that have no relevance to the instant dispute. CCSC has failed to articulate why the information sought is relevant or why it is entitled to that information.

A.      **Interrogatories At Issue.**

Because CCSC claims that <u>all</u> of Humana's responses except one are deficient (but CCSC failed to indicate which response is not deficient), Humana will discuss each of the requests and its responses herein.

***INTERROGATORY NO. 1:***
*Please provide the name, address, telephone number, social security number, date of birth and job description of each and every person who assists in answering these interrogatories, including a listing of each interrogatory that each person(s) assists in answering.*

4

*RESPONSE:*
*Layna C. Rush*
*Baker, Donelson, Bearman, Caldwell & Berkowitz, PC*
*450 Laurel St., 12th Floor*
*Baton Rouge, LA  70801*
*Telephone:  (225) 381-7043*
*Email:  lrush@bakerdonelson.com*

*Lori Mattingly*
*Senior Litigation Manager, Law Department*
*Humana Inc.*
*500 W. Main Street*
*Louisville, KY  40202*

Humana answered Interrogatory No. 1.   CCSC has not indicated why it believes

Humana's response is deficient.

*INTERROGATORY NO. 2:*
*Please identify and list each and every witness that you may call at trial, and*
*provide their name, address, telephone number, social security number, date of*
*birth, job description and detailed factual description of the testimony you intend*
*to elicit from each.*

*RESPONSE:*
*The Plaintiff has yet to identify any of the claims at issue in this litigation.  As*
*such, Humana has not yet identified who it may call as a witness at a trial.*
*Humana will provide its witness list in accordance with the Court's Scheduling*
*Order.*

Humana answered Interrogatory No. 2 to the best of its ability at this juncture in the litigation.

CSCC has not identified the claims at issue in this litigation; Humana has only begun to

investigate the allegations.  Humana does not know who would be a witness at trial at this point.

Humana will supplement its response when it determines who it may call as witnesses at trial.

*INTERROGATORY NO. 3:*
*Please list each piece of evidence, whether parole or documentary, that you may*
*introduce at the trial of this matter with particularity, describing in detail each*
*document.*

*RESPONSE:*
*The Plaintiff has not yet identified the claims at issue in this litigation.  As such,*
*Humana cannot determine what evidence it may introduce at a trial of this matter.*
*Humana will provide its exhibit list in accordance with the Court's Scheduling*
*Order.*

Humana answered Interrogatory No. 3 to the best of its ability at this juncture in the litigation.

Without information on the claims at issue, Humana has not been able to determine what

documents may be relevant and may be used at trial.  Humana has not yet identified any

documents that it may use at trial.  Humana will supplement its response when it has investigated

the claims and determined what it may use at trial.

*INTERROGATORY NO. 4:*

*Please list each expert witness you may call at the trial of this matter with particularity, giving the specialty of the expert and a detailed description of the testimony of each expert.*

*RESPONSE:*

*The Plaintiff has yet to identify any of the claims at issue in this litigation. As such, Humana has not yet identified who it may call as an expert witness at a trial of this matter. Humana will provide its expert witness list in accordance with the Court's Scheduling Order.*

As with response to Interrogatory Nos. 2 and 3, Humana does not yet know who it may call as an expert witness at a trial of this matter. Humana will supplement its response if it determines to use an expert witness in this case.

*INTERROGATORY NO. 5:*

*If you have any defenses to the claims by plaintiffs, please list each defense, and each fact which supports each defense and each piece of evidence which supports each fact which supports each defense.*

*RESPONSE:*

*The Plaintiff has yet to identify any of the claims at issue in this litigation. As such, Humana cannot yet list all the defenses it has to the claims and what evidence support those defenses.*

Humana has not yet determined what defenses it will assert at a trial of this case. Moreover, without identification of the claims Humana cannot fully investigate the allegations to determine what defenses it may have to CCSC's claims. Humana cannot at this time identify what defenses it will assert at trial. Humana will supplement its response to Interrogatory No. 5 when it determines what defenses it will set forth.

*INTERROGATORY NO. 6:*

*Please list and describe each photograph and video which you have that in any way involves the claims complained of herein, and for each such photograph and/or video, please provide the name, address, telephone number and social security number of the person who took each such photograph and/or video.*

*RESPONSE:*

*The Plaintiff has yet to identify any of the claims at issue in this litigation. As such, Humana cannot yet identify evidence related to the claims at issue in this litigation. Further responding, Humana is not aware of any photograph or video that pertains to the claims at issue in this litigation.*

Interrogatory No. 6 appears to be a template request that CCSC's counsel uses in cases involving automobile accidents; the request is nonsensical given the allegations of the Petition. Humana did respond to the request however; it responded that it is not aware of any photograph or video

that pertain to the claims at issue in the litigation.  CCSC has not indicated why it believes this response is deficient.

### INTERROGATORY NO. 7:

*Please list any and all reports submitted or received, statements taken or given, and any other documents generated or received by anyone regarding this lawsuit.*

### RESPONSE:

*The Plaintiff has yet to identify any of the claims at issue in this litigation.  As such, Humana cannot yet identify evidence related to the claims at issue in this litigation*

Interrogatory No. 7 also appears to be a template discovery request used in automobile accident cases.  It is not typical to take a "statement" from anyone in a breach of contract case.  Moreover, to the extent the request seeks information after the lawsuit was filed, that information may be subject to attorney-client privilege or the work product doctrine.  To the extent the request is seeking *any document* generated *by anyone* related to *any claim* in this lawsuit, the request is overly broad and burdensome.  As it is written, Humana cannot ascertain which of these the request is actually seeking - a "statement" from a witness, documents prepared after litigation which may be privileged or any document ever created by anyone related to the 550 claims allegedly at issue in this litigation.

### INTERROGATORY NO. 8:

*Please list any and all policies of insurance, in full force and effect on the date and at the time of the incident, as well as any umbrella and/or excess policies that would have been in full force and effect during the years 2011 through the present, insurance Humana against the types of negligence complained of herein, up to $100,000,000.00, including the name of the insurer and the amount of insurance provided.*

### RESPONSE:

*Humana objects to Interrogatory No. 8 on the basis that it ambiguous, confusing, vague and/ unclear.  It is unclear as to what "incident" the Request refers.*

This Request also appears to be a template request used in automobile accident cases.  There is no allegation of an "incident" in the Petition, as that term is generally understood.  Moreover, in response to Request for Production No. 1, which is substantially similar to Interrogatory No. 8, Humana indicated that it had no documents that met the criteria set forth in Request for Production No. 1.  CCSC has failed to articulate why Humana's response is deficient.

### INTERROGATORY NO. 9:
*For any document that you claim privilege in responding to Plaintiff's First Set of Request for Production of Documents, please provide a detailed privilege log, including, but not limited to the full name, address, telephone number, social security number, date of birth and job description of the author of any document*

7

*withheld; the full name, address, telephone number, social security number, date of birth and job description of the person to whom the document was prepared for and forwarded; and a detailed factual description of the contents of each document withheld, the date the document was generated and the present location of teach document withheld.*

**RESPONSE**:

*See Responses to Plaintiff's First Set of Request for Production of Documents.*

Humana will provide a privilege log if any documents are withheld based on any applicable privilege. At this point, however, Humana has been unable to identify documents responsive to the request because CCSC has not yet identified the claims at issue in the litigation. Humana has not yet identified any privileged document and therefore, has no log to produce at this time. CCSC has failed to articulate why it believes Humana's response to Interrogatory No. 9 is deficient.

**INTERROGATORY NO. 10**:

*Please list and describe any and all information regarding the facts surrounding the cause(s) of action involved in this case.*

**RESPONSE**:

*Humana objects to Interrogatory No. 10 on the basis that it is overly broad, ambiguous. and unduly burdensome. Further responding, the Plaintiff has yet to identify the claims at issue in this litigation. As such, Humana cannot yet identify information regarding the facts surrounding the cause(s) of action involved in this case*

According to CCSC's "case brochure," CCSC seeks payment for claims for more than 550 patients over an eight year period. Interrogatory No. 10 requests ***all information*** regarding the facts surrounding the causes of action involved in the case. The request purports to seek every detail regarding every claim (which claims have not yet been identified) for over 550 patients. And, if that is not the intent of the request, Humana is not able to determine what information the request seeks.

**INTERROGATORY NO. 11**:

*Please list and describe any and all information regarding the established Humana in communicating with Crescent Hospital from the time a Humana customer approaches Crescent Hospital for medical services which triggers the initial contact by Crescent Hospital to determine Humana coverage and responsibility for Humana to pay including the out-of-network percentage of responsibility through the providing of medical services by Crescent Hospital to Humana customers through the generation of a medical bill by Crescent Hospital to Humana, through the approval of the appeal of Crescent Hospital to the amount paid by Humana.*

**RESPONSE**:

*Humana objects to Interrogatory No. 11 on the basis that it is vague and nonsensical.*

8

Interrogatory No. 11 does not make any sense. It is impossible to determine what information is being sought by Interrogatory No. 11.

### INTERROGATORY NO. 12:

*Please list and describe any and all information regarding any and all agreements between Humana and Ochsner Hospital which indicate and/or evidence the percentage of billed charges Humana pays Ochsner for medical services provided by Ochsner Hospital to Humana customers for the years 2011 through the present date.*

### RESPONSE:

*Humana objects to Interrogatory No. 12 on the basis that the information requested is neither relevant to the instant litigation nor reasonably calculated to lead to discovery of admissible evidence. Further responding, Humana's contracts with its participating providers are confidential, proprietary business information.*

### INTERROGATORY NO. 13:

*Please list and describe any and all information which involves or indicates the calculation and total amount of money paid to Ochsner Hospital for medical services provided to Humana customers for each year beginning in 2011 through the present date.*

### RESPONSE:

*Humana objects to Interrogatory No. 13 on the basis that the information requested is neither relevant to the instant litigation nor reasonably calculated to lead to discovery of admissible evidence.*

### INTERROGATORY NO. 14:

*Please list and describe any and all information which involves or indicates the percentage of billed chares paid by Humana to Ochsner Hospital for medical services provided to Humana customers for each year beginning in 2011 through the present date.*

### RESPONSE:

*Humana objects to Interrogatory No. 14 on the basis that the information requested is neither relevant to the instant litigation nor reasonably calculated to lead to discovery of admissible evidence.*

In its Petition, CCSC alleges that Humana represented to CCSC that Humana would pay a percentage of CCSC's bill and thereafter failed to do so. Petition ¶¶ 14-29. Humana's relationship with Ochsner and any payments made to Ochsner has absolutely no relevance to CCSC's claims against Humana. CCSC has failed to articulate why it is entitled to proprietary and confidential information that has no relevance to the lawsuit.

**B.    Responses To Plaintiff's First Set Of Request For Production Of Documents**

Because CCSC has complained that *all* Humana's responses to the Request for Production of Documents are deficient, Humana will discuss its response to each request.

9

*REQUEST NO. 1:*

*Please provide certified copies of any and all policies of insurance in full force and effect for the years 2011 through the present, insuring the defendants against the claims complained of herein, up to $100,000,000.00, including the name of the insurer and the amount of the insurance provided.*

*RESPONSE:*

*Humana objects to Request No. 1 on the basis that it is vague and ambiguous in that the claims at issue in the lawsuit have not yet been identified. Subject to its objection, Humana responds that it is it is not in possession of a policy of insurance that meets the criteria set forth in Request No. 1.*

Humana responded to Request No. 1 indicating that it is not in possession of a policy that meets the criteria set forth in the request. CCSC has failed to indicate why it believes this response is deficient.

*REQUEST NO. 2:*

*Please produce each piece of evidence which you plan to introduce at the trial of this matter.*

*RESPONSE:*

*The Plaintiff has yet to identify the claims at issue in this litigation. As such, Humana cannot determine what evidence it may introduce at the trial of this matter. Humana will provide its exhibit list in accordance with the Court's Scheduling Order.*

As set forth above, Humana does not yet know what evidence it may use at a trial of this matter. Humana will supplement its response to Request No. 2 when it determines what documentation it will use at trial.

*REQUEST NO. 3:*

*Please produce each piece of evidence which supports each fact which supports each defense, if any, which defendants have to this claim.*

*RESPONSE:*

*The Plaintiff has yet to identify the claims at issue in this litigation. As such, Humana cannot yet provide information on defenses it has to the claims and what evidence support those defenses.*

As set forth above, discovery in this case has just begun. Humana has not yet determined what defenses it will assert at a trial of this case and therefore, does not know what documents support its defenses. Humana will supplement its Response to Request for Production No. 3 when it determines what defenses it will set forth.

*REQUEST NO. 4:*

*Please produce any and all reports or other documents generated by anyone, including but not limited to expert witness reports obtained in regards to this matter.*

10

*RESPONSE:*

*The Plaintiff has yet to identify the claims at issue in this litigation. As such, Humana cannot yet identify evidence related to the claims at issue in this litigation.*

Humana has not yet retained any expert in this case and therefore, has no expert reports to produce at this time. To the extent there may be any other "reports" related to the claims at issue in this litigation, Humana cannot adequately research and determine if such reports exist without the identity of the claims at issue in the litigation.

*REQUEST NO. 5:*

*Please produce each video and/or photograph which in any way involves the matter complained of herein.*

*RESPONSE:*

*The Plaintiff has yet to identify the claims at issue in this litigation. As such, Humana cannot yet identify evidence related to the claims at issue in this litigation. Further responding, Humana is not aware of any photograph or video that pertains to the claims at issue in this litigation.*

Humana indicated it is not aware of any photograph or video that pertains to the claims at issue in this litigation. CCSC has failed to set forth why it believes this response is inadequate.

*REQUEST NO. 6:*

*Please produce a copy of each and every statement taken of any witness or of anyone in connection with this matter.*

*RESPONSE:*

*The Plaintiff has yet to identify the claims at issue in this litigation. As such, Humana cannot yet identify evidence related to the claims at issue in this litigation.*

Because discovery in this case is just beginning and Humana has not yet had the opportunity to fully investigate the claims at issue, it does not know who may be a witness related to this case. Without the ability to identify the witness, it cannot identify any statement taken of any witness. Humana will supplement its response to Request No. 6 if it determines that a statement of a witness was taken.

*REQUEST NO. 7:*

*Please produce any and all reports or other documents generated by anyone regarding the claims made the basis of this suit.*

*RESPONSE:*

*The Plaintiff has yet to identify the claims at issue in this litigation. As such, Humana cannot yet identify evidence related to the claims at issue in this litigation.*

Again, CCSC appears to request all documents related to over 550 claims (which have not yet been identified). This Request is clearly excessive. Moreover, until the claims are identified, Humana cannot identify documents that may relate to the claims.

> **_REQUEST NO. 8_**:
>
> *Please produce any and all information regarding each and every witness that you may call at trial, including their name, address, telephone number, social security number, date of birth, job description and a detailed factual description of the testimony you intend to elicit from each.*
>
> **_RESPONSE_**:
>
> *The Plaintiff has yet to identify the claims at issue in this litigation. As such, Humana has not yet identified who it may call as a witness at a trial. Humana will provide its witness list in accordance with the Court's Scheduling Order.*

Request No. 8 is a reiteration of Interrogatory No. 2. As set forth above, Humana cannot presently determine who will be witnesses at trial.

> **_REQUEST NO. 9_**:
>
> *Please produce any and all information regarding each expert witness you may call at the trial of this matter, including the area of expertise of each, as well as a detailed description of the information you intend to elicit from each.*
>
> **_RESPONSE_**:
>
> *The Plaintiff has yet to identify the claims at issue in this litigation. As such, Humana has not yet identified who it may call as an expert witness at a trial of this matter. Humana will provide its expert witness list in accordance with the Court's Scheduling Order.*

Humana has not yet retained any expert and will provide a list of persons it may call at trial once it has made that determination.

> **_REQUEST NO. 10_**:
>
> *Please produce any and all information regarding each and every defense you have to plaintiff's claims and if you claim any defenses, please list each fact which supports each defense and each piece of evidence, whether documentary or parole, which you contend supports each fact which supports each defense.*
>
> **_RESPONSE_**:
>
> *The Plaintiff has yet to identify the claims at issue in this litigation. As such, Humana cannot yet list all the defenses it has to the claim and what evidence supports those defenses.*

Because discovery in this case has just begun, Humana has not yet determined what defenses it will assert at a trial of the case. Moreover, without identification of the claims, Humana cannot fully investigate the allegations of the Petition to determine what defenses Humana may have to CCSC's claims. Humana will supplement its response to Request for Production No. 10 when it has determined what defenses it may assert in this case.

*REQUEST NO. 11:*

*Please produce any and all information, facts, and/or evidence which supports of justifies Humana's use of the term "allowable" in determining or explaining how much to pay or not pay Crescent Hospital for medical services provided by Crescent Hospital to Humana customers from 2011 through the present date.*

*RESPONSE:*

*The Plaintiff has yet to identify the claims at issue in this litigation.  As such, Humana cannot provide specific information related to the claims at issue in this litigation. Humana asserts that many of the health plans that Humana administers and the health insurance policies that Humana insurers pay non-participating providers a "Maximum Allowable Fee" which is defined in the plan document or insurance policy.*

In response to Interrogatory No. 11, Humana explained that some health plans pay non-participating providers based on a "maximum allowable fee" which is defined in the plan document or insurance policy.   Once the claims are identified in this case, Humana can determine which plan documents or insurance policies are at issue.   Until the claims are identified, however, Humana cannot determine what plan documents may be relevant.

*REQUEST NO. 12:*

*Please produce any and all information regarding the use and/or application of Facets in determining what to pay or not pay Crescent Hospital for medical services provided to Humana customers from 2011 through the present date.*

*RESPONSE:*

*Humana objects to Request No. 12 on the basis that it is vague and ambiguous. The term "Facets" is unclear and not defined.*

Neither Humana nor its counsel could determine to what the term "Facets" referred.  Humana cannot determine what information is being sought in Request No. 12.

*REQUEST NO. 13:*

*Please produce any and all information established by Humana in communicating with Crescent Hospital from the time a Humana customer approaches Crescent Hospital for medical services which triggers the initial contact by Crescent Hospital to determine Humana coverage and responsibility for Humana to pay including the out-of-network percentage of responsibility through the providing of medical service by Crescent Hospital to Humana customers through the generation of a medical bill by Crescent Hospital to Humana, through the approval of the appeal of Crescent Hospital to the amount paid by Humana.*

*RESPONSE:*

*Humana objects to Request No. 13 on the basis that it is overly broad, ambiguous and unduly burdensome.  Further responding, the Plaintiff has yet to identify the claims at issue in this litigation.  As such, Humana cannot yet identify specific communications related to the claims at issue.*

Request for Production No. 13 is nonsensical; it is impossible to determine exactly what information CCSC is requesting.  To the extent it seeks communications related to the claims at

issue, Humana cannot determine what communications exist related to the claims until the claims are identified.

> ### *REQUEST NO. 14*:
>
> *Please produce any and all information regarding any and all agreements between Humana and Ochsner Hospital which indicate and/or evidence the percentage of billed charges Humana pays Ochsner for medical services provided by Ochsner Hospital to Humana customers for the years 2011 through the present date.*
>
> ### *RESPONSE*:
>
> *Humana objects to Request No. 14 on the basis that the information requested is not relevant to the instant litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Further responding, Humana's contracts with its participating providers are confidential, proprietary business information.*
>
> ### *REQUEST NO 15*:
>
> *Please produce any and all information which involves or indicates the calculation and total amount of money paid to Ochsner Hospital for medical services provided to Humana customers for each year beginning in 2011 through the present date.*
>
> ### *RESPONSE*:
>
> *Humana objects to Request No. 15 on the basis that the information requested is not relevant to the instant litigation nor reasonably calculated to lead to the discovery of admissible evidence.*
>
> ### *REQUEST NO. 16*:
>
> *Please produce any and all information which involves or indicates the percentage of billed charges paid by Humana to Ochsner Hospital for medical services provided to Humana customers for each year beginning in 2011 through the present date.*
>
> ### *RESPONSE*:
>
> *Humana objects to Request No. 16 on the basis that the information requested is not relevant to the instant litigation nor reasonably calculated to lead to the discovery of admissible evidence.*

As set forth above, CCSC alleges that Humana would pay a percentage of CCSC's bill and thereafter failed to do so.  Humana's relationship with Ochsner and any payments made to Ochsner has absolutely no relevance to CCSC's claim against Humana.  CCSC has failed to articulate why it's entitled to proprietary and confidential information that has no relevance to the lawsuit.

> ### *REQUEST NO. 17*:
>
> *Please produce any and all e-mail correspondence regarding Crescent Hospital generated by or received by Humana from 2011 through 2017.*
>
> ### *RESPONSE*:
>
> *Humana objects to Request No. 17 on the basis that its overly broad and unduly burdensome.  Subject to its objection, Humana  agrees to meet and in good faith*

14

*confer on a schedule of production of email correspondence that is relevant to the claims at issue in this litigation once those claims have been identified.*

Humana has agreed to produce correspondence related to the relevant claims at issue in the litigation once those claims have been identified. A request for all correspondence "regarding" CCSC generated over an 8-year span of time is clearly excessive and overly burdensome.

### REQUEST NO. 18:

*Please produce any and all in-network signed contracts with participating specialty providers with attached rate sheets for each year from 2011 through 2017.*

### RESPONSE:

*Humana objects to Request No. 18 on the basis that the information requested is not relevant to the instant litigation nor reasonably calculated to lead to the discovery of admissible evidence. Further responding, Request No. 18 is overly broad, ambiguous and unduly burdensome. Moreover, Humana's contracts with its participating providers are confidential, proprietary business information.*

### REQUEST NO. 19:

*Please produce copies of any and all rate sheets attached to each and every in-network specialty hospital from 2011 through the present date.*

### RESPONSE:

*Humana objects to Request No. 19 on the basis that the information requested is not relevant to the instant litigation nor reasonably calculated to lead to the discovery of admissible evidence. Further responding, Request No. 18 is overly broad, ambiguous and unduly burdensome. Moreover, Humana's rate sheets are confidential, proprietary business information.*

### REQUEST NO. 20:

*Please produce any and all in-network signed contract with attached rate sheets.*

### RESPONSE:

*See Response to Request Nos. 18 and 19.*

CCSC complains that Humana represented that it would pay a certain percentage of CCSC's bill and thereafter failed to do so. Humana's contracts with its in-network providers have absolutely no relevance to CCSC's Complaint. CCSC has failed to articulate any reason for Humana to produce confidential and proprietary information that is neither relevant nor likely to lead to the discovery of relevant information.

## III.   CONCLUSION

The party seeking to compel discovery responses has the burden of proving that the discovery responses are deficient. CCSC has not met that burden. Humana answered all of the discovery requests that sought relevant information to the best of its ability. Humana has also explained that it will provide more substantive responses to those requests once the claims at

issue in this litigation have been identified by CCSC. For those requests that seek confidential and proprietary business information that is not relevant to the claims at issue in the litigation, CCSC has the burden of proving that the information requested is relevant.  CCSC has not met that burden.   CCSC's Expedited Motion To Compel Written Discovery And Corporate Depositions should be denied at CCSC's cost.

Respectfully submitted,

Errol J. King – Bar Roll No. 17649
Layna C. Rush – Bar Roll No. 26242
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
450 Laurel Street
Chase Tower North, 12th Floor
Baton Rouge, Louisiana  70801
Telephone:    (225) 381 7000
Facsimile:    (225) 343-3612

*Attorneys For Defendant: Humana Health Benefit Plan of Louisiana, Inc., Humana Health Plan, Inc., and Humana Insurance Company*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have on this 20 day of Febru 2019, served a copy of the foregoing on counsel for all parties to this proceeding, either by hand, facsimile, email, or by placing same in the United States Mail, properly addressed, and first class postage prepaid.

Layna C. Rush

16

# BAKER DONELSON
## BEARMAN, CALDWELL & BERKOWITZ, PC

CHASE NORTH TOWER
450 LAUREL STREET
20TH FLOOR
BATON ROUGE, LOUISIANA
70801

PHONE:  225.381.7000
FAX:      225.343.3612

www.bakerdonelson.com

LAYNA C. RUSH, SHAREHOLDER
**Direct Dial:** 225.381.7043
**Direct Fax:** 225.382.0243
**E-Mail Address:** lrush@bakerdonelson.com

February 20, 2019

### <u>Via Facsimile: (504) 364-3780 and U.S. Mail</u>

Clerk of Court
24th JDC, Parish of Jefferson
200 Derbigny St.
Gretna, LA 70053

Re:    *Crescent City Surgical Centre v. Humana Health Benefit Plan of Louisiana, Inc.,*
        *Humana Health Plan, Inc. and Humana Insurance Company;* No. 788-321, Div. E, 24th
        Judicial District Court, Parish of Jefferson, State of Louisiana

Dear Clerk:

    With regard to the above-captioned matter, please find attached an "Opposition to Plaintiff's
Expedited Motion to Compel" that we ask be fax-filed into the record on behalf of Humana Health
Benefit Plan of Louisiana, Inc., Humana Health Plan, Inc. and Humana Insurance Company.  Upon
receipt of the Court's fax confirmation, we will forward to the Clerk's Office the original pleading
together with a check to cover the cost for filing.  Sent 2.26.19

    If you have any questions, please feel free to contact my office.

                                Sincerely,

                                **BAKER, DONELSON, BEARMAN,**
                                **CALDWELL & BERKOWITZ, P.C.**

                                By: _Layna C. Rush_
                                    Layna C. Rush

EJK/cj
Enclosure
cc:    Gilbert Andry (via email: gandry@gibbyandrylaw.com)

ALABAMA • FLORIDA • GEORGIA • LOUISIANA • MARYLAND • MISSISSIPPI • SOUTH CAROLINA • TENNESSEE • TEXAS • VIRGINIA • WASHINGTON, D.C.

# BAKER DONELSON

BAKER DONELSON
450 LAUREL STREET
12TH FLOOR
BATON ROUGE, LOUISIANA 70801

Clerk of Court
24th JDC, Parish of Jefferson
200 Derbigny St.
Gretna, LA 70053

FILED FOR RECORD 02/28/2019 09:41:20
Marry G. Jones, DY CLERK
JEFFERSON PARISH LA

FILED FOR RECORD 02/25/2019 01:45:01
Raquel M. Macabitas, DY CLERK
JEFFERSON PARISH, LA   Legal Wings

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUSIANA

NO.: 788-321                                    DIVISION: "E"

CRESCENT CITY SURGICAL CENTRE

VERSUS

HUMANA HEALTH BENEFIT PLAN OF LOUISIANA, INC., (HUMANA, HUMANA
OF LOUISIANA), HUMANA HEALTH PLAN, INC., AND HUMANA INSURANCE
COMPANY

FILED: _____        _____
                                          DEPUTY CLERK:

**REPLY TO MOTION FOR PROTECTIVE ORDER**

NOW INTO COURT, through undersigned counsel comes Plaintiff, Crescent City

Surgical Center, (hereinafter referred to as "Crescent") who respectfully requests that:

I.

On February 13, 2019 defendants, Humana Health Benefit Plan of Louisiana, Inc.,

(Humana, Humana of Louisiana), Humana Health Plan, Inc., and Humana Insurance

Company, (hereinafter referred to as "Humana") filed a Motion for Protective Order with

this Honorable Court.  While to date, plaintiff has not been served with an Order setting

this matter for hearing, undersigned counsel is aware that this matter has been set for

hearing on February 28, 2019.  In an effort to move this matter forward, plaintiff hereby

waives service of the Order, and responds.

II.

Crescent chooses the title of its memoranda to illustrate to this Honorable Court that

Crescent does not oppose a Protective Order.  In fact, it was at Crescent's suggestion that

a Protective Order be generated.  Instead, this matter was unnecessarily turned into a

Motion to Compel a Protective Order by Humana.  Simply stated, by telephone on the

morning of February 13, 2019, counsel for Crescent communicated to counsel for Humana

that both parties should agree to use the Protective Order which was generated in the

matters of Omega Hospital, LLC vs. Louisiana Health Service & Indemnity Company,

d/b/a Blue Cross/Blue Shield of Louisiana, Blue Cross & Blue Shield of Louisiana, Inc.,

1

and HMO Louisiana, 24th Judicial District Court, State of Louisiana, Number 694-501, Division C and Crescent City Surgical Centre vs. Louisiana Health Service and Indemnity Company d/b/a Blue Cross/Blue Shield of Louisiana, Blue Cross & Blue Shield of Louisiana, Inc., and HMO Louisiana, Inc., 24th Judicial District Court, State of Louisiana, No. 765-705, Division L, which were previously vetted, adopted, and signed by both Judges June Berry Darensburg and Donald Rowan in this very district over and over. In both matters, the protective orders did the job.

III.

Instead of simply reviewing the already vetted, accepted, and thorough Protective Order, provided by Crescent to Humana, Humana chose to file an unnecessary contradictory Motion for Protective Order that only unnecessarily complicates this otherwise simple litigation. The suggestions made by Humana of additional sections to be used in this already vetted, adopted, and already applied Protective Order are unnecessarily confusing and unnecessary. Having litigated this fact pattern twice so far, the additional sections serve no purpose. In fact, Humana cannot provide this Honorable Court with a single document that requires "double secret protection." The only purpose served by suggesting these extra unnecessary sections is unnecessary confusion and delay.

Wherefore plaintiff, Crescent Hospital respectfully requests that this Honorable Court order Humana to sign the Protective Order presented by Crescent without delay.

Respectfully submitted,

**GIBBY ANDRY, THE ANDRY LAW FIRM, LLC**

828 Baronne Street
New Orleans, LA 70113
Telephone: (504) 522-1000
Facsimile: (504) 522-8000

And

Thomas J. Capella (LSBA #22293)
Thomas J. Capella, Attorney at Law, LLC
4928 Jasper Street
Metairie, LA 70006

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing have been served upon all counsel for parties hereto by placing same in the United States Mail, properly addressed and postage prepaid this ___ day of February, 2019.

GILBERT V. ANDRY, IV

3

FILED FOR RECORD 02/25/2019 11:49:31
Raquel M. Macabitas, DY CLERK
JEFFERSON PARISH, LA

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO.: 788-321                                    DIVISION: "E"

CRESCENT CITY SURGICAL CENTRE

VERSUS

HUMANA HEALTH BENEFIT PLAN OF LOUISIANA, INC., (HUMANA, HUMANA
OF LOUISIANA), HUMANA HEALTH PLAN, INC., AND HUMANA INSURANCE
COMPANY

FILED: _____     _____
                                        DEPUTY CLERK:

## PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL WRITTEN DICOVERY AND CORPORATE DEPOSITION

The opposition memorandum of Humana to Crescent's Motion to Compel Written
Discovery confirms that Humana's answers to written discovery are in fact non-answers
pursuant to La. Code of Civ. Proc. Art. 1439(3).  Humana is one of two parties with
Crescent being the other to the ongoing Service Agreement that Crescent has with Humana.
When a Humana customer approaches Crescent to receive medical services, Crescent
contacts Humana and at Humana's direction, Crescent provides medical services to
Humana customers.  Once those medical services are provided Crescent sends Humana a
bill.  Humana then pays Crescent, but extremely underpays Crescent.  This is the process
that is followed at Humana's direction and has been followed since Crescent began doing
business in January of 2011.

Simply stated, there have been a finite number of Humana customers,
(approximately 541) who have received medical services from Crescent at Humana's
direction.  Humana knows which of its customers received medical services from Crescent,
what those medical services were for, the amount that Crescent charged for those medical
services and the amount that Humana paid Crescent for those medical services.  Most
importantly, Humana knows that it extremely underpaid Crescent each and every time.

Based on these simple truths, it is inappropriate for Humana to now plead ignorance.
In fact, the first paragraph of Humana's opposition memorandum accurately sets forth the

claims made by Crescent herein.  If Humana has evidence that it paid Crescent the entire amount of Crescent's bill for medical services provided by Crescent to a certain Humana customer, it can provide that information as a defense at trial because that is what such a response is, a defense to Crescent's claims at trial, not as an excuse for its failure to answer discovery.

In conclusion, Humana is simply and unnecessarily retarding the progress of this simple litigation, and in so doing failed to answer the written discovery propounded it by Crescent truthfully and completely.  Likewise, Humana has failed to provide a corporate representative to answer the areas of inquiry truthfully and completely.  Therefore this Honorable Court should grant plaintiff's Motion to Compel and order Humana to answer the inquiries propounded it by Crescent truthfully and completely.

Respectfully submitted,

GIBBY ANDRY, THE ANDRY LAW FIRM, LLC

_____
GILBERT V. ANDRY, IV (LSBA # 20056)
828 Baronne Street
New Orleans, LA  70113
Telephone:  (504) 522-1000
Facsimile:  (504) 522-8000

And

Thomas J. Capella (LSBA #22293)
Thomas J. Capella, Attorney at Law, LLC
4928 Jasper Street
Metairie, LA  70006

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing have been served upon all counsel for parties hereto by placing same in the United States Mail, properly addressed and postage prepaid this ___ day of January, 2019.

_____
GILBERT V. ANDRY, IV

FILED FOR RECORD 03/14/2019 15:20:38
Patricia Gardner, DY CLERK
JEFFERSON PARISH LA

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO.: 788-321                                    DIVISION: "E"

CRESCENT CITY SURGICAL CENTRE

VERSUS

HUMANA HEALTH BENEFIT PLAN OF LOUISIANA, INC., (HUMANA, HUMANA
OF LOUISIANA), HUMANA HEALTH PLAN, INC., AND HUMANA INSURANCE
COMPANY

FILED: _____    _____
                                    DEPUTY CLERK:

## JUDGMENT

This matter came for hearing on Thursday, February 28, 2019 on Plaintiff's Motion

to Compel Written Discovery and Defendants' Motion for Protective Order.

> PRESENT:  Gilbert V. Andry, IV, Esq., Attorney for Plaintiff, Crescent City
> Surgical Centre,
>
> Michael J. Winsberg, Esq., Attorney for Plaintiff, Crescent City
> Surgical Centre;
>
> Thomas J. Capella, Esq., Attorney for Plaintiff, Crescent City Surgical
> Centre;
>
> Layna C. Rush, Esq., Attorney for Defendants, Humana Health
> Benefit Plan of Louisiana, Inc., (Humana, Humana of Louisiana),
> Humana Health Plan, Inc., and Humana Insurance Company; and
>
> Craig J. Caesar, Esq. Attorney for Defendants, Humana Health
> Benefit Plan of Louisiana, Inc., (Humana, Humana of Louisiana),
> Humana Health Plan, Inc., and Humana Insurance Company;

After considering the foregoing motions, evidence and arguments of counsel:

**IT IS ORDERED, ADJUDGED AND DECREED** that plaintiff, Crescent City

Surgical Centre, provide names of the Humana customers who received medical services

from Crescent City Surgical Centre at Humana's direction within fifteen (15) days of the

execution of the Protective Order;

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that defendants,

Humana Health Benefit Plan of Louisiana, Inc., (Humana, Humana of Louisiana), Humana

Health Plan, Inc., and Humana Insurance Company, answer Plaintiff's First Set of

Interrogatories truthfully and completely, and respond to Plaintiff's First Set of Request

for Production of Documents, truthfully and completely, within thirty (30) days of the receipt of the list of Humana customers from Crescent City Surgical Centre.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that defendants, Humana Health Benefit Plan of Louisiana, Inc., (Humana, Humana of Louisiana), Humana Health Plan, Inc., and Humana Insurance Company, schedule and have set, the corporate deposition(s) of their corporate representative(s) within thirty (30) days of execution of the receipt of the list of Humana customers from Crescent City Surgical Centre.

Signed this _14th_ day of _March_____, 2019, in Gretna, Louisiana.

JUDGE

S/ WILLIAM C. CREDO, III
JUDGE PRO TEMPORE

FILED FOR RECORD 03/14/2019 15:20:38
Patricia Gardner, DY CLERK
JEFFERSON PARISH

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO.: 788-321                                    DIVISION: "E"

CRESCENT CITY SURGICAL CENTRE

VERSUS

HUMANA HEALTH BENEFIT PLAN OF LOUISIANA, INC., (HUMANA, HUMANA
OF LOUISIANA), HUMANA HEALTH PLAN, INC., AND HUMANA INSURANCE
COMPANY

FILED: _____        _____
                                        DEPUTY CLERK:

## PROTECTIVE ORDER

**NOW INTO COURT,** through undersigned counsel, come plaintiff, Crescent City

Surgical Centre ("Crescent Hospital"), and defendants, Humana Health Benefit Plan of

Louisiana, Inc., Humana Health Plan, Inc., and Humana Insurance Company, ("Humana"),

(collectively "the Parties") who agree to the following procedures for maintaining the

confidentiality of certain documents to be produced in connection with this proceeding and

information to be disclosed in this proceeding, which agreement is hereby made the order

of this Court.

In consideration of the consent of the Parities, it is hereby **ORDERED,**

**ADJUDGED AND DECREED** that the production and exchange of documents and

information in this Litigation shall be governed by the following terms:

1.      All Confidential information produced or exchanged in the course of this

Litigation shall be used solely for the purpose of preparation and trial of this Litigation and

for no other purpose whatsoever, and shall not be disclosed to any person, except in

accordance with the terms hereof.

2.      "Confidential Information," as used herein, means any information of any

type, kind or character that is designated as "Confidential Information" by any of the

supplying or receiving Parties, whether it be a document , information revealed during a

deposition, information revealed in an interrogatory answer or otherwise.  In designating

information as "Confidential Information," a party shall make such designation only as to

1

that information that it, in good faith, thinks contains confidential information which is based upon good faith factual basis.

3.   "Qualified Persons," as used herein, means:

(a)   Attorneys identified in the signature block below for the Parties to this Agreement in this Litigation and employees of such attorneys to whom it is necessary that the material be shown for purposes of this Litigation, not any other lawsuits or pending actions, regardless if parties to that action are the same or similar to this Litigation.

(b)   Actual or potential independent technical experts or consultants in this Litigation, who have agreed to be bound by the terms of this Agreement by signing a form substantially similar to Exhibit A, which shall be kept on file by the attorney retaining the expert of consultant in this Litigation;

(c)   The Parties to this Agreement or Party representatives.

(d)   The Court and/or any mediator, settlement judge, or other person appointed, assigned, or engaged by the Parties or the Court to attempt to resolve all or part of the issues on this action; and

(e)   Any other person designated as a Qualified Person by order of the Court, after notice and hearing to all Parties.

4.   Documents produced in this Litigation may be designated by any party or Parties as Confidential Information by marking each page of the document(s) with a stamp stating "Confidential." In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced.

5.   Information disclosed at a deposition may be designated by any party as Confidential Information by indicating, on the record at the deposition or in writing within 15 days of receipt of the transcript, that the testimony is Confidential and is subject to the provisions of this Agreement. Deposition testimony shall be considered Confidential Information until 15 days have elapsed after receipt of the transcript by the Parties.

6.    Confidential Information shall not be disclosed or made available by the receiving person to persons other than Qualified Persons.    Copies of Confidential Information may be made, or exhibits prepared, by independent copy services, printers or illustrators for the purpose of this Litigation, but all copies continue to be Confidential Information.

7.    Nothing in this Agreement shall prohibit Confidential Information from being disclosed to a witness during a deposition in this Litigation if such disclosure is reasonably necessary for completion of the deposition.    Nevertheless, such witness shall not be allowed to take any document containing Confidential Information outside the room in which the deposition is taking place, and the witness shall be advised that the information is Confidential, shall not be disclosed by him to anyone, and is subject to the terms of this Agreement.

8.    Documents unintentionally produced without designation as "Confidential" may be retroactively designated as Confidential by notice, in writing, to the other Parties. All such documents shall be treated appropriately under the terms of this Agreement from the date written notice of the designation is provided to the receiving party.

9.    All documents to be inspected shall be treated as Confidential during inspection and until copies of such documents are provided to the inspecting party.  At the time of copying for all receiving Parties, all such inspected documents, to be entitled to protection under the Agreement, shall be stamped prominently by the producing party as provided by Paragraph 4 above.

10.    Nothing herein shall prevent any counsel of record in this Litigation, to the extent legally permissible, from utilizing Confidential Information in the examination or cross-examination of any person in this Litigation who is indicated on the document as being an author, source or recipient of the Confidential Information, irrespective of which party produced such information.

11.    A party shall not be obligated to challenge the propriety of a designation as Confidential at the time made, and failure to do so shall not preclude a subsequent challenge thereto.   In the event that any party to this Litigation disagrees at any stage of these

proceedings with the designation of any information as Confidential or with the designation of any person as a Qualified Person, the Parties shall first try to resolve such dispute in good faith on an informal basis, such as production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Agreement by objecting, in writing, to the party who has designated the information as Confidential. The designating party shall move the Court for an order preserving the designated status of such information or Qualified Person within 14 days of receipt of the written objection, and failure to do so shall terminate the status of such information or person. As to any information or Qualified Person for which such a Motion is filed, the information or person shall retain its status until the Court resolves the dispute.

12.     The Parties may, by written signed stipulation, provide for exceptions to this Agreement, and any party may seek an order modifying this Agreement to the extent legally permissible.

13.     To the extent additional parties are added to this Litigation, they shall be subject to this Order unless, by adversary motion, the Court orders otherwise.

14.     The designation of a document as Confidential under the terms of this Agreement will not alter the burden of proof on the issue of confidentiality if such designation is challenged. Instead, the burden of proof will be determined under the applicable law.

15.     Nothing shall be designated as Confidential Information, except information of a sensitive nature, information that is commercially valuable or information that, if disclosed to persons of knowledge in the area, would reveal a trade secret, proprietary information or other financial, technical or business advantages of the designating party or that is protected under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), its progeny and regulations thereunder. Nothing shall be regarded as Confidential Information if it either: (a) is in the public domain at the time of disclosure, as evidenced by a written document; (b) becomes part of the public domain, through no fault of the producing party, as evidenced by a written document; or (c) is lawfully received

4

at a later date by the receiving party from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

16.    No affidavits, briefs, memoranda of law or other paper filed in Court may contain disclosure of any Confidential Information, except as follows.  In the event a party wishes to attach any Confidential Information to any affidavits, briefs, memoranda of law or other papers filed in Court, that party shall file the Confidential documents under seal with a copy of this Order.

17.    Contents of Confidential documents may be disclosed to witnesses at a deposition and the trial of this Litigation, subject to timely objection, who agree to be subject to the provisions of this Agreement, at which time counsel introducing the Confidential document shall indicate on the record that the testimony is confidential and subject to the provisions of this Agreement.  Portions of transcripts containing testimony that has been designated confidential shall be marked "CONFIDENTIAL" and shall be subject to the provisions of this Agreement.

18.    Within 90 days after conclusion of this Litigation and any appeal thereof, any document or material designated Confidential, including all reproductions in the possession of any Qualified Person, shall be returned to the producing party at the expense of the party claiming confidentiality, except as this Court may otherwise order.  As far as the provisions of this Agreement or of any protective order entered in this action restrict the disclosure or use of information, such provisions shall continue to be binding after the conclusion of this Litigation.

19.    Any party designating any person as a Qualified Person, to the extent such persons meets those qualifications as provided in Paragraph 3 above, shall have the duty to reasonably ensure that such person observes the terms of this Agreement and shall be responsible for the failure of any such person to observe the terms of this Agreement.

20.    In the event that any person violates the terms of this Order, he may be determined to be in contempt of Court and subject to any and all fines and penalties available under the law.

21.    If any Party receives a subpoena or order demanding the production of any Material designated hereunder as "Confidential," the Party receiving such subpoena or order shall, within ten (10) days of the receipt of such request and not less than ten (10) days prior to the production of any Confidential Material, notify the Designator of such subpoena or order.

22.    Nothing in this Agreement in any way negates or constitutes a waiver of any legal privilege applicable to the documents or materials previously mentioned, any other objections made in response to plaintiff's or any co-defendant's request for production, or any other documents submitted in the confines of this Litigation.

SO ORDERED this 14th day of March, 2019, Gretna Louisiana.

_____
JUDGE
S/ WILLIAM C. CREDO, III
JUDGE PRO TEMPORE

6

FILED FOR RECORD 04/17/2019 12:41:06
Morgan E. Naquin, DY CLERK
JEFFERSON PARISH

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

P1 8000

STATE OF LOUISIANA

NO.: 788-321                                          DIVISION: "E"

CRESCENT CITY SURGICAL CENTRE

VERSUS

HUMANA HEALTH BENEFIT PLAN OF LOUISIANA, INC., (HUMANA, HUMANA
OF LOUISIANA), HUMANA HEALTH PLAN, INC., AND HUMANA INSURANCE
COMPANY

FILED: _____        _____
                                         DEPUTY CLERK:

**MOTION FOR CONTEMPT AND REQUEST FOR EXPEDITED HEARING**

**NOW INTO COURT,** through undersigned counsel comes, Plaintiff Crescent City

Surgical Centre, who respectfully represents that:

1.

Discovery was propounded by plaintiff to Humana on November 15, 2018, more

than five months ago.  On March 14, 2019, this Honorable Court signed a Judgment

ordering that plaintiff Crescent City Surgical Centre provide names of the Humana

customers who received medical services from Crescent City Surgical Centre at Humana's

direction within fifteen days of the execution of the Protective Order.  (Exhibit A)

2.

Under separate cover of March 20, 2019, undersigned counsel provided the list of

Humana customers who received medical services from Crescent City Surgical Center at

Humana's direction.  (Exhibit B)

3.

Additionally, the March 14, 2019, Judgment of this Honorable Court also ordered

defendants, Humana Health Benefit Plan of Louisiana, Inc., (Humana, Humana of

Louisiana), Humana Health Plan, Inc., and Humana Insurance Company, to answer

Plaintiff's First Set of Interrogatories truthfully and completely, and to respond to

Plaintiff's First Set of Request for Production of Documents, truthfully and completely,

within thirty days of the receipt of the list of Humana customers from Crescent City Surgical Centre.

4.

Defendants' answers to Plaintiff's First Set of Interrogatories and responses to Plaintiff's First Set of Request for Production of Documents are due by April 19, 2019. To date, defendants have failed to provide undersigned counsel with their answers to Plaintiff's First Set of Interrogatories and responses to Plaintiff's First Set of Request for Production of Documents. Defendants are now suggesting a delay in responding to Plaintiff's discovery requests five (5) months after receiving Plaintiff's written discovery.

5.

This matter is set for trial on November 4, 2019. The intentional conduct of Humana is an attempt to prevent the trial from occurring through last minute excuse and delay tactics.

6.

Finally, per this Honorable Court's Judgment executed March 14, 2019, defendants, Humana Health Benefit Plan of Louisiana, Inc. (Humana, Humana of Louisiana), Humana Health Plan, Inc., and Humana Insurance Company, were ordered to schedule and have, the corporate deposition(s) of their corporate representative(s) within thirty (30) days of the receipt of the list of Humana customers from Crescent City Surgical Center.

7.

To date, defendants, Humana, has failed to provide available dates in which to take the deposition(s) of its corporate representative(s).

8.

The information sought and ordered produced through deposition and requested documentation is not only relevant to this matter, but will likely be evidence at the trial on the merits.

9.

Counsel for the defendants have ignored the powers and authority of this Honorable Court, violating this Honorable Court's Judgment of March 14, 2019, by failing to provide

truthful and complete answers to written discovery as well as to provide date(s) in which undersigned counsel may depose defendants' corporate representative(s).

Therefore, plaintiff requests that this Honorable Court order defendants, Humana Health Benefit Plan of Louisiana, Inc., (Humana, Humana of Louisiana), Humana Health Plan, Inc., and Humana Insurance Company, to show cause at an expedited hearing on a date and time to be chosen by this Honorable Court why it should not be held in contempt of Court and why this Honorable Court should not order the defendants' corporate representative to appear to provide truthful and complete testimony before a certified court reporter pursuant to the judgment signed March 14, 2019. Finally, because Humana violated this Honorable Court's order, Plaintiff requests, and is entitled to sanctions, including, but not limited to the striking of Humana's defenses and the costs for the filing of this motion and the costs for conducting the deposition.

Respectfully submitted,

**GIBBY ANDRY, THE ANDRY LAW FIRM, LLC**

**GILBERT V. ANDRY, IV (LSBA # 20056)**
828 Baronne Street
New Orleans, LA 70113
Telephone: (504) 522-1000
Facsimile: (504) 522-8000

And

Thomas J. Capella (LSBA # 22293)
Thomas J. Capella, Attorney at Law, LLC
4928 Jasper Street
Metairie, LA 70006

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing have been served upon all counsel for parties hereto by placing same in the U.S. Mail, properly addressed and postage prepaid this 17th day of April, 2019.

**GILBERT V. ANDRY, IV**

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUSIANA

NO.: 788-321                                                    DIVISION: "E"

CRESCENT CITY SURGICAL CENTRE

VERSUS

HUMANA HEALTH BENEFIT PLAN OF LOUISIANA, INC., (HUMANA, HUMANA
OF LOUISIANA), HUMANA HEALTH PLAN, INC., AND HUMANA INSURANCE
COMPANY

FILED: _____        _____
                                       DEPUTY CLERK:

## RULE TO SHOW CAUSE

Considering the foregoing;

**IT IS HEREBY ORDERED** that Humana Health Benefit Plan of Louisiana, Inc.,

(Humana, Humana of Louisiana), Humana Health Plan, Inc., and Humana Insurance

Company, show cause at an expedited hearing on the _23rd_ day of _May_ ,

2019, at _9:30_ o'clock _a_.m., why it should not be held in contempt of court and why

this Honorable Court should not order Humana Health Benefit Plan of Louisiana, Inc.,

(Humana, Humana of Louisiana), Humana Health Plan, Inc., and Humana Insurance

Company, to appear to produce truthful and complete answers to Plaintiff's First Set of

Interrogatories and truthful and complete responses to Plaintiff's First Set of Request for

Production of Documents, and to provide dates in which Plaintiff may take the corporate

deposition(s) of defendants, Humana Health Benefit Plan of Louisiana, Inc., (Humana,

Humana of Louisiana), Humana Health Plan, Inc., and Humana Insurance Company's

corporate representative(s), pursuant to this Honorable Court's Judgment of March 14,

2019.  Further, Humana should show cause why sanctions, including, but not limited to the

striking of Humana's defenses and the costs for the filing of this motion and the costs for

conducting the deposition should not be awarded.

Gretna, Louisiana this _17th_ day of _April_ , 2019.

_Jauh Brundisi_
**JUDGE**

**PLEASE SEE FOLLOWING PAGE FOR SERVICE INSTRUCTIONS**

**PLEASE SERVE:**

Humana Health Benefit Plan of Louisiana Inc.,
Humana Health Benefit Plan, Inc., and Humana
Insurance Company through its Attorneys of Record:
Craig L. Caesar
201 St. Charles Ave., Ste. 3600
New Orleans, LA  70170

And

Errol J. King
Layna Rush
Daniel P. Guillory
450 Laurel Street
Chase Tower North, 20th Floor
Baton Rouge, LA  70801

# GIBBY ANDRY
## ATTORNEY
### THE ANDRY LAW FIRM

GILBERT V. "GIBBY" ANDRY, IV

FILED FOR RECORD 04/17/2019 12:42:02
Morgan E. Naquin, DY CLERK
JEFFERSON PARISH, LA

PI GR

TELEPHONE: 504-522-1000

FACSIMILE: 504-522-8000

TOLL FREE: 855-88-GIBBY

828 BARONNE STREET   |   NEW ORLEANS   |   LOUISIANA, 70113   |   gandry@gibbyandrylaw.com   |   www.gibbyandrylaw.com

March 20, 2019

Mr. Craig L. Caesar
Baker Donelson Bearman Caldwell &
Berkowitz, PC
201 St. Charles Ave., Ste. 3600
New Orleans, LA  70170

Ms. Layna C. Rush
Mr. Errol J. King, Jr.
Baker Donelson Bearman Caldwell &
Berkowitz, PC
450 Laurel Street, 20th Floor
Baton Rouge, LA  70801

Re:   Crescent City Surgical Centre vs. Humana Health Benefit Plan of
Louisiana, Inc. (Humana, Humana of Louisiana), Humana Health
Plan, Inc., and Humana Insurance Company
24th JDC No.: 788-321, Division: "E"

Dear Counselors:

Pursuant to the attached March 14, 2019 Order, please see attached a list
of the Humana customers who received medical services from Crescent at
Humana's direction.  The list is complete through October 2018 and continues to
grow.  From this day you have thirty (30) days to answer truthfully and completely
the discovery propounded by Crescent to Humana.  Also, please provide the dates
and corporate designees for Humana's corporate deposition so that we may set
same within the next thirty days.

I have attempted to telephone you several times to no avail.  Please call to
discuss, my cell phone number is 504-266-8719.

Kindly acknowledge and advise.

Very truly yours,

GIBBY ANDRY, THE ANDRY LAW FIRM, LLC.

GILBERT V. ANDRY, IV.

GVA, IV/KGF
Attachment

EXHIBIT
B

P1
634

FILED FOR RECORD 03/14/2019 15:20:38
Patricia Gardner, DY CLERK
JEFFERSON PARISH, LA

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUSIANA

NO.: 788-321                                          DIVISION: "E"

CRESCENT CITY SURGICAL CENTRE

FILED FOR RECORD 04/17/2019 12:42:02
Morgan E. Naquin, DY CLERK
JEFFERSON PARISH, LA

VERSUS

P1 512

HUMANA HEALTH BENEFIT PLAN OF LOUISIANA, INC., (HUMANA, HUMANA
OF LOUISIANA), HUMANA HEALTH PLAN, INC., AND HUMANA INSURANCE
COMPANY

FILED: _____        DEPUTY CLERK: _____

## JUDGMENT

This matter came for hearing on Thursday, February 28, 2019 on Plaintiff's Motion

to Compel Written Discovery and Defendants' Motion for Protective Order.

    PRESENT:   Gilbert V. Andry, IV, Esq., Attorney for Plaintiff, Crescent City
               Surgical Centre,

               Michael J. Winsberg, Esq., Attorney for Plaintiff, Crescent City
               Surgical Centre;

               Thomas J. Capella, Esq., Attorney for Plaintiff, Crescent City Surgical
               Centre;

               Layna C. Rush, Esq., Attorney for Defendants, Humana Health
               Benefit Plan of Louisiana, Inc., (Humana, Humana of Louisiana),
               Humana Health Plan, Inc., and Humana Insurance Company; and

               Craig J. Caesar, Esq. Attorney for Defendants, Humana Health
               Benefit Plan of Louisiana, Inc., (Humana, Humana of Louisiana),
               Humana Health Plan, Inc., and Humana Insurance Company;

After considering the foregoing motions, evidence and arguments of counsel:

    IT IS ORDERED, ADJUDGED AND DECREED that plaintiff, Crescent City

Surgical Centre, provide names of the Humana customers who received medical services

from Crescent City Surgical Centre at Humana's direction within fifteen (15) days of the

execution of the Protective Order;

    IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendants,

Humana Health Benefit Plan of Louisiana, Inc., (Humana, Humana of Louisiana), Humana

Health Plan, Inc., and Humana Insurance Company, answer Plaintiff's First Set of

Interrogatories truthfully and completely, and respond to Plaintiff's First Set of Request


EXHIBIT
A

for Production of Documents, truthfully and completely, within thirty (30) days of the receipt of the list of Humana customers from Crescent City Surgical Centre.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that defendants, Humana Health Benefit Plan of Louisiana, Inc., (Humana, Humana of Louisiana), Humana Health Plan, Inc., and Humana Insurance Company, schedule and have set, the corporate deposition(s) of their corporate representative(s) within thirty (30) days of execution of the receipt of the list of Humana customers from Crescent City Surgical Centre.

Signed this _14th_ day of _March_, 2019, in Gretna, Louisiana.

_____
JUDGE

**S/ WILLIAM C. CREDO, III
JUDGE PRO TEMPORE**

A TRUE COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE.
_____
DEPUTY CLERK
24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, LA.

FILED FOR RECORD 03/14/2019 15:20:38
Patricia Gardner, DY CLERK
JEFFERSON PARISH LA

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO.: 788-321                                               DIVISION: "E"

CRESCENT CITY SURGICAL CENTRE

VERSUS

HUMANA HEALTH BENEFIT PLAN OF LOUISIANA, INC., (HUMANA, HUMANA
OF LOUISIANA), HUMANA HEALTH PLAN, INC., AND HUMANA INSURANCE
COMPANY

FILED: _____          _____
                                                        DEPUTY CLERK:

### PROTECTIVE ORDER

**NOW INTO COURT,** through undersigned counsel, come plaintiff, Crescent City

Surgical Centre ("Crescent Hospital"), and defendants, Humana Health Benefit Plan of

Louisiana, Inc., Humana Health Plan, Inc., and Humana Insurance Company, ("Humana"),

(collectively "the Parties") who agree to the following procedures for maintaining the

confidentiality of certain documents to be produced in connection with this proceeding and

information to be disclosed in this proceeding, which agreement is hereby made the order

of this Court.

In consideration of the consent of the Parities, it is hereby **ORDERED,**

**ADJUDGED AND DECREED** that the production and exchange of documents and

information in this Litigation shall be governed by the following terms:

1.    All Confidential information produced or exchanged in the course of this

Litigation shall be used solely for the purpose of preparation and trial of this Litigation and

for no other purpose whatsoever, and shall not be disclosed to any person, except in

accordance with the terms hereof.

2.    "Confidential Information," as used herein, means any information of any

type, kind or character that is designated as "Confidential Information" by any of the

supplying or receiving Parties, whether it be a document , information revealed during a

deposition, information revealed in an interrogatory answer or otherwise.  In designating

information as "Confidential Information," a party shall make such designation only as to

1

that information that it, in good faith, thinks contains confidential information which is based upon good faith factual basis.

3.    "Qualified Persons," as used herein, means:

    (a)    Attorneys identified in the signature block below for the Parties to this Agreement in this Litigation and employees of such attorneys to whom it is necessary that the material be shown for purposes of this Litigation, not any other lawsuits or pending actions, regardless if parties to that action are the same or similar to this Litigation.

    (b)    Actual or potential independent technical experts or consultants in this Litigation, who have agreed to be bound by the terms of this Agreement by signing a form substantially similar to Exhibit A, which shall be kept on file by the attorney retaining the expert of consultant in this Litigation;

    (c)    The Parties to this Agreement or Party representatives.

    (d)    The Court and/or any mediator, settlement judge, or other person appointed, assigned, or engaged by the Parties or the Court to attempt to resolve all or part of the issues on this action; and

    (e)    Any other person designated as a Qualified Person by order of the Court, after notice and hearing to all Parties.

4.    Documents produced in this Litigation may be designated by any party or Parties as Confidential Information by marking each page of the document(s) with a stamp stating "Confidential." In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced.

5.    Information disclosed at a deposition may be designated by any party as Confidential Information by indicating, on the record at the deposition or in writing within 15 days of receipt of the transcript, that the testimony is Confidential and is subject to the provisions of this Agreement. Deposition testimony shall be considered Confidential Information until 15 days have elapsed after receipt of the transcript by the Parties.

2

6. Confidential Information shall not be disclosed or made available by the receiving person to persons other than Qualified Persons. Copies of Confidential Information may be made, or exhibits prepared, by independent copy services, printers or illustrators for the purpose of this Litigation, but all copies continue to be Confidential Information.

7. Nothing in this Agreement shall prohibit Confidential Information from being disclosed to a witness during a deposition in this Litigation if such disclosure is reasonably necessary for completion of the deposition. Nevertheless, such witness shall not be allowed to take any document containing Confidential Information outside the room in which the deposition is taking place, and the witness shall be advised that the information is Confidential, shall not be disclosed by him to anyone, and is subject to the terms of this Agreement.

8. Documents unintentionally produced without designation as "Confidential" may be retroactively designated as Confidential by notice, in writing, to the other Parties. All such documents shall be treated appropriately under the terms of this Agreement from the date written notice of the designation is provided to the receiving party.

9. All documents to be inspected shall be treated as Confidential during inspection and until copies of such documents are provided to the inspecting party. At the time of copying for all receiving Parties, all such inspected documents, to be entitled to protection under the Agreement, shall be stamped prominently by the producing party as provided by Paragraph 4 above.

10. Nothing herein shall prevent any counsel of record in this Litigation, to the extent legally permissible, from utilizing Confidential Information in the examination or cross-examination of any person in this Litigation who is indicated on the document as being an author, source or recipient of the Confidential Information, irrespective of which party produced such information.

11. A party shall not be obligated to challenge the propriety of a designation as Confidential at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this Litigation disagrees at any stage of these

3

proceedings with the designation of any information as Confidential or with the designation of any person as a Qualified Person, the Parties shall first try to resolve such dispute in good faith on an informal basis, such as production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Agreement by objecting, in writing, to the party who has designated the information as Confidential. The designating party shall move the Court for an order preserving the designated status of such information or Qualified Person within 14 days of receipt of the written objection, and failure to do so shall terminate the status of such information or person. As to any information or Qualified Person for which such a Motion is filed, the information or person shall retain its status until the Court resolves the dispute.

12.     The Parties may, by written signed stipulation, provide for exceptions to this Agreement, and any party may seek an order modifying this Agreement to the extent legally permissible.

13.     To the extent additional parties are added to this Litigation, they shall be subject to this Order unless, by adversary motion, the Court orders otherwise.

14.     The designation of a document as Confidential under the terms of this Agreement will not alter the burden of proof on the issue of confidentiality if such designation is challenged. Instead, the burden of proof will be determined under the applicable law.

15.     Nothing shall be designated as Confidential Information, except information of a sensitive nature, information that is commercially valuable or information that, if disclosed to persons of knowledge in the area, would reveal a trade secret, proprietary information or other financial, technical or business advantages of the designating party or that is protected under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), its progeny and regulations thereunder. Nothing shall be regarded as Confidential Information if it either: (a) is in the public domain at the time of disclosure, as evidenced by a written document; (b) becomes part of the public domain, through no fault of the producing party, as evidenced by a written document; or (c) is lawfully received

4

at a later date by the receiving party from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

16. No affidavits, briefs, memoranda of law or other paper filed in Court may contain disclosure of any Confidential Information, except as follows. In the event a party wishes to attach any Confidential Information to any affidavits, briefs, memoranda of law or other papers filed in Court, that party shall file the Confidential documents under seal with a copy of this Order.

17. Contents of Confidential documents may be disclosed to witnesses at a deposition and the trial of this Litigation, subject to timely objection, who agree to be subject to the provisions of this Agreement, at which time counsel introducing the Confidential document shall indicate on the record that the testimony is confidential and subject to the provisions of this Agreement. Portions of transcripts containing testimony that has been designated confidential shall be marked "CONFIDENTIAL" and shall be subject to the provisions of this Agreement.

18. Within 90 days after conclusion of this Litigation and any appeal thereof, any document or material designated Confidential, including all reproductions in the possession of any Qualified Person, shall be returned to the producing party at the expense of the party claiming confidentiality, except as this Court may otherwise order. As far as the provisions of this Agreement or of any protective order entered in this action restrict the disclosure or use of information, such provisions shall continue to be binding after the conclusion of this Litigation.

19. Any party designating any person as a Qualified Person, to the extent such persons meets those qualifications as provided in Paragraph 3 above, shall have the duty to reasonably ensure that such person observes the terms of this Agreement and shall be responsible for the failure of any such person to observe the terms of this Agreement.

20. In the event that any person violates the terms of this Order, he may be determined to be in contempt of Court and subject to any and all fines and penalties available under the law.

21.    If any Party receives a subpoena or order demanding the production of any Material designated hereunder as "Confidential," the Party receiving such subpoena or order shall, within ten (10) days of the receipt of such request and not less than ten (10) days prior to the production of any Confidential Material, notify the Designator of such subpoena or order.

22.    Nothing in this Agreement in any way negates or constitutes a waiver of any legal privilege applicable to the documents or materials previously mentioned, any other objections made in response to plaintiff's or any co-defendant's request for production, or any other documents submitted in the confines of this Litigation.

SO ORDERED this 14th day of March_____, 2019, Gretna Louisiana.

_____
JUDGE
S/ WILLIAM C. CREDO, III
JUDGE PRO TEMPORE

A TRUE COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE
_____
DEPUTY CLERK
24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, LA.

6



GILBERT V. "GIBBY" ANDRY, IV

**ATTORNEY**
THE ANDRY LAW FIRM

TELEPHONE: 504-522-1000

FACSIMILE: 504-522-8000

TOLL FREE: 855-88-GIBBY

828 BARONNE STREET  |  NEW ORLEANS  |  LOUISIANA 70113  |  gandry@gibbyandrylaw.com  |  www.gibbyandrylaw.com

November 15, 2018

**_Via U.S. Mail & E-Mail_**
Errol J. King, Jr.
Layna C. Rush
Baker Donelson Bearman Caldwell
& Berkowitz, PC
450 Laurel Street
20th Floor
Baton Rouge, LA 70801

RE:   Crescent City Surgical Centre v. Humana Health Benefit Plan of Louisiana,
Inc., Humana Health Plan, Inc., and Humana Insurance Company
24th JDC No.: 788-321, Division "E"

Dear Mr. King and Ms. Rush:

Enclosed please find Plaintiff's First Set of Interrogatories and Plaintiff's First Set of Request for Production of Documents which are hereby propounded upon defendants in regards to the above referenced matter. Please respond to same within the time delays allowed by law.

Also enclosed please find plaintiff's Notice of 1441 and 1442 Corporate Video Deposition Notice. Please provide me with dates in which Humana's corporate representative is available for deposition.

Kindly acknowledge and advise.

Very truly yours,

GIBBY ANDRY, THE ANDRY LAW FIRM, LLC

GILBERT V. ANDRY, IV

GVA, IV/kgf
Encls.
Cc:   Thomas Flanagan (via e-mail only)
Thomas Capella (via e-mail only)

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUSIANA

NO.: 788-321                                    DIVISION: "E"

CRESCENT CITY SURGICAL CENTRE

VERSUS

HUMANA HEALTH BENEFIT PLAN OF LOUISIANA, INC., (HUMANA, HUMANA
OF LOUISIANA), HUMANA HEALTH PLAN, INC., AND HUMANA INSURANCE
COMPANY

FILED: _____          _____
                                    DEPUTY CLERK:

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

**TO:   HUMANA HEALTH BENEFIT PLAN OF LOUISIANA, INC.,
       (HUMANA, HUMANA OF LOUISIANA), HUMANA HEALTH PLAN, INC.,
       AND HUMANA INSURANCE COMPANY
       Through their Attorney of Record
       Layna C. Rush
       Baker Donelson Bearman Caldwell & Berkowitz, PC
       Chase North Tower
       450 Laurel Street, 20th Floor
       Baton Rouge, LA 70801**

**NOW INTO COURT,** through undersigned counsel, comes plaintiff, Crescent City

Surgical Centre (hereinafter referred to as "Crescent Hospital"), who propounds this First

Set of Interrogatories upon defendants, Humana Health Benefit Plan of Louisiana, Inc.,

(Humana, Humana of Louisiana), Humana Health Plan, Inc., and Humana Insurance

Company, (hereinafter referred to collectively as "Humana"), to be answered under oath,

within the delays provided by law.

## INTERROGATORY NO. 1:

Please provide the name, address, telephone number, social security number, date

of birth and job description of each and every person who assists in answering these

interrogatories, including a listing of each interrogatory that each person(s) assists in

answering.

1

## INTERROGATORY NO. 2:

Please identify and list each and every witness that you may call at trial, and provide their name, address, telephone number, social security number, date of birth, job description and detailed factual description of the testimony you intend to elicit from each.

## INTERROGATORY NO. 3:

Please list each piece of evidence, whether parole or documentary, that you may introduce at the trial of this matter with particularity, describing in detail each document.

## INTERROGATORY NO. 4:

Please list each expert witness you may call at the trial of this matter with particularity, giving the specialty of the expert and a detailed description of the testimony of each expert.

## INTERROGATORY NO. 5:

If you have any defenses to the claims by plaintiffs, please list each defense, and each fact which supports each defense and each piece of evidence which supports each fact which supports each defense.

## INTERROGATORY NO. 6:

Please list and describe each photograph and video which you have that in any way involves the claims complained of herein, and for each such photograph and/or video, please provide the name, address, telephone number and social security number of the person who took each such photograph and/or video.

## INTERROGATORY NO. 7:

Please list any and all reports submitted or received, statements taken or given, and any other documents generated or received by anyone regarding this lawsuit.

## INTERROGATORY NO. 8:

Please list **any and all** policies of insurance, in full force and effect on the date and at the time of the incident, as well as any umbrella and/or excess policies that would have been in full force and effect during the years 2011 through the present, insurance Humana against the types of negligence complained of herein, up to $100,000,000.00, including the name of the insurer and the amount of insurance provided.

2

**INTERROGATORY NO. 9:**

For any document that you claim privilege in responding to Plaintiff's First Set of Request for Production of Documents, please provide a detailed privilege log, including, but not limited to the full name, address, telephone number, social security number, date of birth and job description of the author of any document withheld; the full name, address, telephone number, social security number, date of birth and job description of the person to whom the document was prepared for and forwarded; and a detailed factual description of the contents of each document withheld, the date the document was generated and the present location of teach document withheld.

**INTERROGATORY NO. 10:**

Please list and describe any and all information regarding the facts surrounding the cause(s) of action involved in this case.

**INTERROGATORY NO. 11:**

Please list and describe any and all information regarding the established Humana in communicating with Crescent Hospital from the time a Humana customer approaches Crescent Hospital for medical services which triggers the initial contact by Crescent Hospital to determine Humana coverage and responsibility for Humana to pay including the out-of-network percentage of responsibility through the providing of medical services by Crescent Hospital to Humana customers through the generation of a medical bill by Crescent Hospital to Humana, through the approval of the appeal of Crescent Hospital to the amount paid by Humana.

**INTERROGATORY NO. 12:**

Please list and describe any and all information regarding any and all agreements between Humana and Ochsner Hospital which indicate and/or evidence the percentage of billed charges Humana pays Ochsner for medical services provided by Ochsner Hospital to Humana customers for the years 2011 through the present date.

3

**INTERROGATORY NO. 13:**

Please list and describe any and all information which involves or indicates the calculation and total amount of money paid to Ochsner Hospital for medical services provided to Humana customers for each year beginning in 2011 through the present date.

**INTERROGATORY NO. 14:**

Please list and describe any and all information which involves or indicates the percentage of billed chares paid by Humana to Ocshner Hospital for medical services provided to Humana customers for each year beginning in 2011 through the present date.

These Interrogatories are to be deemed continuing so as to require supplemental answers under oath, fully and in writing, at any time that additional information may be obtained after answers are filed to these Interrogatories, which would be furnished if the Interrogatories should be continuously.

Respectfully submitted,

GIBBY ANDRY, THE ANDRY LAW FIRM, LLC

GILBERT V. ANDRY, IV (LSBA # 20056)
828 Baronne Street
New Orleans, LA 70113
Telephone: (504) 522-1000
Facsimile: (504) 522-8000

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served upon all counsel for parties hereto by via e-mail, facsimile, and/or United States Mail, properly addressed and postage prepaid this _____ day of December, 2018.

GILBERT V. ANDRY, IV

4

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUSIANA

NO.: 788-321                                    DIVISION: "E"

CRESCENT CITY SURGICAL CENTRE

VERSUS

HUMANA HEALTH BENEFIT PLAN OF LOUISIANA, INC., (HUMANA, HUMANA
OF LOUISIANA), HUMANA HEALTH PLAN, INC., AND HUMANA INSURANCE
COMPANY

FILED: _____        _____
                                        DEPUTY CLERK:

**PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION OF
DOCUMENTS**

TO:   **HUMANA HEALTH BENEFIT PLAN OF LOUISIANA, INC.,
      (HUMANA, HUMANA OF LOUISIANA), HUMANA HEALTH PLAN, INC.,
      AND HUMANA INSURANCE COMPANY
      Through their Attorney of Record
      Layna C. Rush
      Baker Donelson Bearman Caldwell & Berkowitz, PC
      Chase North Tower
      450 Laurel Street, 20th Floor
      Baton Rouge, LA 70801**

      **NOW INTO COURT,** through undersigned counsel, comes plaintiff, Crescent City

Surgical Centre (hereinafter referred to as "Crescent Hospital"), who propounds this First

Set of Request for Production of Documents upon defendants, Humana Health Benefit Plan

of Louisiana, Inc., (Humana, Humana of Louisiana), Humana Health Plan, Inc., and

Humana Insurance Company, (hereinafter referred to collectively as "Humana"), to be

answered under oath, within the delays provided by law.

**REQUEST NO. 1:**

      Please provide certified copies of **any and all** policies of insurance in full force and

effect for the years 2011 through the present, insuring the defendants against the claims

complained of herein, up to $100,000,000.00, including the name of the insurer and the

amount of the insurance provided.

**REQUEST NO. 2:**

      Please produce each piece of evidence which you plan to introduce at the trial of

this matter.

1

**REQUEST NO. 3:**

Please produce each piece of evidence which supports each fact which supports each defense, if any, which defendants have to this claim.

**REQUEST NO. 4:**

Please produce any and all reports or other documents generated by anyone, including but not limited to expert witness reports obtained in regards to this matter.

**REQUEST NO. 5:**

Please produce each video and/or photograph which in any way involves the matter complained of herein.

**REQUEST NO. 6:**

Please produce a copy of each and every statement taken of any witness or of anyone in connection with this matter.

**REQUEST NO. 7:**

Please produce any and all reports or other documents generated by anyone regarding the claims made the basis of this suit.

**REQUEST NO. 8:**

Please produce any and all information regarding each and every witness that you may call at trial, including their name, address, telephone number, social security number, date of birth, job description and a detailed factual description of the testimony you intend to elicit from each.

**REQUEST NO. 9:**

Please produce any and all information regarding each expert witness you may call at the trial of this matter, including the area of expertise of each, as well as a detailed description of the information you intend to elicit from each.

**REQUEST NO. 10:**

Please produce any and all information regarding each and every defense you have to plaintiff's claims and if you claim any defenses, please list each fact which supports each defense and each piece of evidence, whether documentary or parole, which you contend supports each fact which supports each defense.

2

**REQUEST NO. 11:**

Please produce any and all information, facts, and/or evidence which supports of justifies Humana's use of the term "allowable" in determining or explaining how much to pay or not pay Crescent Hospital for medical services provided by Crescent Hospital to Humana customers from 2011 through the present date.

**REQUEST NO. 12:**

Please produce any and all information regarding the use and/or application of Facets in determining what to pay or not pay Crescent Hospital for medical services provided to Humana customers from 2011 through the present date.

**REQUEST NO. 13:**

Please produce any and all information established by Humana in communicating with Crescent Hospital from the time a Humana customer approaches Crescent Hospital for medical services which triggers the initial contact by Crescent Hospital to determine Humana coverage and responsibility for Humana to pay including the out-of-network percentage of responsibility through the providing of medical service by Crescent Hospital to Humana customers through the generation of a medical bill by Crescent Hospital to Humana, through the approval of the appeal of Crescent Hospital to the amount paid by Humana.

**REQUEST NO. 14:**

Please produce any and all information regarding any and all agreements between Humana and Ochsner Hospital which indicate and/or evidence the percentage of billed charges Humana pays Ochsner for medical services provided by Ochsner Hospital to Humana customers for the years 2011 through the present date.

**REQUEST NO 15:**

Please produce any and all information which involves or indicates the calculation and total amount of money paid to Ochsner Hospital for medical services provided to Humana customers for each year beginning in 2011 through the present date.

**RESQUEST NO. 16:**

Please produce any and all information which involves or indicates the percentage of billed charges paid by Humana to Ochsner Hospital for medical services provided to Humana customers for each year beginning in 2011 through the present date.

**REQUEST NO. 17:**

Please produce any and all e-mail correspondence regarding Crescent Hospital generated by or received by Humana from 2011 through 2017.

**REQUEST NO. 18:**

Please produce any and all in-network signed contracts with participating specialty providers with attached rate sheets for each year from 2011 through 2017.

**REQUEST NO. 19:**

Please produce copies of any and all rate sheets attached to each and every in-network specialty hospital from 2011 through the present date.

**REQUEST NO. 20:**

Please produce any and all in-network signed contract with attached rate sheets.

These Request for Production of Documents are to be deemed continuing so as to require supplemental answers under oath, fully and in writing, at any time that additional information may be obtained after answers are filed to these Interrogatories, which would be furnished if the Interrogatories should be continuously.

Respectfully submitted,

GIBBY ANDRY, THE ANDRY LAW FIRM, LLC

GILBERT V. ANDRY, IV (LSBA # 20056)
828 Baronne Street
New Orleans, LA 70113
Telephone: (504) 522-1000
Facsimile: (504) 522-8000

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all counsel for parties hereto by via e-mail, facsimile, and/or United States Mail, properly addressed and postage prepaid this _____ day of December, 2018.

GILBERT V. ANDRY, IV

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUSIANA

NO.: 788-321                                              DIVISION: "E"

CRESCENT CITY SURGICAL CENTRE

VERSUS

HUMANA HEALTH BENEFIT PLAN OF LOUISIANA, INC., (HUMANA, HUMANA
OF LOUISIANA), HUMANA HEALTH PLAN, INC., AND HUMANA INSURANCE
COMPANY

FILED: _____        _____
                                                    DEPUTY CLERK:

**NOTICE OF 1441 AND 1442 CORPORATE VIDEO DEPOSITION OF HUMANA
HEALTH BENEFIT PLAN OF LOUISIANA, INC., (HUMANA, HUMANA OF
LOUISIANA), HUMANA HEALTH PLAN, INC., AND HUMANA INSURANCE
COMPANY**

TO:   **HUMANA HEALTH BENEFIT PLAN OF LOUISIANA, INC.,
      (HUMANA, HUMANA OF LOUISIANA), HUMANA HEALTH PLAN, INC.,
      AND HUMANA INSURANCE COMPANY
      Through their Attorney of Record
      Layna C. Rush
      Baker Donelson Bearman Caldwell & Berkowitz, PC
      Chase North Tower
      450 Laurel Street, 20th Floor
      Baton Rouge, LA 70801**

      **PLEASE TAKE NOTICE** that plaintiff, Crescent City Surgical Centre,

(hereinafter referred to as "Crescent Hospital") by and through undersigned counsel will

take the corporate deposition of Humana Health Benefit Plan of Louisiana, Inc., (Humana,

Humana of Louisiana), Humana Health Plan, Inc., and Humana Insurance Company,

(hereinafter referred to as "Humana"), pursuant to Rules 1441 and 1442 of the Louisiana

Code of Civil Procedure, for all purposes allowed, before a duly qualified court reporter by

stenographer, or videographer, at the offices of Baker Donelson Bearman Caldwell &

Berkowitiz, PC, Chase North Tower, 450 Laurel Street, 20th Floor, Baton Rouge, Louisiana

70801 on the _____ day of _____, 2019 at _____ a.m., and continuing from day

to day until competed, at which time and place you are hereby invited to attend and

participate as you deem appropriate.

      Please take further notice that Humana is required to produce said deposition

individuals of Humana Health Benefit Plan of Louisiana, Inc., (Humana, Humana of

Louisiana), Humana Health Plan, Inc., and Humana Insurance Company, most knowledgeable regarding the information requested in Exhibit "A" attached hereto and to produce the documents and Things identified in Exhibit "B" which is attached hereto.

This notice is deemed to be good and valid until such time as the above witness has been completely deposed.

Respectfully submitted,

**GIBBY ANDRY, THE ANDRY LAW FIRM, LLC**

_____
**GILBERT V. ANDRY, IV (LSBA # 20056)**
828 Baronne Street
New Orleans, LA 70113
Telephone: (504) 522-1000
Facsimile: (504) 522-8000

### CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing has been forwarded to all counsel of record, postage prepaid and properly addressed, by depositing same in the United States Mail on the _____ day of _____, 2018.

_____
GILBERT V. ANDRY, IV

**ATTACHMENT A**

**TO NOTICE OF CORPORATE DEPOSITION HUMANA HEALTH BENEFIT PLAN OF LOUISIANA, INC., (HUMANA, HUMANA OF LOUSIANA), HUMANA HEALTH PLAN, INC., AND HUMANA INSURANCE COMPANY**

Please produce the most knowledgeable corporate representative to give truthful and complete testimony regarding each of the following:

**DEFINITIONS**

1.  "Humana" shall refer to Humana Health Benefit Plan of Louisiana, Inc., (Humana, Humana of Louisiana), Humana Health Plan, Inc., and Humana Insurance Company.
2.  "Crescent Hospital" shall refer to Crescent City Surgical Centre.
3.  "Identify" as to a person means to provide their full name, address, telephone number, business address, and title.

1.  Any and all information regarding the facts surrounding the cause(s) of action involved in this case.

2.  Any and all information regarding each and every witness that you may call at trial, including their name, address, telephone number, social security number, date of birth, job description and a detailed factual description of the testimony you intend to elicit from each.

3.  Any and all information regarding each expert witness you may call at the trial of this matter, including the area of expertise of each, as well as a detailed description of the information you intend to elicit from each.

4.  Any and all information regarding each and every piece of evidence that you may introduce at the trial of this matter, including a detailed factual description of each item.

5.  Any and all information regarding each and every defense you have to plaintiff's claims and if you claim any defenses, please list each fact which supports each defense and each piece of evidence, whether documentary or parole, which you contend supports each fact which supports each defense.

6.  Any and all information, facts, and/or evidence which supports or justifies Humana's use of the term "allowable" in determining or explaining how much to pay or not pay Crescent Hospital for medical services provided by Crescent Hospital to Humana customers from 2011 through the present date.

7.  Any and all information regarding the continuous on-going business relationship between Humana and Crescent Hospital regarding medical services provided by Crescent Hospital to Humana customers from 2011 through the present date.

8.  Any and all information regarding the role and/or conduct of the Humana appeals process involving the use or application of Facets in determining what to pay or not pay Crescent Hospital for medical services provided to Humana customers from 2011 through the present date.

9.  Any and all information regarding the established Humana process and procedure in communicating with Crescent Hospital from the time a Humana customer approaches Crescent Hospital for medical services which triggers the initial contact

by Crescent Hospital to determine Humana coverage and responsibility through the providing of medical services by Crescent Hospital to Humana customers through the generation of a medical bill by Crescent Hospital to Humana, through the approval of the appeal of Crescent Hospital to the amount paid by Humana.

10.   Any and all information regarding any and all agreements between Humana and Ochsner Hospital which indicate and/or evidence the percentage of billed charges Humana pays Ochsner for medical services provided by Ochsner Hospital to Humana customers for the years 2011 through the present date.

11.   Any and all payment analyses which calculate and total the amount of money paid to Ochsner Hospital for medical services provided to Humana customers for each year beginning in 2011 through the present date.

12.   Any and all payment analyses which indicates the percentage of billed charges paid by Humana to Ochsner Hospital for medical services provided to Humana customers for each year beginning in 2011 through the present date.

13.   Any and all information regarding the total amount of premiums collected by Humana each year here in Louisiana from its customers.

14.   Any and all information regarding the amount of monies presently reserved by Humana.

15.   Any and all information regarding the monies given by Humana back to the community for each year from 2011 through the present date.

**ATTACHMENT B**

**TO NOTICE OF CORPORATE DEPOSITION HUMANA HEALTH BENEFIT
PLAN OF LOUISIANA, INC., (HUMANA, HUMANA OF LOUSIANA),
HUMANA HEALTH PLAN, INC., AND HUMANA INSURANCE COMPANY**

Please produce any and all types of documents including, but not limited to all writings, written communication, correspondence, catalogs, forms, records invoices, etc., related to each and every one of the items listed in Attachment "A" hereof.

1. Any and all information regarding the facts surrounding the cause(s) of action involved in this case.

2. Any and all information regarding each and every witness that you may call at trial, including their name, address, telephone number, social security number, date of birth, job description and a detailed factual description of the testimony you intend to elicit from each.

3. Any and all information regarding each expert witness you may call at the trial of this matter, including the area of expertise of each, as well as a detailed description of the information you intend to elicit from each.

4. Any and all information regarding each and every piece of evidence that you may introduce at the trial of this matter, including a detailed factual description of each item.

5. Any and all information regarding each and every defense you have to plaintiff's claims and if you claim any defenses, please list each fact which supports each defense and each piece of evidence, whether documentary or parole, which you contend supports each fact which supports each defense.

6. Any and all information, facts, and/or evidence which supports or justifies Humana's use of the term "allowable" in determining or explaining how much to pay or not pay Crescent Hospital for medical services provided by Crescent Hospital to Humana customers from 2011 through the present date.

7. Any and all information regarding the continuous on-going business relationship between Humana and Crescent Hospital regarding medical services provided by Crescent Hospital to Humana customers from 2011 through the present date.

8. Any and all information regarding the role and/or conduct of the Humana appeals process involving the use or application of Facets in determining what to pay or not pay Crescent Hospital for medical services provided to Humana customers from 2011 through the present date.

9. Any and all information regarding the established Humana process and procedure in communicating with Crescent Hospital from the time a Humana customer approaches Crescent Hospital for medical services which triggers the initial contact by Crescent Hospital to determine Humana coverage and responsibility through the providing of medical services by Crescent Hospital to Humana customers through the generation of a medical bill by Crescent Hospital to Humana, through the approval of the appeal of Crescent Hospital to the amount paid by Humana.

10. Any and all information regarding any and all agreements between Humana and Ochsner Hospital which indicate and/or evidence the percentage of billed charges

Humana pays Ochsner for medical services provided by Ochsner Hospital to Humana customers for the years 2011 through the present date.

11.   Any and all payment analyses which calculate and total the amount of money paid to Ochsner Hospital for medical services provided to Humana customers for each year beginning in 2011 through the present date.

12.   Any and all payment analyses which indicates the percentage of billed charges paid by Humana to Ochsner Hospital for medical services provided to Humana customers for each year beginning in 2011 through the present date.

13.   Any and all information regarding the total amount of premiums collected by Humana each year here in Louisiana from its customers.

14.   Any and all information regarding the amount of monies presently reserved by Humana.

15.   Any and all information regarding the monies given by Humana back to the community for each year from 2011 through the present date.