UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CRESCENT CITY SURGICAL    CIVIL ACTION
CENTRE

VERSUS                    No.: 19-9540

HUMANA HEALTH BENEFIT     SECTION: "J" (5)
PLAN OF LOUISIANA, INC.,
ET AL.

## ORDER & REASONS

Before the Court is a *Motion to Remand* **(Rec. Doc. 4)** filed by Plaintiff Crescent City Surgical Centre ("Crescent") on April 18, 2019. Defendants, Humana Health Benefit Plan of Louisiana, Inc., Humana Health Plan, Inc., and Humana Insurance Company (collectively referred to as "Humana"), filed an opposition response on April 30, 2019 **(Rec. Doc. 10)**. Crescent then filed a reply on May 7, 2019 **(Rec. Doc. 15).** Having considered the briefs, the parties' submissions, the record, and the applicable law, the Court finds, for the reasons expressed below, that the *Motion to Remand* should be **GRANTED.**

## FACTS AND PROCEDURAL BACKGROUND

Crescent initially filed this action on October 5, 2018 in Louisiana's 24th Judicial District in Jefferson Parish. After six months of state court litigation, Humana removed the case to this Court on April 18, 2019.

Crescent is a medical provider in Jefferson Parish. (Rec. Doc. 1-3). Humana is a health insurance company. Crescent's complaint in state court alleged state law claims such as breach of contract, fraud, and negligent misrepresentation. Crescent

repeatedly and exhaustively disclaims any and all potential claims under federal law, as well as any derivative claims it may have on behalf of its clients. *Id*.

All of Crescent's claims arise from the same basic set of facts. Although Crescent is not an "in-network" provider under Humana's insurance plans, it regularly provides medical care to Humana customers. As part of this arrangement, Humana utilizes an online portal at humana.com to confirm coverage and communicate to Crescent the portion of Crescent's patients' medical bill that Humana will pay. Crescent alleges that beginning in 2011 Humana started paying them significantly less than what it represented on the web portal. *Id*.

In its answer, Humana asserted Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.,. preemption as an affirmative defense. *Id* at 32. However, it did not seek to remove until it received patient files from Crescent on March 27, 2019. (Rec. Doc. No. 10 at 3-4). Included in the patient files were copies of "Patient Agreements" that Crescent had executed with its patients. The "Patient Agreements" contained an assignment to Crescent of patients' reimbursement rights under ERISA. Humana used the discovery of the ERISA assignments in the "Patient Agreements" as its basis for removal. *Id*.

## PARTIES' ARGUMENTS

Crescent presents two arguments in support of its *Motion to Remand*. First, Crescent argues that Humana's removal was untimely because it was more than thirty days after the initial complaint in state court. Second, Crescent asserts that

there is no federal question jurisdiction here. Specifically, Crescent refutes Humana's assertion that ERISA preemption gives rise to federal jurisdiction over this matter.

As to Crescent's first argument, Humana counters that its removal was timely, because it removed the case within thirty days of discovering the basis for removal. Furthermore, Humana states that ERISA preemption does apply to Crescent's claims, and therefore federal jurisdiction exists over them.

## LEGAL STANDARD AND DISCUSSION

Crescent seeks remand for lack of subject matter jurisdiction and untimely removal. Because the Court finds it lacks subject matter jurisdiction in this case, it is not necessary to address the issue of timeliness.

*A. Subject Matter Jurisdiction*

Federal District Courts have original subject matter jurisdiction over all cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The existence of such jurisdiction is determined solely by analyzing whether "the Plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life. Ins. Co. v. Taylor*, 481 U.S. 58, 63. Nonetheless, there is an exception to the well-pleaded complaint rule when federal regulation of a discrete area of law is so complaint that "any complaint raising this select group of claims is necessarily federal in character." *Giles v. NYLCare Health Plans, Inc.* 172 F.3d, 332 (5th. Cir. 1999). This results in claim preemption, and all state law claims in this discrete area of law "provide grounds for a district court's exercise of jurisdiction upon removal," regardless of whether the Plaintiff's complaint invoked federal law on its face. *See id.* at 337.

3

ERISA is one such discrete area of law. *McAteer*, 514 F. 3d at 416 ("ERISA provides one such area of complete preemption."). The Supreme Court provided a two-pronged analysis for determining ERISA preemption in *Aetna Health Inc. v. Davilla*, 542 U.S. 200 (2004). A state law claim falls under ERISA preemption if "the individual is entitled to such coverage only because of the terms of the ERISA-regulated employee benefit plan, *and*…no legal duty independent of ERISA or the plan terms is violated." *Id* at 210.[1]

To determine if ERISA preemption exists in this case, this Court finds the approach taken by several other courts in this District to be informative. Whether ERISA preemption applies to third-party party health care provider's claims against out-of-network insurers "depends precisely on what rights the provider seeks to enforce and what it alleges has been breached." *Center for Restorative Breast Surgery, L.L.C. v. Humana Health Benefit Plan of Louisiana, Inc.*, No. 10-4346, 2011 WL 1103760 at *2 (E.D. La. March 22, 2011) (Fallon, J.) (citing *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.,* 591 F.3d 1337, 1346–47 (11th Cir.2009)). Put more precisely, if the health care provider is asserting only claims that arise out of the insurance company's failure to pay a specified reimbursement amount, the claim is not preempted. If, on the other hand, the health care provider's patients' claims are derivative of its patients ERISA claims, and based on the health care provider's status as an assignee, then the claims are subject to ERISA preemption. *Id.*

---

[1] There are two types of ERISA claims. Claims under § 502 and under § 514 of the ERISA statute. 502 claims are claims brought by beneficiaries and participants or their assignees. 514 claims are brought by third-parties. Only claims under 502 are subject to complete ERISA preemption.

Drawing such a distinction can be particularly difficult when the Plaintiff has the option to bring both its own claims based on state law as well derivatively bring its patients claims via an assignment of ERISA rights. What is clear, however, is that the "mere existence of an assignment of the patient's rights under the ERISA plan is jurisdictionally irrelevant so long as the provider is not actually seeking to enforce the derivative claim." *Id. See also Lone Star OB/GYN Assocs. V. Aetna Health Inc*, 579 F.3d 525, 529 n. 3 (5th. Cir. 2009) ("But where the basis of the suit is entirely independent of the ERISA plan, and thus of the plan member, an assignment of benefits from the patient cannot confer standing.); *Intra-Operative Monitoring Svcs., v. Humana Health Benefit Plan of La., Inc.* No. 04-2621, 2005 WL 1155847 (E.D. La. May 5, 2005); *Omega Hosp., L.L.C. v. Healthnow New York, Inc.*, No. CIV.A. 08-1373, 2008 WL 2038933, at * 2 (E.D. La. May 9, 2008) ("While assignments were executed by the designated patients, Plaintiff…is not standing in the shoes of these patients in bringing its state-law claims of detrimental reliance and/or breach of oral contract.").

Here, it is undisputed that Crescent is the assignee of its patients' ERISA benefits, and likely could have brought those derivative claims. It is also undisputed that Crescent engaged in pre-treatment reimbursement verification with Humana via Humana's web portal. Numerous courts have held that a pre-treatment reimbursement verification procedure like the one described is sufficient to give rise to state law claims for negligent representation, breach of contract, and detrimental reliance. *See Omega Hosp., LLC v. United HealthCare Ins. Co.*, No. CIV. A. 15-561,

2015 WL 2041212 at 38 (E.D. La. April 30, 2015) ("Completely separate and apart from the contents of the insurance policy, [Plaintiff's] claims for negligent misrepresentation, breach of contract, and detrimental reliance indicate duties related to the substance of the discussions between when the parties when [Plaintiff] contacted [Defendant] for precertification."); *see also Lone Star*, F.3d at 531 ("claims involving rate disputes involve independent legal duties and thus are not ERISA preempted."); *Center for Restorative Breast Surgery, L.L.C.* 2011 WL 1103760 ("On the other hand, if a health care provider can assert a right to payment based on some separate agreement between itself and an ERISA defendant (such as a provider agreement or an *alleged verification of reimbursement prior to providing medical services*), that direct claim is not completely preempted by ERISA.").

Thus, the analysis should not focus on what claims Crescent could have brought, but rather what claims it chose to assert. Crescent's state court petition is painstakingly clear that it is only asserting its state law claims on its own behalf and not derivatively. Crucially, Crescent specifically states its claims are "not based on any assignment of benefits from its patients," but instead are based on "Humana's solicitation and knowing acceptance of Crescent Hospital's services."[2] Additionally, nothing Humana discovered in the "Patient Agreement" or any other form of discovery indicates Crescent planned to assert derivative claims in the present action.

---

[2] This quote comes from ¶ 32 of Crescent's state court petition (Rec. Doc. 1-3.) Crescent makes similar disclaimers about basing its claims on patients' assignments at ¶ 78. It disavows the bringing of a derivative suit at ¶ 80, and Crescent states it is not bringing any claims on behalf of its patients at ¶ 31, 38, 45, 52, 60, 72, and 76. Crescent's proposed jury charges in state court also expressly disavow any claims based on assignment of rights. It truly was painstakingly thorough disavowing.

Courts have further held the crucial question in situations like the present one is whether the dispute is over the "right to payment, as opposed to the rate of payment." *Memorial Hermann Hospital System v. Aetna Health Inc.*, No. H-11-267 2011 WL 3703770 (S.D. Texas, Aug. 23, 2011). A determination of benefits under the terms of a plan, such as what constitutes a "Covered Service" is a right to payment dispute, as opposed to a rate of payment. *Lone Star, 579 F.3d at 531*. Crescent does not dispute what is or is not a Covered Service. Specifically, in its petition Crescent states, "Crescent Hospital specifically does not seek any coverage determination or finding as to what benefits may be owed/not owed under any insurance policy to or on behalf of its patients." ¶ 72. Rather, Crescent disputes the rate Humana is reimbursing them for clearly defined benefits.

Cases cited by Humana in opposition are inapposite or unpersuasive. The majority of cases cited by Humana merely support the well-settled law that claims brought by health care providers as ERISA benefit assignees are subject to ERISA preemption. These cases, however, do nothing to instruct the Court as to whether Crescent falls into that category of claimant. Humana does cite cases in support of its position that certain pre-service procedures cannot give rise to an independent right of payment. *See Montefiore Med. Center v. Teamsters Local 272*, 642 F.3d 321, 332 (2nd. Cir. 2011); *Bassel v. Aetna Ins. Co. of New York*, 2018 WL 4288635 * 6 (E.D.N.Y. 2018). Nonetheless, the Court finds the decisions from this District holding they can to be more persuasive.

To sum, Crescent is not asserting derivative ERISA claims because it has affirmatively chosen not to do so, as is its right. Instead, Crescent has chosen to assert its own claims rooted in state law, which potentially give rise to legal obligations of Humana independent of ERISA. To the extent Humana's allegations are true, and Crescent is attempting to enforce derivative claims of its patients as assignee in this suit, the Court believes Louisiana state courts are fully capable of limiting Crescent's potential recovery to the claims contained in the petition.[3]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion to Remand* **(Rec. Doc. 4)** is **GRANTED** and the case is hereby **REMANDED** to the 24th Judicial District Court for Jefferson Parish, State of Louisiana.

New Orleans, Louisiana, this 13th day of September, 2019.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[3] Humana is essentially asserting that all of Crescent's state law claims won't succeed based on the facts, and their only claims with a chance of success are the potential claims based on assignment of ERISA rights. This Court does not have jurisdiction over the claims a plaintiff may assert. It is clear on the face of its petition that Crescent is only asserting state law claims. If the communications and interactions between Humana and Crescent were not sufficient to give rise to these state law claims, then Crescent will fail in its suit in state court. That is Crescent's choice.